KEITH R. VERGES
RAYMOND E. WALKER
FIGARI & DAVENPORT, L.L.P.
901 MAIN STREET, SUITE 3400
DALLAS, TEXAS  75202
TEL: (214) 939-2000
FAX: (214) 939-2090
*(ADMITTED PRO HAC VICE)*

SHAWN T. LEUTHOLD
LAW OFFICE OF SHAWN T. LEUTHOLD
1671 THE ALAMEDA #303
SAN JOSE, CALIFORNIA  95126
TELEPHONE: (408) 924-0132
FACSIMILE: (408) 924-0134

*Attorneys for Plaintiffs Brice Yingling*
*d/b/a Alamo Autosports and Andy Scott*

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | | |
|---|---|---|
| BRICE YINGLING D/B/A ALAMO AUTOSPORTS AND ANDY SCOTT, | ) ) ) ) | Case No. 5:09-CV-01733-PVT |
| Plaintiffs, | ) ) | |
| V. | ) ) ) | PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT |
| EBAY, INC., | ) ) | Jury Trial Demanded |
| DEFENDANT. | ) ) ) | |

Plaintiffs Brice Yingling d/b/a Alamo Autosports ("Alamo") and Andy Scott

("Scott"), individually and on behalf of all those similarly situated, bring this action for

damages and injunctive relief and state:

---

**Brice Yingling d/b/a Alamo Autosports and Andy Scott's**
**First Amended Class Action Complaint**                                                    1

## I.  <u>INTRODUCTORY STATEMENT</u>

Plaintiffs bring this case individually and on behalf of all other persons who paid seller fees in excess of those promised and agreed to by eBay Motors, a website wholly-owned and operated by Defendant eBay, Inc., ("eBay").  As more fully described below, eBay Motors has two basic fees, one for listing an item and another in the event of a successful first bid.  eBay Motors has consistently and uniformly charged sellers more for the latter fee than stated on its website.  Plaintiffs seek a declaration construing the web pages that set forth the eBay Motors fees and monetary damages arising from the excessive fees.

## II.  <u>PARTIES</u>

1.      <u>Alamo.</u>    Brice Yingling is an individual residing in Texas and doing business as Alamo. Alamo has been a seller on eBay since approximately 2001.  Alamo is typical of the Class (defined below) insofar as it has been forced to pay fees in excess of those promised and agreed to by eBay Motors.

2.      <u>Scott.</u>    Andy Scott is an individual who resides in Texas.  Scott has been a seller on eBay since approximately 2002.  Scott is typical of the Class insofar as he has been forced to pay fees in excess of those promised and agreed to by eBay Motors.

3.      <u>eBay.</u>    Defendant eBay, Inc. is a Delaware Corporation with its principal office at 2145 Hamilton Avenue, San Jose, California 95125.  eBay may be served through its registered agent, National Registered Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine, California 92606. eBay Motors is, on information and belief, an unincorporated division of eBay.

---

## III.  JURISDICTION AND VENUE

4.     **Subject Matter Jurisdiction.**  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this case is filed as a class action under Fed. R. Civ. P. 23 and the aggregate amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs, and a substantial number of members of the class of Plaintiffs are citizens of a state different from California.

5.     **Venue.**  Venue is proper in this district and division under 28 U.S.C. § 1391(a) because (1) eBay resides in this judicial district; (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and (3) eBay is subject to personal jurisdiction in the Northern District of California.

6.     **Intra-District Assignment: San Jose.**  Pursuant to local Rules 3-2(c) and 3-5(b), a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Santa Clara County, where eBay is located, and this case should be assigned to the San Jose division pursuant to Local Rule 3-2(e).

## IV.  BACKGROUND FACTS

7.     **eBay's Business.**  eBay is an online auction website.  eBay members may list items for sale via auction or fixed-price sale at [www.ebay.com](www.ebay.com).  According to its 2008 Form 10-K, eBay's purpose is to provide "online marketplaces for the sale of goods and services as well as other online commerce or e-commerce," among other things.  eBay had approximately 86.3 million active users at the end of 2008 (*i.e.,* persons who bid on, bought or listed an item during the proceeding 12-month period).

---

8.     **The Distinct eBay Motors Website.**   eBay operates several distinct websites, including eBay.com and eBay Motors.  eBay.com is located at www.ebay.com and generally carries auctions involving non-vehicle related merchandise.  eBay Motors is located at www.motors.ebay.com or www.ebaymotors.com and specializes in the sale of vehicles and vehicle-related merchandise, including vehicle parts and accessories.  eBay Motors has separate and independent web pages setting forth sellers' fees, which fees differ from those at eBay.com.

9.     **eBay Membership and User Agreement.**   In order to list items for sale on either eBay.com or eBay Motors, eBay requires sellers to first become "members" of eBay by accepting the User Agreement located at http://pages.ebay.com/help/policies/user-agreement.html (the "User Agreement").   The User Agreement is a contract of adhesion and its terms are not negotiable by prospective eBay members.  According to the User Agreement, it "describes the terms and conditions applicable to your use of our services available under the domain and sub-domains of www.ebay.com."  eBay states in the User Agreement that it will charge fees to sellers based upon its "Fees schedule," which is hyperlinked to the web page at http://pages.ebay.com/help/sell/fees.html, and which in turn provides another hyperlink to the eBay Motors fee schedule located at http://pages.ebay.com/help/sell/motorfees.html (the "eBay Motors Fee Schedule.")   The User Agreement and the eBay Motors Fee Schedule comprise the operative contractual documents for determining the manner and method of calculating the fees that should be charged to sellers on eBay Motors.  Although the User Agreement provides that the eBay Motors Fee Schedule is subject to

change, eBay agreed that it will provide at least 14 days notice of any fee changes by posting such changes on the website.  For pleading purposes, Plaintiffs incorporate by reference the User Agreement, the eBay Motors Fee Schedule,[1] and all applicable prior versions thereof during the Class Period defined below, so long as the web pages containing the User Agreement and eBay Motors Fee Schedule were readily accessible to Plaintiffs and the proposed Class.

10.    **eBay's Listing Formats.**  At both eBay.com and eBay Motors, sellers can choose to list their goods for sale under either an "Auction-Style Listing Format," or a "Fixed-Price Listing Format."  As of 2008, eBay's Auction-Style Listing Format accounted for approximately fifty-five percent (55%) of its gross merchandise volume ("GMV"); the Fixed-Price Listing Format accounted for the remaining forty-five percent (45%) of eBay's 2008 GMV.  The Auction-Style Listing Format allows the seller to open bidding at a minimum price, with the option to set a reserve price.  The sale goes to the highest bidder at or above the minimum opening price, provided any reserve is met.  The Fixed-Price Listing Format allows buyers and sellers to accelerate the transaction process with a "Buy It Now" price.  The seller sets a "Buy It Now" price and a buyer willing to pay the price can immediately consummate the transaction, rather than waiting for the auction duration to expire.

11.    **eBay.com Seller Fees.**  Throughout the period at issue herein, sellers at eBay's general auction site, eBay.com, have been charged two primary types of fees: an

---

[1]  The eBay Motors Fee Schedule web page sometimes links defined portions of the eBay.com-specific fees pages. Plaintiffs incorporate only the portions of the pages linked that were specifically identified on the eBay Motors Fee

"Insertion Fee" and a "Final Value Fee."  eBay charges the Insertion Fee when a seller initially lists an item on eBay.com.  If the item sells, eBay charges the Final Value Fee. The total cost to a seller for selling an item on eBay.com is the Insertion Fee plus the Final Value Fee.  The Final Value Fee is a percentage of the closing bid price.  Notably, however, and fundamental to this action, *the fees published and agreed to by eBay for successful sales made through eBay Motors were different from the fees charged to sellers on eBay.com during the class period described below.*

12.  **eBay Motors Insertion and Transaction Services Fees.**  Beginning at least as early as 2005, the eBay Motors Fee Schedule established two primary types of fees that could be charged to sellers: an "Insertion Fee" and a "Transaction Services Fee" (the latter being distinct in name, concept, and amount from the eBay.com Final Value Fee charged for sales through the eBay.com site).  These fees are specifically identified and defined by eBay as "Motors Fees" on the eBay Motors Fee Schedule.  eBay charges the Insertion Fee when a seller lists an item on eBay Motors.  Unlike the eBay.com Final Value Fee, which is a percentage of the final bid, the eBay Motors Transaction Services Fee is charged when the *first* bid is made or the seller's reserve price is met.  The eBay Motors Transaction Services Fee also varies depending on the type of item for sale.  eBay Motors Fee Schedule web pages contained no mention of Final Value Fees at all, instead listing only Transaction Services Fees.

Schedule.

13.  **eBay Motors Fee Web Pages.**  On information and belief, eBay regularly reviewed and revised the eBay Motors Fee Schedule web pages, as the available internet archives show many different versions of these pages.  Thus, the drafting by eBay of the eBay Motors Fee Schedule was not accidental, but was deliberate and intentional, especially insofar as the eBay Motors Fee Schedules contained no mention of Final Value Fees, but instead defined and describe only Transaction Services Fees.  The following are verbatim excerpts from some of the eBay Motors Fee Schedules posted by eBay at various times during the years 2005 – 2008:

a.  **Motors Fees as of January 9, 2005**

| Insertion and Transaction Service Fee | | |
|---|---|---|
| Category | Insertion Fee | Transaction Services Fee |
| Passenger Vehicles | **$40.00** | **$40.00** |
| Motorcycles | **$30.00** | **$30.00** |
| Powersports | **$30.00** | **$30.00** |
| Other Vehicles | **$40.00** | **$40.00** |

\*  \*  \*

**Note:** Parts and Accessories Insertion Fees are the same as eBay.com Insertion Fees. [There is no mention of any other fee, including Transaction Services Fee or Final Value Fee, for Parts and Accessories.]

---

**Brice Yingling d/b/a Alamo Autosports and Andy Scott's**
**First Amended Class Action Complaint**                                            7

b.      **Motors Fees as of January 5, 2006**

| Insertion and Transaction Service Fee | | |
|---|---|---|
| Category | Insertion Fee | Transaction Services Fee |
| Passenger Vehicles | **$40.00** | **$40.00** |
| Motorcycles | **$30.00** | **$30.00** |
| Powersports | **$30.00** | **$30.00** |
| Pocket Bikes | **$3.00** | **$3.00** |
| Other Vehicles | **$40.00** | **$40.00** |
| Parts and Accessories | Same as eBay.com Insertion Fees | |

c.      **Motors Fees as of January 4, 2007**

**Insertion and Transaction Service Fee**

| Category | Insertion Fee | Transaction Services Fee |
|---|---|---|
| Passenger Vehicles | **$40.00** | **$40.00** |
| Motorcycles | **$30.00** | **$30.00** |
| Powersports | **$30.00** | **$30.00** |
| Powersports Vehicles Under 50cc | **$3.00** | **$3.00** |
| Other Vehicles | **$40.00** | **$40.00** |
| Parts and Accessories | Same as eBay.com Insertion Fees | Same as eBay.com Insertion Fees |

**14.**    __The October 2008 eBay Motors Fee Changes.__  In approximately October 2008, eBay changed the Motors Fee structure as follows, notably changing the name of the second fee from "Transaction Services Fee" to "Successful Listing Fee":

> The Successful Listing Fee is charged when you receive your first bid on a listing without a reserve price or when your reserve price is met.

*  *  *

**Parts and Accessories: Insertion and Successful Listing Fees**

| Category | Insertion Fee | | Successful Listing Fees |
|---|---|---|---|
| Auction Style | Same as eBay.com Insertion Fees | Same as eBay.com Final Value Fees | |
| Fixed Price | Same as eBay.com Insertion Fees **12.00%** | | **$0.01 - $50.00** |
| | | | **$50.01 - $1,000.00** **9.00%** |
| | | | **$1,000.01 or more** **2.00%** |

The October 2008 fee changes represent the first time the eBay Motors Fee Schedule referenced the Final Value Fee structure from the eBay.com website; this reference applied only to Auction-Style Listings of Parts and Accessories.  However, the Successful Listing Fee for an Auction Style Listing of eBay Motors Parts and Accessories should be calculated from the amount of the first bid (that further exceeds the reserve, if any), not the final bid price.  This is particularly true because the contract and bargain between eBay and sellers allows sellers to minimize their Successful Listing Fees with a small or no reserve.  For example, a seller might list an eBay Motors Part in the hope of getting $100 for it, but also wanting to minimize seller's fees.  The seller could place a reserve of $10, since the Successful Listing Fee should be based on any $10 bid, not the final price at which the Part sells.  In other words, the Seller could take the risk of his or her Part selling at a price under $100 in exchange for a reduced Successful Listing

Fee.  As for Fixed Price Auctions, eBay continued to refrain from using the eBay.com-specific Final Value Fee structure for Parts and Accessories sold on eBay Motors.

**15.    Continuing Overcharges.**  The calculation of Successful Listing Fees for Fixed Price Auctions at eBay Motors continued to differ from the calculation of Final Value Fees at eBay.com even after the October 2008 fee changes.  In particular, eBay Motors continued to use a fee schedule for Successful Listing Fees charged in Fixed Price Auctions of Parts and Accessories that differs from eBay.com.  For merchandise sold through Fixed Price Auctions on eBay.com, the Final Value Fee is based upon a percentage of the closing value, if the item sells.  Moreover, as the sales price increases, the different fee levels are expressly "stacked" or "layered" upon each other such that the total fee is cumulative of each layer of fees.  For example, the following eBay.com schedule describes the Final Value Fees charged as of January 9, 2005:

| Closing Price | Final Value Fee |
|---|---|
| Item not sold | **No Fee** |
| $0.01 – 25.00 | **5.25%** of the closing value |
| $25.01 - $1,000.00 | **5.25%** of the initial $25.00 ($1.31), **plus 2.75%** of the remaining closing value balance ($25.01 to $1,000.00) |
| Over $1,000.01 | **5.25%** of the initial $25.00 ($1.31), **plus 2.75%** of the initial $25.00 - $1,000.00 ($26.81), **plus 1.50%** of the remaining closing value balance ($1,001.01 – closing value) |

Unlike the eBay Motors Successful Listing Fee schedule (*see* ¶ 14 above), the eBay.com Final Value Fee Schedule adds the fee percentages for the lower value layers to the higher layers.  For example, an eBay.com closing value of $100.00 in a Fixed Price

Auction would incur a Final Value Fee of $3.38,[2] ($25.00 x 5.25% + $75.00 x 2.75%). Importantly, this type of "stacked" or "layered" fee structure was not published in the eBay Motors Fee Schedule as being applicable to sales made on eBay Motors[3]. After the October 2008 fee changes, the eBay Motors Fee Schedule provided that Successful Listing Fees in Fixed Price Auctions would be calculated based upon a flat percentage rate applied to the entire sales price, rather than layered as in eBay.com Final Value Fees, although it appears eBay has revised the eBay Motors Fee Schedule recently, perhaps in conjunction with its retirement of the original eBay Motors website in favor of the "New eBay Motors."[4]  In addition, the eBay Motors Successful Listing Fee is based on the first successful bid, not the Final Value.  Nevertheless, eBay Motors has charged the Class members Transaction Services Fees and Successful Listing Fees on a "stacked" or "layered" basis for Fixed Price Listings of Parts and Accessories based on the final price, in contravention of the eBay Motors Fee Schedule.  An example of this overcharge is set forth in ¶ 20 below.

**16.    Summary of Promised and Agreed Motors Fees for Parts and Accessories.**  As set forth more fully above, the Motors Fees web pages have *never* directly provided for Final Value Fees on any sales of Parts and Accessories.  Final Value Fees are specifically identified and defined as fees that appear *only* at eBay.com, not

---

[2]  Actually, the precise arithmetic is $3.375 and Plaintiffs and the Class reserve their rights to determine if eBay properly rounded its fee calculations.

[3] eBay recently revised the eBay Motors Fee Schedule to provide for stacked fees in Fixed Price Auctions of Parts and Accessories, an admission that the prior eBay Motors Fee Schedule was different.

eBay Motors.  Moreover, there was no reference whatsoever (prior to October 2008) on any of the eBay Motors Fees Schedule web pages to the eBay-specific Final Value Fee; instead, the eBay Motors Fee Schedule published only Transaction Services Fees and Successful Listing Fees.  Insofar as Parts and Accessories are concerned, the eBay Motors Transaction Services/Successful Listing Fees were, at various times during the Class Period, clearly and unambiguously defined as being either:

    **a.**    none;

    **b.**    the "same as eBay.com Insertion Fees;" or

    **c.**    from approximately October 2008 to the present:

        **i.**    for Auction-Style Listings, the "same as eBay.com Final Value Fees;" and

        **ii.**    for Fixed Price Listings:

            **(A)**    12% if the sales price is between $.01 - $50.00;

            **(B)**    9.00% if the sales price is between $50.01 - $1,000.00; and

            **(C)**    2.00% if the sales price is $1,001.01 or more.

    **17.**    **eBay Charged Incorrect Fees to Sellers on eBay Motors.**   On information and belief, eBay has consistently failed to properly calculate and charge Transaction Services Fees and Successful Listing Fees in accordance with the eBay

---

[4] eBay has recently changed their fee schedules, which now (for the first time) reflect how eBay has actually been charging fees to eBay Motors customers for parts and accessories.  Accordingly, Plaintiffs are not seeking an order requiring a further change to the fee schedules.

---

Motors Fee Schedule for Parts and Accessories sold through eBay Motors.  This has resulted in significant overcharges of sellers' fees to the Plaintiffs and the Class.

18.     **eBay's Agreements, Policies, and Practices Are Identical for All Class Members.**  All of the foregoing allegations are based entirely upon eBay Motors' published policies from its website and the actual billing experiences of Plaintiffs and other sellers in the Class.  There are no variations whatsoever between and among the agreements with, and representations made to, Plaintiff or any Class member and the eBay pricing structure should be interpreted uniformly as to all Class members.  Moreover, the eBay User Agreement has a California choice of law provision, and therefore California law may be applied to all Class members' claims.

19.     **Examples of Alamo's Typical and Common Experience Selling on eBay Motors Prior to October 2008.**  Alamo has sold hundreds of Parts and Accessories on eBay Motors during the Class Period.  Alamo has used both Auction-Style Listing Formats and Fixed Price Listing Formats.  For the period prior to October 2008, eBay regularly miscalculated and overcharged the fees charged to Alamo for both Auction-Style and Fixed Price Listings.  For example, in January 2008, some of the fees charged by eBay for Parts and Accessories listed at eBay Motors by Alamo are set forth in Exhibit A.  This exhibit contains the item description, final price, type of fee charged, amount of fee, and what the correct fee should have been.  This information is representative of, typical of, and common to all members of the Class and readily repeatable from the computer data maintained by eBay.

**20.    Alamo's Fixed Price Parts and Accessories Fees Commencing in October 2008.**  Even after October 2008, eBay incorrectly named and calculated the Successful Listing Fees for Fixed Price Auctions of Parts and Accessories on eBay Motors.   In its invoices to Alamo, eBay called these fees "Final Value Fees," in contravention of the eBay Motors Fee Schedule.  eBay also overcharged Alamo for these fees.  For example, on October 19, 2008, eBay Motors charged an incorrect "Final Value Fee" on a Fixed Priced Auction (Listing No. 250299904213) of $19.41.  The Fixed Price of the item sold was $199.00, so the Successful Listing Fee should have been nine percent (9%) of $199.00, which is $17.91, meaning that eBay Motors overcharged Alamo by $1.50.  On information and belief, this $1.50 overcharge results from eBay using a layered fee structure in which it charges twelve percent (12%) of the final bid price up to $50.00, plus nine percent (9%) of the final bid price from $50.01 to $1,000.00, rather than the correct flat nine percent (9%) fee on the entire bid price.  The extra three percent (3%) charged on the first $50.00 layer results in a uniform, consistent, typical, and common overcharge of $1.50 on all Successful Listing Fees of Class Members' Fixed Price Auctions of Parts and Accessories with successful bids between $50.01 and $1,000.00.  A similar uniform calculation applies to items sold for $1,000.01 or more.  This calculation is representative of, typical of, and common to all members of the Class and readily repeatable from the computer data maintained by eBay.

**21.    Examples of Scott's Typical and Common Experience Selling on eBay Motors.**  Scott has used eBay Motors entirely for personal purposes as a consumer.  Scott does not have access to, or records of, his charges prior to approximately September

2008. The invoices he has ordinarily received simply contain a monthly total, rather than any details on items and fees. When further delving into the details available at eBay, Scott's records reflect, for example, a "Final Value Fee" of $19.16 charged for Item 280273319735, entitled "S14 BMW Carillo Rods," based on a winning bid of $510.00 in an Auction-Style listing. The eBay invoice provides no detail regarding how this fee was calculated. The Insertion Fee was $4.00, and the Transaction Services Fee should likewise have been $4.00, resulting in an overcharge of $15.16. *See* ¶ 12(c) (Transaction Services Fees are "Same as eBay.com Insertion Fees"). It appears that eBay calculated the Transaction Services Fee by using a "stacked" or "layered" fee of 8.75% of the first $25.00 of the winning bid, and 3.50% of the remaining $485.00 ($25 x 8.75% + $485 x 3.50% = $19.16). This calculation is representative of, typical of, and common to all members of the Class and readily repeatable from the computer data maintained by eBay.

## V. CLASS ACTION ALLEGATIONS

22. **Class Definition.** Plaintiffs bring this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all eBay members who, within the past four (4) years (the "Class Period"), have paid eBay Motors fees denominated as "Final Value Fees," "Transaction Services Fees," and/or "Successful Listing Fees" as sellers in eBay Motors auctions of Parts and Accessories (the "Class"). Specifically included are any persons who paid increased fees prior to the expiration of the minimum 14-day notice required for fee changes under the User Agreement. Excluded from the Class are eBay and its management, officers, and directors, members of each of their immediate families, and any presiding magistrate or district judge and their staff.

23.   **Class Certification.**   This action may be maintained as a class action because:

   **a.**   The Class is so numerous that joinder of all members is impracticable;

   **b.**   There are questions of law or fact common to the Class;

   **c.**   The claims or defenses of the representative parties are typical of the claims or defenses of the Class; and

   **d.**   The representatives of the Class will fairly and adequately protect the interests of the Class.

24.   **Declaratory Relief.**   The Class is properly certifiable pursuant to Rule 23(b)(2) because eBay has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

25.   **Damages Class.**   The Class is properly certifiable pursuant to Rule 23(b)(3) as a damages class because the questions of law and fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Among other things, each Class member's interest in individually controlling the prosecution of the claims herein makes it virtually impossible to assert those claims outside the class action context.   Moreover, there is no other litigation known by the undersigned counsel that asserts claims based on the facts in this controversy. Concentrating litigation in this forum makes sense because it is the location of eBay's

principal office and principal place of business, the forum of eBay's choice under the User Agreement, and because eBay has selected California law under the User Agreement.  Finally, there are no likely difficulties in managing this case as a class action and the Plaintiffs' counsel is experienced in class actions.

26.   **Common Questions.**   The common questions of law and fact include at least the following:

a.   The construction of the agreement between eBay and the Class members;

b.   The eBay Motors fees and method of calculation thereof by eBay as to each Class member;

c.   Whether eBay has breached its agreement and covenant of good faith and fair dealing with each Class member;

d.   Whether eBay has violated California Business & Professional Code § 17200 et. seq.;

e.   Whether the eBay Motors Fee Schedule web pages are an unlawful, unfair, or fraudulent business or practice insofar as they deviate from the fees actually charged;

f.   Whether eBay was unjustly enriched by charging fees in excess of what it agreed to and promised for eBay Motors auctions of Parts and Accessories;

g.   Whether the advertised eBay Motors fees for Parts and Accessories are untrue or misleading;

     **h.**     Whether charges by eBay of fees greater than those advertised for eBay Motors auctions of Part and Accessories were unconscionable and/or unfair; and

     **i.**     The method of calculation of damages for members of the Class.

## VI.  <u>FIRST CAUSE OF ACTION – BREACH OF CONTRACT</u>

**27.**     Plaintiffs re-allege each of the preceding paragraphs as if set forth fully herein.

**28.**     Throughout the Class Period, eBay entered into identical contracts with Plaintiffs and all Class Members setting forth the sellers' fees to be charged in eBay Motors auctions of Parts and Accessories.  As set forth more fully above, the eBay Motors Fee Schedule provided only for Transaction Services and Successful Listing Fees. Plaintiffs and the Class therefore entered into unambiguous contracts with eBay to pay only the certain and defined Transaction Services and Successful Listing Fees set forth in the eBay Motors Fee Schedule.

**29.**     eBay breached its contracts with Plaintiffs and the Class, and its covenant of good faith and fair dealing, by collecting fees in excess of the fees set forth on the eBay Motors Fee Schedule and interfering with the right of Plaintiffs and the Class to receive the benefits under the contracts.  In particular, eBay charged fees derived from the eBay.com-specific Final Value Fees that are not referenced anywhere in the eBay Motors Fee Schedule web pages throughout 2005, 2006, 2007, and the majority of 2008. In addition, although eBay changed its Auction-Style Successful Listing Fee at eBay Motors to reference the eBay.com-specific Final Value Fees in approximately October

---

**Brice Yingling d/b/a Alamo Autosports and Andy Scott's**
**First Amended Class Action Complaint**         **18**

2008, it did not do so for Fixed Price Auctions and eBay has therefore continued to overcharge sellers of Parts and Accessories in Fixed Price Auctions at eBay Motors.

30.     Plaintiffs and the Class in no way agreed or consented to any charges above and beyond those set forth in the eBay Motors Fee Schedule and did not agree to alter, modify, or amend their contracts with eBay.

31.     Alternatively, the User Agreement and eBay Motors Fee Schedules were ambiguous contracts of adhesion that must be construed against their drafter, eBay, and in favor of Plaintiffs and the Class.

32.     Further, any and all provisions of any web page purporting to contradict or alter the terms sets out in the eBay Motors Fee Schedule must be disregarded, construed in favor of Plaintiffs and Class Members, and/or declared unconscionable and unenforceable.

33.     As a direct and proximate result of eBay's breach of contract, and the attendant covenant of good faith and fair dealing, Plaintiffs and the Class have been damaged in an amount easily calculated by taking the difference between the amount of fees actually charged and applying the eBay Motors Fee Schedule applicable at the time of the charge.  The damages are readily calculable from eBay's data and the calculation is common to and typical of all Class members and readily repeatable from the computer data in the possession of eBay.

## VII.  SECOND CAUSE OF ACTION -- UNFAIR COMPETITION

34.     Plaintiffs repeat and re-allege each of the preceding paragraphs, as if set forth fully herein.

35.     The California Business & Professions Code § 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice."  Defendant's policy and practice as to Motors Fees constitutes a "business practice" and is unlawful, unfair, and fraudulent.  eBay represents and promises on the eBay Motors Fee Schedule web pages to charge only Successful Listing Fees or Transaction Services Fees.  However, eBay in fact charges fees for eBay Motors auctions of Parts and Accessories derived from the eBay.com-specific Final Value Fees to its sellers.  eBay only partially remedied this practice in approximately October 2008, and only as to Auction-Style Listings of eBay Motors Parts and Accessories.

36.     eBay's business practices described above as to Motors Fees is unlawful, unfair, and/or fraudulent in that they violate at least the following laws:

    a.     Breach of contract and the duty of good faith and fair dealing.

    b.     eBay's conduct constitutes unjust enrichment insofar as it charged fees in excess of those advertised and agreed to at the eBay Motors Fee Schedule website.

    c.     eBay violated Cal. Bus. & Prof. Code § 17500 because its representations regarding eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees were untrue and misleading, and eBay knew, or by the exercise of reasonable care should have known, that these Motors Fees were untrue or misleading.

**d.** eBay violated Cal. Bus. & Prof. Code § 17500 and/or § 17507 because its representations regarding eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees were misleading and did not clearly and conspicuously state that eBay would instead charge fees derived from the eBay.com-specific Final Value Fees.

**e.** eBay violated Cal. Bus. & Prof. Code § 17507 because its representations regarding eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees were a "bait and switch" tactic and its advertising claims or representations did not clearly and conspicuously identify the prices associated with the different services between eBay.com and eBay Motors.

**f.** eBay Motors violated Cal. Bus. & Prof. Code § 12024.1 because it willfully misrepresented a charge for services rendered on the basis of time, measure or count via its eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees, insofar as eBay actually charged fees premised on a different time, measure and/or count than represented.

**g.** eBay violated Cal. Civ. Code §§ 1572 (actual fraud), 1709 and 1710, because at the time eBay published its eBay Motors Fee Schedules and Plaintiffs and the Class listed items for sale, eBay knowingly, willfully, and/or recklessly made material misrepresentations

regarding the eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees, without any intent to charge the misrepresented fees, and eBay instead intended to charge, and did charge, fees derived from the eBay.com-specific Final Value Fees. eBay engaged in this conduct in order to induce Plaintiffs and Class members to list items for sale and pay the improper fees, and Plaintiffs and the Class reasonably relied on eBay's misrepresentations to their detriment.

h.     eBay violated Cal. Civ. Code § 1670.5 by, among other things, procuring contracts or contract provisions from Plaintiffs and the Class that were unconscionable at the time they were made and further by promising and representing it would charge the Transaction Services and Successful Listing Fees for eBay Motors and instead charging fees derived from the eBay.com-specific Final Value Fee, using both its substantially greater bargaining power and greater knowledge in order to do so.

i.     eBay violated Cal. Civ. Code § 1750 as set forth more fully in ¶ 46 below.

37.     Independently and in addition, eBay's conduct described above is unfair under Cal. Bus. & Prof. Code § 17200 *et seq.* It is fundamentally unfair, contrary to public policy, immoral, unethical, oppressive, unscrupulous, and injurious to Plaintiffs and the Class for eBay to advertise the fees set forth in the eBay Motors Fee Schedule

and then nevertheless charge different and higher fees.  There is no justification or excuse for eBay's practices and/or any such justification is outweighed by the consequences and harm to Plaintiffs and Class members.  In addition, to the extent that eBay attempts to avoid its published eBay Motors Fee Schedule by reference to other web pages or portions of web pages not specifically identified within the eBay Motors Fee Schedule, that conduct is also unfair, unconscionable,  and violates §§ 17200 *et seq.*  In that regard, eBay's conduct constitutes an unfair business practice for the following additional reasons:

    **a.**    The consumer injury resulting from eBay's malfeasance is substantial;

    **b.**    The consumer injury is not outweighed by countervailing benefits to consumers or competition; and

    **c.**    Consumers could not reasonably have avoided the injury caused by eBay's conduct.

    **38.**    Plaintiffs are officers, persons, corporations or associations that have suffered an injury in fact and lost money or property as a result of eBay's violations of Cal. Bus. & Prof. Code § 17200 *et seq.*

    **39.**    eBay's conduct described above violates Cal. Bus. & Prof. Code § 17200 *et seq.* and entitles Plaintiffs and the Class to restitution and injunctive relief.

### VIII.  <u>THIRD CAUSE OF ACTION - FALSE ADVERTISING LAW</u>

    **40.**    Plaintiffs repeat and re-allege each of the preceding paragraphs, as if set forth fully herein.

---

41.     eBay violated Cal. Bus. & Prof. Code § 17500 because its representations regarding eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees were untrue and misleading, and eBay knew, or by the exercise of reasonable care should have known, that these Motors Fees were untrue or misleading.

42.     eBay violated Cal. Bus. & Prof. Code § 17500 and/or § 17507 because its representations regarding eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees were misleading and did not clearly and conspicuously state that eBay would instead charge fees derived from the eBay.com-specific Final Value Fees.

43.     eBay violated Cal. Bus. & Prof. Code § 17507 because its representations regarding eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees were a "bait and switch" tactic and its advertising claims or representations did not clearly and conspicuously identify the prices associated with the different services between eBay.com and eBay Motors.

44.     Plaintiffs are officers, persons, corporations or associations that suffered an injury in fact and lost money as a result of eBay's violation of Cal. Bus. & Prof. Code § 17500 *et seq.*

45.     eBay's conduct described above violates Cal. Bus. & Prof. Code § 17500 *et seq.* and entitles Plaintiffs and the Class to restitution and injunctive relief as provided by Cal. Bus. & Prof. Code § 17535.

## IX.  <u>FOURTH CAUSE OF ACTION –</u>
<u>CONSUMER LEGAL REMEDIES ACT</u>

46.     Plaintiffs repeat and re-allege each of the preceding paragraphs, as if set forth fully herein.

47.     The consumer members of the Class also have causes of action under Cal. Civ. Code § 1750 *et seq.* for unfair methods of competition and unfair or deceptive acts or practices, including, without limitation:

    **a.**     Passing off goods or services as those of another;

    **b.**     Misrepresenting the source, sponsorship, approval, or certification of goods or services;

    **c.**     Misrepresenting the affiliation, connection, or association with, or certification by, another;

    **d.**     Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;

    **e.**     Advertising services with the intent not to sell them as advertised;

    **f.**     Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

    **g.**     Inserting an unconscionable provision in a contract.

48.     Plaintiffs and the Class seek declaratory and injunctive relief set forth more fully below, and after complying with Cal. Civ. Code § 1782 and as provided therein, have amended to seek damages under the Consumer Legal Remedies Act ("CLRA") without limitations, Plaintiffs and the Class seek actual damages, restitution, punitive damages, attorneys' fees and costs and all other relief under § 1780.  Plaintiffs made demand on Defendant.  Defendant changed the description of Motors Fees.  However, Defendant made no offer to compensate Plaintiffs or the Class for any damages, so Defendant has failed to make an appropriate correction under §§ 1782(b), (c).

## X.  FIFTH CAUSE OF ACTION -
## UNJUST ENRICHMENT/COMMON LAW RESTITUTION

49.     Plaintiffs repeat and re-allege each of the preceding paragraphs, as if set forth fully herein.

50.     By charging fees in excess of those promised and agreed to under the eBay Motors Fee Schedule, eBay collected fees in excess of those to which it was contractually or otherwise entitled.  eBay has therefore unlawfully and unjustly enriched itself at the cost of Plaintiffs and the Class.  Plaintiffs and members of the Class therefore seek an order of restitution and disgorgement of all fees eBay collected in excess of those expressly agreed to.

## XI.  SIXTH CAUSE OF ACTION - FRAUD AND DECEIT

51.     Plaintiffs repeat and re-allege each of the preceding paragraphs, as if set forth fully herein.

52.     eBay violated Cal. Civ. Code §§ 1572 (actual fraud), 1709, and 1710, because at the time eBay published its eBay Motors Fee Schedules and Plaintiffs and the Class listed items for sale, eBay knowingly, willfully, and/or recklessly made material misrepresentations regarding the eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees, without any intent to charge the misrepresented fees, and eBay instead intended to charge, and did charge, fees derived from the eBay.com-specific Final Value Fees.  eBay engaged in this conduct in order to induce Plaintiffs and Class members to list items for sale and pay the improper fees, and Plaintiffs and the Class reasonably relied on eBay's misrepresentations to their detriment. Plaintiffs and the Class therefore seek all damages proximately caused by eBay as a result of this wrongful conduct.

## XII.  SEVENTH CAUSE OF ACTION - DECLARATORY JUDGMENT

53.     **Declaratory Relief.**  Pursuant to 28 U.S.C. §§ 2201-2, Plaintiffs and the Class state that an actual controversy with eBay exists and they seek a declaration regarding their rights and other legal relations as follows.

54.     **Contractual Rights.**  Plaintiffs and the Class seek a declaration construing and enforcing the eBay Motors Parts and Accessories Transaction Services Fees and Successful Listing Fees for both Auction-Style and Fixed Price Listings.  Plaintiffs and the Class will rely on the eBay Motors Fees web pages published and amended over time, including those referenced or excerpted in ¶¶ 9 and 12-14 above.  Plaintiffs and the Class

do not have access to all of the pages published at all times during the Class Period, but some of the declaratory relief sought is summarized in ¶ 16 above.

55. **Statutory Rights.** Plaintiffs and the Class seek a declaration that eBay's practice of promising and agreeing to charge Transaction Services Fees and Successful Listing Fees for eBay Motors Parts and Accessories as set forth in the eBay Motors Fee Schedule, while instead charging fees derived from the eBay.com-specific Final Value Fees, is a practice that is unlawful, unfair, unconscionable, fraudulent, and deceptive, in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.,* 17500 *et seq.*, 12024.1, Cal. Civ. Code §§ 1572, 1670.5, 1709, 1710, and 1750 *et seq.*  Plaintiffs and the Class therefore seek a declaration as follows:

a. eBay has engaged in unfair competition, including unlawful, unfair, and fraudulent acts prohibited by Cal. Bus. & Prof. Code § 17200 *et seq.* by publishing and representing the eBay Motors Fee Schedule for Transaction Services of Parts and Accessories listings, and instead charging fees derived from the eBay.com-specific Final Value Fees;

b. eBay's representations regarding eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees constitute False Advertising under Cal. Bus. & Prof. Code § 17500, because the representations are untrue or misleading, and eBay knew or should have known, or by the exercise of reasonable care should have known, that the representations were false or misleading.

c.     eBay's representations regarding eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees violate Cal. Bus. & Prof. Code §§ 17500 and 17507 because the representations did not clearly and conspicuously state that eBay would instead charge fees derived from the eBay.com-specific Final Value Fees.

d.     eBay's representations violated Cal. Bus. & Prof. Code § 17507 because its representations regarding eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees were a "bait and switch" tactic and its advertising claims or representations did not clearly and conspicuously identify the prices associated with the different services between eBay.com and eBay Motors.

e.     eBay's representations regarding eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees violated Cal. Bus. & Prof. Code § 12024.1 because eBay willfully misrepresented a charge for services rendered on the basis of time, measure or count, by advertising eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees insofar as eBay actually charged fees premised on a different time, measure and/or count than represented.

f.     eBay's representations regarding eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees violated Cal. Civ. Code §§ 1572, 1709, and 1710 because at the time eBay published

its eBay Motors Fee Schedules and Plaintiffs and the Class listed items for sale, eBay knowingly, willfully, and/or recklessly made material misrepresentations regarding the eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees, without any intent to charge the misrepresented fees, and eBay instead intended to charge, and did charge, fees derived from the eBay.com-specific Final Value Fees.

g.   eBay violated Cal. Civ. Code § 1670.5 by, among other things, procuring contracts or contract provisions from Plaintiffs and the Class that were unconscionable at the time they were made and further by promising and representing it would charge the Transaction Services and Successful Listing Fees for eBay Motors and instead charging fees derived from the eBay.com-specific Final Value Fee, using both its substantially greater bargaining power and greater knowledge in order to do so.

h.   eBay violated Cal. Civ. Code § 1750 by engaging in unfair methods of competition and unfair or deceptive acts or practices including, without limitation:

   i.   Passing off goods or services as those of another;

   ii.  Misrepresenting the source, sponsorship, approval, or certification of goods or services;

   iii. Misrepresenting the affiliation, connection, or association with, or certification by, another;

iv. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;

v. Advertising services with the intent not to sell them as advertised;

vi. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

vii. Inserting an unconscionable provision in a contract.

i. Any effort by eBay to avoid its published eBay Motors Parts and Accessories Transactions Services and Successful Listing Fees by reference to portions of web pages beyond those specifically referenced in the eBay Motors Fee Schedule is unlawful, deceptive, unfair, unconscionable, fraudulent, and deceptive and therefore an independent violation of the law and ineffective to avoid its obligations to Plaintiffs and the Class.

## XIII.  MISCELLANEOUS

56. **Conditions Precedent.**  Plaintiffs and the Class hereby allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action and/or all such obligations or conditions are excused.

57. **Jury Demand.**  Plaintiffs and the Class demand a trial by jury.

---

## XIV.  <u>PRAYER FOR RELIEF</u>

58.     Plaintiffs, on behalf of themselves and on behalf of the Class, request the following relief:

a.     An order certifying the Class and appointing Plaintiffs as representatives of the Class and the undersigned counsel as Class Counsel;

b.     Declaratory judgment interpreting the eBay Motors Fee Schedules and proper method of calculation of fees for sales of Parts and Accessories, together with declaratory judgment as alleged in ¶ 53-54 above;

c.     Imposition of a constructive trust upon all the monies and assets eBay has acquired as a result of its unfair practices and fees;

d.     Actual damages suffered by Plaintiffs and the Class and/or full restitution of all funds acquired from eBay's unfair business practices, including disgorgement of profits;

e.     Punitive damages, in an amount determined by the Court and/or jury;

f.     Any and all statutory enhanced damages or punitive damages;

g.     All reasonable and necessary attorneys' fees provided for by statute or common law;

h.     Pre- and post-judgment interest; and

---

**Brice Yingling d/b/a Alamo Autosports and Andy Scott's**
**First Amended Class Action Complaint**

    **i.**    All other and further relief, general and special, legal and equitable, to which the Plaintiffs and Class may be justly entitled.

## XV.  <u>CERTIFICATION OF INTERESTED ENTITIES OR PERSONS</u>

**59.**    Pursuant to Civil L.R. 3-16, the undersigned certifies that, as of this date, other than the named parties and the firm of Cooley Godward Kronish, LLP (who represents eBay and negotiated a stipulation to extend the deadline for responding to the Original Class Action Complaint), there is no such interest to report.

Dated: June 15, 2009.

              Respectfully submitted,

              By:/s/ Raymond E. Walker
                 Raymond E. Walker

              Keith R. Verges
              Raymond E. Walker
              FIGARI & DAVENPORT, L.L.P.
              3400 Bank of America Plaza
              901 Main Street
              Dallas, Texas 75202
              Telephone (214) 939-2017
              Facsimile (214) 939-2090
              *ADMITTED PRO HAC VICE*

              Shawn T. Leuthold
              Law Office of Shawn T. Leuthold
              1671 The Alameda #303
              San Jose, California  95126
              Telephone: (408) 924-0132
              Facsimile: (408) 924-0134

              ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record will be served with a copy of this document via the Court's CM/ECF system pursuant to the local rules of this Court, on this 16th day of June 2009.

/s/ Raymond E. Walker
Raymond E. Walker