COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
BENJAMIN F. CHAPMAN (234436) (bchapman@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:     (858) 550-6000
Facsimile:     (858) 550-6420

COOLEY GODWARD KRONISH LLP
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant eBay Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRICE YINGLING D/B/A ALAMO AUTOSPORTS AND ANDY SCOTT,<br><br>               Plaintiffs,<br><br>    v.<br><br>EBAY INC.,<br><br>               Defendant. | Case No.  C 09 01733 JW (PVT)<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EBAY INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(6)**<br><br>Date:       August 31, 2009<br>Time:       9:00 a.m.<br>Judge:     Hon. James Ware<br>Trial Date:  Not yet set |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO.  C 09 01733 JW (PVT)

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ................................................................................... 2

II. FACTUAL BACKGROUND .................................................................... 4

    A. The Parties ...................................................................................... 4

    B. Allegations Related to Plaintiffs' Breach of Contract Claim ................................. 4

    C. Allegations Related to Plaintiffs' Fraud-Based Claims ......................... 5

    D. Plaintiffs' Additional Claims ............................................................ 7

III. LEGAL STANDARDS............................................................................ 7

IV. PLAINTIFFS' PRE-OCTOBER 2008 CLAIMS FAIL IN THEIR ENTIRETY ............. 8

    A. The Court Should Consider All Of The Web Pages Comprising The Contract ........ 8

    B. eBay's Specific Disclosure That Final Value Fees Apply To Parts And Accessories Dooms Plaintiffs' Pre-October 2008 Claims As A Matter of Law.......................... 9

    C. Even Ignoring eBay's Disclosures, Plaintiffs' Allegations Do Not Support Their Effort To Avoid Final Value Fees ................................... 10

V. PLAINTIFFS' FRAUD-BASED CLAIMS  SHOULD BE DISMISSED FOR ALL TIME PERIODS ............................................................................... 11

    A. Rule 9(b)'s Heightened Pleading Standard Applies To All Of Plaintiffs' Fraud-Based Claims, Including The UCL, FAL, And CLRA Claims ................. 11

    B. Plaintiffs Do Not Allege That They Ever Saw Or Relied On The Allegedly Misleading Fee Schedules .............................................. 13

VI. PLAINTIFFS' CLRA, FRAUD, AND UCL CLAIMS ALSO FAIL FOR ADDITIONAL REASONS........................................................................ 14

    A. Plaintiff Alamo's CLRA Claim Must Be Dismissed Because It Is Not A "Consumer" Under The CLRA............................................. 14

    B. Plaintiffs' Sixth Cause Of Action For Fraud And Deceit Should Be Dismissed Because It Is Simply A Restatement Of The Breach Of Contract Claim ..................... 15

    Plaintiffs' UCL Claims Should Be Dismissed. ....................................... 16

        1. Plaintiffs Fail To Allege Any "Unfair" Business Practice...................... 16

        2. None Of Plaintiffs' Long List Of Alleged Violations Of Law Support A Viable Unlawful UCL Claim...................................... 16

VII. PLAINTIFFS' UNJUST ENRICHMENT CLAIM (FIFTH CAUSE OF ACTION) FAILS........................................................................................ 19

VIII. THERE IS NO BASIS FOR PLAINTIFFS' DECLARATORY JUDGMENT CLAIM ..................................................................................... 20

IX. CONCLUSION .................................................................................... 21

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

i.

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO.  C 09 01733 JW (PVT)

3

## CASES

4

*Accuimage Diagnostics Corp. v. Terarecon, Inc.*
  260 F. Supp. 2d 941 (N.D. Cal. 2003) ................................................................. 17

5

*Ashcroft v. Iqbal*
  129 S. Ct. 1937 (2009) ..................................................................... 7, 14, 18

6

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ........................................................................................ 7

7

*Branch v. Tunnell*
  14 F.3d 449 (9th Cir. 1994) ............................................................................ 8

8

*Buckland v. Threshold Enters., Ltd.*
  155 Cal. App. 4th 798 (2007) ...................................................................... 13

9

*Clark v. Caln Township*
  Civ. A. No. 90-1551, 1991 WL 86911, *6 (E.D. Pa. May 20, 1991) ................... 21

10

*Daugherty v. Am. Honda Motor Co. Inc.*
  144 Cal. App. 4th 824 (2006) ...................................................................... 16

11

*eCash Techs., Inc. v. Guagliardo*
  210 F. Supp. 2d 1138 (C.D. Cal. 2001) ....................................................... 21

12

*Fireman's Fund Ins. Co. v. Ignacio*
  860 F.2d 353 (9th Cir. 1988) ........................................................................ 20

13

*GA Escrow, LLC v. Autonomy Corp PLC*
  No. C 08-01784 SI, 2008 WL 4848036, *6-*7 (N.D. Cal. Nov. 7, 2008) ........... 19

14

*Galbraith v. County of Santa Clara*
  307 F.3d 1119 (9th Cir. 2002) ....................................................................... 8

15

*Gerlinger v. Amazon.com*
  311 F. Supp. 2d 838 (N.D. Cal. 2004) ......................................................... 19

16

*Great Lakes Reinsurance PLC v. TLU Ltd.*
  No. 07-61259-CIV, 2008 WL 828122, *1 (S.D. Fla. Mar. 27, 2008) ................ 20

17

*Hartless v. Clorox Co.*
  No. 06CV2705 JAH(CAB), 2007 WL 3245260, *3 (S.D. Cal. Nov. 2, 2007) ...... 17

18

*Hisamatsu v. Niroula*
  No. C 07-04371 JSW, 2009 WL 890903, *10 (N.D. Cal. Mar. 31, 2009) .......... 19

19

*In re Tobacco II Cases*
  46 Cal. 4th 298 (2009) ........................................................................... 13, 16

20

*Intelligraphics, Inc. v. Marvell Semiconductor, Inc.*
  No. C07-02499 JCS, 2009 WL 330259, *15 (N.D. Cal. Feb. 10, 2009) ........... 15

21

*Janda v. T-Mobile, USA, Inc.*
  No. C 05-03729 JSW, 2009 WL 667206, *9 (N.D. Cal. Mar. 13, 2009) ... 9, 11, 12, 13, 16, 17

22

*Kaufman & Broad-S. Bay v. Unisys Corp.*
  822 F. Supp. 1468 (N.D. Cal. 1993) ............................................................. 8

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO.  C 09 01733 JW (PVT)

*Kearns v. Ford Motor Co.*
567 F.3d 1120 (9th Cir. 2009) ................................................................. 11, 12, 13

*Kinghorn v. Citibank, N.A.*
No. C 97-3111 FMS, 1999 WL 30534, *7 (N.D. Cal. Jan. 20, 1999) .................................. 20

*Laster v. T-Mobile USA, Inc.*
407 F. Supp. 2d 1181 (S.D. Cal. 2005) ........................................................... 13

*Lazar v. Hertz Corp.*
143 Cal. App. 3d 128 (1983) ......................................................................... 15

*Mazur v. eBay Inc.*
No. C 07-03967 MHP, 2009 WL 1203937, *5 (N.D. Cal. May 5, 2009) ............................... 14

*Meinhold v. Sprint Spectrum, L.P.*
No. CIV, S-07-00456 FCD EFB, 2007 WL 1456141, *5-*6 (E.D. Cal. May 16,
2007) ........................................................................................... 11, 12

*Melchior v. New Line Prods, Inc.*
106 Cal. App. 4th 779 (2003) ......................................................................... 19

*Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.*
No. CIV. 08-cv-00547 FCD DAD, 2009 WL 1505306, *8-*9 (E.D. Cal. May
27, 2009) ......................................................................................... 15

*Navarro v. Block*
250 F.3d 729 (9th Cir. 2001) .......................................................................... 7

*Neu v. Terminix Int'l, Inc.*
No. C 07-6472 CW, 2008 WL 962096, *5-6 (N.D. Cal. Apr. 8, 2008) ............................... 11

*Oestreicher v. Alienware Corp.*
544 F. Supp. 2d 964 (N.D. Cal. 2008) ............................................................. 11

*Olagues v. Russoniello*
770 F.2d 791 (9th Cir. 1985) .......................................................................... 20

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*
96 F.3d 1151 (9th Cir. 1996) ......................................................................... 19

*Parrish v. Nat'l Football League Players Assoc.*
534 F. Supp. 2d 1081 (N.D. Cal. 2007) ........................................................... 13

*Ralph's Grocery Co. v. Cal. Dep't of Food and Agric.,*
110 Cal. App. 4th 694 (2003) ......................................................................... 17

*Robinson Helicopter Co., Inc. v. Dana Corp.*
34 Cal. 4th 979 (2004) ............................................................................... 15

*Saunders v. Super. Ct.*
27 Cal. App. 4th 832 (1994) .......................................................................... 17

*SBA Commc'ns, Inc. v. Zoning Comm'n of Town of Brookfield*
96 F. Supp. 2d 139 (D. Conn. 2000) ............................................................... 20

*Smale v. Cellco P'ship*
547 F. Supp. 2d 1181 (W.D. Wash. 2008) .......................................................... 9

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

iii.

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO. C 09 01733 JW (PVT)

*Spiegler v. Home Depot U.S.A., Inc.*
   552 F. Supp. 2d 1036 (C.D. Cal. 2008) ................................................................. 16

*Sprewell v. Golden State Warriors*
   266 F.3d 979 (9th Cir. 2001) ................................................................................. 14

*Strickrath v. Globalstar, Inc.*
   527 F. Supp. 2d 992 (N.D. Cal. 2007) ............................................................ 13, 14

*Swanson v. USProtect Corp.*
   No. C 05-602 JF (HRL), 2007 WL 1394485, *5 (N.D. Cal. May 10, 2007) ........................ 19

*Vess v. Ciba-Geigy Corp. USA*
   317 F.3d 1097 (9th Cir. 2003) ............................................................................... 11

## STATUTES

Cal. Bus. & Prof. Code § 12024.1 ................................................................................ 17

Cal. Civ. Code § 1572 .................................................................................................... 17

   § 1670.5 ................................................................................................................. 17, 18

   § 1670.5(a) ................................................................................................................ 18

   § 1709 ......................................................................................................................... 17

   § 1710 ......................................................................................................................... 17

   § 1761(d) ..................................................................................................................... 14

Fed. R. Civ. P. 9(b) .......................................................................................... 1, 3, 11, 12, 13

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

iv.

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO.  C 09 01733 JW (PVT)

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on Monday, August 31, 2009 at 9:00 a.m., or as soon thereafter as this motion may be heard, Defendant eBay Inc. ("eBay") will move to dismiss Plaintiffs' First Amended Complaint ("FAC"). This motion is made under Federal Rule of Civil Procedure 12(b)(6) on the basis that each cause of action in the FAC fails to state a claim upon which relief can be granted. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, and Declaration of Matthew McDonald ("McDonald Decl."), the pleadings on file, oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing on the motion.

# STATEMENT OF ISSUES TO BE DECIDED

**1.     All claims for pre-October 2008 conduct**: Whether Plaintiffs' pre-October 2008 claims based on eBay's alleged improper charging of "Final Value Fees" for the sale of vehicle parts and accessories should be dismissed because eBay specifically disclosed that "[t]he parts category in eBay Motors uses the Final Value Fee structure."

**2.     All fraud-based claims for all time periods:**

**(a)**     Whether Plaintiffs' Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), Consumer Legal Remedies Act ("CLRA"), and common law fraud and deceit claims meet the heightened pleading requirements under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") where Plaintiffs do not allege that they ever saw the purported misrepresentations.

**(b)**     Whether Plaintiffs' UCL, FAL, CLRA, and common law fraud and deceit claims should be dismissed because Plaintiffs fail to allege that they relied on the purported misrepresentations.

**3.     CLRA claim as to Plaintiff Yingling**: Whether Plaintiffs' CLRA claims should be dismissed as to Plaintiff Yingling, doing business as Alamo Autosports ("Alamo"), because Alamo is not a consumer and sells parts and accessories on eBay as part of its business.

**4.     Common-law fraud claim for all time periods:** Whether Plaintiffs' sixth cause of action for fraud and deceit should be dismissed because it is based entirely on the same

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO. C 09 01733 JW (PVT)

allegations and seeks the same damages as Plaintiffs' breach of contract claim.

**5.    UCL claim for all time periods:** Whether Plaintiffs "unlawful" and "unfair" UCL claims should be dismissed because the conduct at issue does not violate any statutory provision and is consistent with the parties' contract.

**6.    Unjust enrichment claim for all time periods**: Whether Plaintiffs' fifth cause of action for unjust enrichment should be dismissed because Plaintiffs simultaneously allege an express contract.

**7.    Declaratory relief claim:** Whether the Court should exercise its discretion to dismiss Plaintiffs' seventh cause of action for declaratory judgment because it merely reiterates Plaintiffs' other claims for past damages.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

eBay files this Motion to address Plaintiffs' blatant over-reaching in alleging claims that are deficient as a matter of law.  While the FAC is riddled with various pleading defects, the most critical issues are:  (i) Plaintiffs' failure to disclose a directly relevant web page that is fatal to all of their pre-October 2008 claims (including, most notably, their breach of contract claim);  and (ii) the complete omission of any allegation that Plaintiffs ever saw or relied on the alleged misrepresentations that are the basis of their various fraud-based claims.

Plaintiffs' claims arise out of the fees they incurred for selling vehicle parts and accessories on eBay.  Plaintiffs are longtime sellers on eBay.  Plaintiff Alamo has sold on eBay for its business since 2001; Plaintiff Scott has sold since 2002.  Plaintiffs acknowledge that they received (and paid) regular invoices from eBay setting forth the specific fees eBay charged Plaintiffs for their parts and accessories' sales on eBay, including the "Final Value Fees" that are the subject of the FAC.  Despite receiving (and paying) these invoices for years, Plaintiffs now claim they were somehow duped into paying Final Value Fees and other seller fees that they purportedly never expected.  Against this factual backdrop, Plaintiffs' efforts to manufacture claims against eBay fail for multiple reasons.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO.  C 09 01733 JW (PVT)

**First**, with respect to the pre-October 2008 time period, Plaintiffs allege that eBay improperly charged them Final Value Fees, which they acknowledge are part of the standard fee schedule for sales on eBay. Plaintiffs allege that parts and accessories are exempt from these standard Final Value Fees. But Plaintiffs fail to apprise the Court of a web page, incorporated as part of the parties' contract, specifically stating that "[t]he parts category in eBay Motors uses the Final Value Fee structure." Given this unambiguous disclosure, Plaintiffs cannot impose liability on eBay under any theory for simply doing what it said it would do in charging Final Value Fees on the sale of parts and accessories. Thus, all of Plaintiffs' pre-October 2008 claims, which are premised entirely on eBay's collection of Final Value Fees, fail as a matter of law.

**Second**, Plaintiffs' UCL, FAL, CLRA, and fraud claims are all based on allegations that eBay engaged in a uniform course of fraudulent conduct by misrepresenting the fees charged for sale of parts and accessories. These allegations require Plaintiff to plead their fraud-based claims with particularity as required under Rule 9(b). But Plaintiffs fail to meet this standard because they do not allege any of the required details as to which alleged misstatements they saw and when they may have seen them. In fact, Plaintiffs do not allege that they ever saw the purported misrepresentations at all. This glaring omission highlights Plaintiffs' additional failure to allege that they relied on the alleged misrepresentations to their detriment, as required for all of their fraud-based claims.

Moreover, Plaintiffs should not be given leave to amend their FAC to allege reliance because they cannot plausibly allege that they were induced to believe that Final Value Fees would not apply, when Plaintiffs sold parts and accessories on eBay for years and received detailed invoices noting the "type of fee charged" and the "amount" of fees paid to eBay in connection with the sale of vehicle parts and accessories. (FAC, ¶ 19; Exh. A). Given these allegations, all of Plaintiffs' fraud-based claims should be dismissed with prejudice (for all time periods at issue in the Complaint).

**Third**, Plaintiffs' CLRA, fraud, "unlawful" and "unfair" UCL, unjust enrichment, and declaratory judgment claims are all defective for additional independent reasons.

For the reasons discussed herein, eBay respectfully requests that the Court dismiss all of

Plaintiffs' claims with the exception of Plaintiffs' breach of contract claim for the limited period after October 2008.

## II.  FACTUAL BACKGROUND

### A.  The Parties.

eBay is an "online marketplace[] for the sale of goods and services," including parts and accessories for vehicles. (*Id*. at ¶¶ 7-8). Plaintiffs allege that eBay maintains a separate eBay Motors website for the sale of vehicles and accessories. (*Id*. at ¶ 8). But as Plaintiffs concede, eBay Motors is simply a "sub-domain" of eBay.com, not unlike many other sections within eBay for the sale of tickets, computers, etc. (*Id*. at ¶ 9).

Plaintiff Andy Scott is an individual who has sold parts and accessories on eBay "since approximately 2002." (*Id*. at ¶ 2). Plaintiff Brice Yingling is an individual doing business as Alamo. (*Id*. at ¶ 1). "Alamo has been a seller on eBay since approximately 2001" (*id*.), and "has sold hundreds of Parts and Accessories on eBay Motors during the Class Period." (*Id*. at ¶ 19).

### B.  Allegations Related to Plaintiffs' Breach of Contract Claim.

The relationship between eBay and its sellers, including Plaintiffs, is governed by a User Agreement, which specifies that eBay will charge certain fees for sales of items on the various sections of eBay.com. (*Id*. at ¶ 9). This master User Agreement applies regardless of the items sold. (*Id*.) The basic eBay fee schedule specifies that eBay will charge sellers a Final Value Fee, which is a percentage of the final sale price for a product. (*Id*. at ¶ 11). For certain specific categories of items, there are additional or different fees that may apply as compared to the standard eBay fees. (*Id*. at ¶ 9). One of these categories is the eBay Motors section of eBay, for which there are certain specialized fees. (*Id*.)

Plaintiffs allege that sales of vehicle parts and accessories are governed by the eBay Motors fee schedule, which provides for an "Insertion Fee" and a "Transaction Services Fee." (*Id*. at ¶ 12). Plaintiffs' claims relate to the latter "Transaction Services Fee" and can be divided into two distinct time periods:  pre-October 2008 and post-October 2008. (*Id*. at ¶ 16).[1] With

---

[1] Paragraph 16 of the FAC plainly delineates between the pre-October 2008 and post-October 2008 periods. With respect to the post-October 2008 period, Plaintiffs do not complain about Final Value Fees

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO.  C 09 01733 JW (PVT)

regards to the pre-October 2008 period, Plaintiffs allege that eBay did not charge the "Transaction Services Fee" but instead charged "Final Value Fees," which Plaintiffs claim do not apply to the sale of parts and accessories. (*Id.* at ¶¶ 13, 16).[2]

To support their claims, Plaintiffs rely on the eBay.com web page that explains the various seller fees at http://pages.ebay.com/help/sell/fees.html (the "Seller Fees Help Page"). (*Id.* at ¶ 9). However, Plaintiffs omit entirely from the FAC that this web page contains a direct link to another web page at http://pages.ebay.com/help/sell/fvf.html (the "Final Value Fees Page") that specifically states that Final Value Fees will apply to vehicle parts and accessories. The Final Value Fees Page states in unambiguous terms that "[t]he parts category in eBay Motors uses the Final Value Fee structure." (McDonald Decl., Exhs. A-D). This explicit disclosure was in place for each of the different versions of the fee schedules that Plaintiffs rely on in the FAC (1/9/05, 1/5/06, 1/4/07 and 9/1/08). (*Id.*) As discussed further below, the Court can properly consider these web pages because they are part of the overall contract on which Plaintiffs' claims are based.

### C. Allegations Related to Plaintiffs' Fraud-Based Claims.

As detailed in the chart below, Plaintiffs' UCL, FAL, CLRA, and common law fraud and deceit claims are all based on allegations that eBay engaged in a course of fraudulent conduct by misrepresenting the fees charged to sellers for the sale of parts and accessories:

///

///

///

///

---

and focus their allegations instead on separate issues pertaining to the calculation of the "Successful Listing Fee," which Plaintiffs allege was first introduced in October 2008. (*See* FAC ¶¶ 14, 16.) eBay adopts Plaintiffs' characterization of the distinct time periods at issue for the purpose of this Motion.

[2] This Court can dismiss Plaintiffs' contract claim as it relates to the pre-October 2008 period without addressing the post-October 2008 allegations because the pre-October 2008 allegations are based on discrete versions of the agreements between the parties, and thus constitute independent contract claims subject to separate consideration on a motion to dismiss. In the alternative, eBay requests that the Court strike all references to the pre-October 2008 contract allegations premised on Final Value Fees. *See* F.R.C.P. 12(f). While Plaintiffs' post-October 2008 breach of contract claims also lack merit, eBay will address these claims at the appropriate stage.

| CLAIM | SUPPORTING ALLEGATIONS |
|---|---|
| **UCL**<br><br>(second cause of action) | eBay:<br><br>• engaged in business practices that were "unlawful, unfair, and *fraudulent*" (FAC, ¶ 35) (emphasis added);<br><br>• made "representations regarding the eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees" that were "untrue" and "misleading" (*id*. at ¶¶ 36 (c), (d));<br><br>• "willfully misrepresented a charge for services" (*id*. at ¶ 36(e));<br><br>• "made material misrepresentations regarding the eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees, without any intent to charge the misrepresented fees" (*id*. at ¶ 36(g));<br><br>• "promis[ed] and represent[ed] it would charge the Transaction Services and Successful Listing Fees for eBay Motors and instead charg[ed] fees derived from the eBay.com-specific Final Value Fee" (*id*. at ¶ 36(h));<br><br>• "advertise[d] the fees set forth in the eBay Motors Fee Schedule and then nevertheless charge[d] different and higher fees." (*Id*. at ¶ 37). |
| **FAL**<br><br>(third cause of action) | • eBay made "representations regarding eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees [that] were untrue and misleading." (*Id*. at ¶ 40). |
| **CLRA**<br><br>(fourth cause of action) | eBay:<br><br>• made "misrepresentations" (*id*. at ¶ 46(b), (c), (d), and (f));<br><br>• "[a]dvertis[ed] services with the intent not to sell them as advertised." (*Id*. at ¶ 46(e)). |
| **Fraud**<br><br>(sixth cause of action) | eBay "made material misrepresentations regarding the eBay Motors Parts and Accessories Transaction Services and Successful Listing Fees." (*Id*. at ¶ 51). |

Plaintiffs do not specifically allege that they saw or relied on the alleged misleading statements that are the basis of these fraud claims.  Moreover, Plaintiffs acknowledge that Alamo received detailed invoices noting the "type of fee charged," and the "amount" of the fee Alamo

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

paid to eBay for selling parts and accessories. (*Id*. at ¶ 19; Exh. A). Alamo alleges that these invoices on their face "miscalculated and overcharged the fees charged to Alamo for both Auction-Style and Fixed Price Listings." (*Id*.) Despite receiving these invoices for several years detailing the alleged overcharges, Plaintiffs continued to sell parts and accessories on eBay Motors. (*Id*.)

### D. Plaintiffs' Additional Claims.

The FAC also contains claims for: (i) unjust enrichment (seeking restitution and disgorgement of fees collected "in excess of those to which [eBay] was contractually or otherwise entitled" (*id*. at ¶ 50)); and (ii) declaratory judgment (declaring all of its claims valid). (*Id*. at ¶¶ 54-55). Significantly, Plaintiffs concede eBay's current fee schedules are accurate and that they "are not seeking an order requiring a further change to the fee schedules." (*Id*. at fn. 4).[3]

## III. LEGAL STANDARDS

This Court may dismiss a claim when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). As the United States Supreme Court emphasized, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). And, the United States Supreme Court recently held that:

> a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." *Id*. at 1950 (quotation marks

---

[3] Plaintiffs bring a putative class action on behalf of the following class: "eBay members who, within the past four (4) years … have paid eBay Motors fees denominated as 'Final Value Fees,' 'Transaction Services Fees,' and/or 'Successful Listing Fees' as sellers in eBay Motors auctions of Parts and Accessories." (*Id*. at ¶ 22).

omitted).

**IV.    PLAINTIFFS' PRE-OCTOBER 2008 CLAIMS FAIL IN THEIR ENTIRETY.**

    **A.    The Court Should Consider All Of The Web Pages Comprising The Contract.**

Under established precedent, this Court can consider the entirety of a contract where a plaintiff alleges only part of the relevant contract at issue. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). This rule allows courts to avoid the basic unfairness that would result from allowing a plaintiff to pick and choose only those aspects of a contract that support its claims. Applying this rule, courts consider documents referenced but not attached to a complaint when ruling on a motion to dismiss. *See, e.g., Kaufman & Broad-S. Bay v. Unisys Corp.*, 822 F. Supp. 1468, 1472 (N.D. Cal. 1993) ("If the Plaintiff fails to attach a pertinent document to its complaint, the defendant may introduce the document as part of a motion attacking the [pleading]. . . . A document incorporated by reference is not external to the complaint, even if it is actually introduced by the defendant.").

Here, Plaintiffs acknowledge that their "allegations are based entirely upon eBay Motors' published policies from its website." (FAC, ¶ 18). Plaintiffs further acknowledge that the eBay.com Sellers Fees Help Page and the eBay Motors fee schedule linked to that page are part of the "published policies" that form their contractual relationship with eBay:

> eBay states in its User Agreement that it will charge fees to sellers based upon its 'Fees schedule,' which is hyperlinked to the web page at http://pages.ebay.com/help/sell/fees.html [the Seller Fees Help Page], and which in turn provides another hyperlink to the eBay Motors fee schedule.

(*Id*. at ¶ 9). Plaintiffs, however, completely omit from the FAC any mention of the Final Values Fees Pages, which explicitly disclose that "[t]he parts category in eBay Motors uses the Final Value Fee structure." (McDonald Decl., Exhs. A-D). The Final Values Fees Pages are directly linked to the Sellers Fees Help Page and are accessible via a single click in the same way as the eBay Motors Fee Schedule Plaintiffs rely on so heavily. Plaintiffs should not be allowed to

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO. C 09 01733 JW (PVT)

cherry pick isolated web pages while omitting a page that is an integral part of the parties'

contract and directly undermines their claims. Accordingly, eBay requests that the Court consider

the Final Value Fees Page in evaluating the sufficiency of Plaintiffs' allegations on this Motion.

**B.      eBay's Specific Disclosure That Final Value Fees Apply To Parts And Accessories Dooms Plaintiffs' Pre-October 2008 Claims As A Matter of Law.**

Plaintiffs' pre-October 2008 claims are all based on the allegation that eBay did

not disclose that "Final Value Fees" applied to parts and accessories' sales on eBay. *See, e.g.*, *id.*

at ¶ 29 ("eBay charged fees derived from the eBay.com-specific Final Value Fees that are not

referenced anywhere in the eBay Motors Fee Schedule web pages throughout 2005, 2006, 2007,

and the majority of 2008."). But Plaintiffs ignore the Final Values Fees Page, which explicitly

disclosed that "[t]he parts category in eBay Motors uses the Final Value Fee structure." (*See*

McDonald Decl., Exhs. A-D). Clearly, Plaintiffs cannot complain about being charged Final

Value Fees when eBay specifically disclosed that such fees would apply in the parties' contract.

Numerous courts have reached this common sense conclusion in similar cases involving

breach of contract claims incorrectly premised on the alleged non-disclosure of applicable fees.

*See, e.g., Janda v. T-Mobile, USA, Inc.*, No. C 05-03729 JSW, 2009 WL 667206, at *9 (N.D. Cal.

Mar. 13, 2009) (dismissing breach of contract claim based on the defendant's purported failure to

disclose certain fees because "Plaintiffs cannot establish that [the defendant] breached its

contract, because the contracts clearly stated that it would charge them a monthly fee, plus

additional charges"); *Smale v. Cellco P'ship*, 547 F. Supp. 2d 1181, 1187-88 (W.D. Wash. 2008)

(dismissing breach of contract claim based on the defendant's purported failure to disclose certain

fees where "as a matter of law, the Agreement adequately discloses [the defendant]'s right to

impose [the] fees [at issue]"). Similarly here, Plaintiffs' pre-October 2008 breach of contract

claims, which are premised on the alleged non-disclosure of applicable "Final Value Fees" to

parts and accessories' sales on eBay, fail since the collection of such fees was fully and explicitly

disclosed to Plaintiffs.[4]

---

[4] Plaintiffs may ask the Court to ignore the clear disclosure of the applicability of Final Value Fees by claiming they never saw them or subjectively believed they did not apply. But Plaintiffs subjective beliefs

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO. C 09 01733 JW (PVT)

Moreover, Plaintiffs' additional non-contract claims, as they relate to the same pre-October 2008 period, should be dismissed along with the contract claim because they are each premised on the false assumption that eBay's imposition of Final Value Fees was somehow improper under the parties' contract. As further discussed below, Plaintiffs' UCL, fraud, unjust enrichment and declaratory judgment claims are all based on the imagined unfairness of eBay's charging of Final Value Fees. But Plaintiffs cannot create liability under these alternative theories where none exists under the contract. Accordingly, all of Plaintiffs' claims fail as a matter of law in their entirety as to the pre-October 2008 period.

**C. Even Ignoring eBay's Disclosures, Plaintiffs' Allegations Do Not Support Their Effort To Avoid Final Value Fees.**

As Plaintiffs concede, eBay's standard fee schedule specifies that sellers will be charged "Final Value Fees." (*Id.* at ¶ 11). To state a claim that eBay breached a contractual obligation by charging Final Value Fees, Plaintiffs therefore must allege sufficient facts to show that the sale of parts and accessories are exempt from the standard eBay fees. Plaintiffs, however, do not cite a single statement to this effect in the FAC. Instead, Plaintiffs seek to avoid Final Value Fees through unsupported leaps of logic drawn from statements that do not address the relevant issue. Specifically, Plaintiffs allege that:

- the 2005 eBay Motors fee schedule states that "Parts and Accessories Insertion Fees are the same as eBay.com Insertion Fees," (FAC, ¶ 13(a));

- that the 2006 fee schedule includes a note in a table detailing the fees for vehicles that states: "Same as eBay.com Insertion Fees," (*id.* at ¶ 13(b)), and

- the 2007 eBay fee schedule has the same note ("Same as eBay.com Insertion Fees") repeated under two columns of the same table. (*Id.* at ¶ 13(c)).

These statements from the eBay Motors fee schedules do not address Final Value Fees at all. They cannot plausibly be construed as exempting parts and accessories from the Final Value Fees that Plaintiffs acknowledge are part of eBay's standard fee structure. If anything, the reference to "eBay.com Insertion Fees" in these notations confirms that parts and accessories are subject to standard eBay fees, which include Final Value Fees (a fact confirmed by the Final Value Fee

are irrelevant because the contract unambiguously provided that Final Value Fees applied.

Page omitted from the FAC).  Thus, Plaintiffs' contract claims fail as a matter of law even if the

Court were to disregard the clear disclosure that Final Value Fees will apply to the sale of parts

and accessories.

## V.    PLAINTIFFS' FRAUD-BASED CLAIMS  SHOULD BE DISMISSED FOR ALL TIME PERIODS.

### A.    Rule 9(b)'s Heightened Pleading Standard Applies To All Of Plaintiffs' Fraud-Based Claims, Including The UCL, FAL, And CLRA Claims.

Rule 9(b) mandates that "the circumstances constituting fraud or mistake shall be

stated with particularity."  Fed. R. Civ. P. 9(b).  When a complaint "allege[s] a unified course of

fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim[,] . . .

the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole

must satisfy the particularity requirement of Rule 9(b)."  *Kearns v. Ford Motor Co.*, 567 F.3d

1120, 1125 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th

Cir. 2003)).  Accordingly, courts routinely find that UCL, FAL, and CLRA claims premised on

alleged misrepresentations are subject to Rule 9(b).  *See, e.g., Vess*, 317 F.3d at 1103-05 (holding

that Rule 9(b) applies to UCL, FAL, and CLRA claims where the Plaintiff "allege[s] … that the

defendant has engaged in fraudulent conduct"); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d

964, 968 (N.D. Cal. 2008) (Rule 9(b)'s "heightened pleading standards appl[y] to allegations of

fraud and allegations that sound in fraud, including false misrepresentations").[5]

Here, Plaintiffs' FAC sounds in fraud because it alleges a unified course of purportedly

fraudulent conduct—that eBay "advertise[d] the fees set forth in the eBay Motors Fee Schedule

and then nevertheless charge[d] different and higher fees."  (FAC, ¶ 37)[6]; *Kearns*, 567 F.3d at

---

[5]  *See also Janda v. T-Mobile, USA, Inc.*, No. C 05-03729 JSW, 2008 WL 4847116, at *5-6 (N.D. Cal. Nov. 7, 2008) (Rule 9(b) applies to claims "premised upon a uniform course of conduct that sounds in fraud"); *Neu v. Terminix Int'l, Inc.*, No. C 07-6472 CW, 2008 WL 962096, at *5-6 (N.D. Cal. Apr. 8, 2008) (dismissing UCL, FAL, and CLRA claims premised on the defendant's purported misrepresentations regarding its services under Rule 9(b) because the claims "sound in fraud"); *Meinhold v. Sprint Spectrum, L.P.*, No. CIV. S-07-00456 FCD EFB, 2007 WL 1456141, at *5-6 (E.D. Cal. May 16, 2007) (rejecting argument that Rule 9(b) should not apply to Plaintiff's claims based on allegedly false and misleading statements because fraud is not a necessary element of all UCL, FAL, or CLRA claims).

[6]  *See also* FAC, ¶ 26(e) ("common questions of law and fact" include whether "the eBay Motors Fee Schedule web pages are an unlawful, unfair, or fraudulent business or practice insofar as they deviate from the fees actually charged"); ¶ 26(g) ("the advertised eBay Motors fees for Parts and Accessories are untrue or misleading").

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO.  C 09 01733 JW (PVT)

1125-26 (holding that complaint alleging defendant's advertisements and representations were false alleged a fraudulent course of conduct subject to Rule 9(b)'s pleading requirements). Further, as detailed in the chart on page 6, *infra*, Plaintiffs' individual UCL, FAL, and CLRA claims are all premised on eBay's purported misrepresentations regarding fees charged for parts and accessories' sales and therefore must meet the heightened pleading standards under Rule 9(b). *See, e.g., Janda*, 2008 WL 4847116, at *5-6 (applying Rule 9(b) to UCL, FAL, and CLRA claims involving fee disclosures where plaintiffs alleged that "T-Mobile allegedly advertises calling plans for a specific monthly fee that does [not] reflect the true cost of the plan").

Under Rule 9(b), Plaintiffs must specifically identify the representations they claim are false or misleading, when they saw them, where they saw them, and how they are false or misleading. *See, e.g., Kearns*, w567 F.3d at 1125-26 (affirming dismissal of UCL and CLRA claims where plaintiff failed to allege the "particular circumstances surrounding [the] representations," including "when he was exposed to them"); *Janda*, 2008 WL 4847116, at *6 (dismissing UCL, FAL, and CLRA claims where "Plaintiffs have not identified the specific advertisements they claim are false, and they have not alleged when . . . they saw those advertisements"); *Meinhold*, 2007 WL 1456141, at *6 (dismissing UCL, FAL, and CLRA claims where plaintiff "d[id] not identify what advertisements she is referring to, when she saw them, . . . or how the statements made in those specific advertisements were untrue or misleading").

But the FAC is devoid of the required specificity about which specific web pages Plaintiffs saw and when they saw them. Remarkably, Plaintiffs do not allege that they <u>ever</u> saw any of the relevant fee schedules and web pages at all. This total failure to allege the most basic element of Plaintiffs' fraud-based claims—that Plaintiffs were exposed to the alleged misrepresentations in the first instance— mandates dismissal under even basic pleading standards and certainly under the heightened requirements of Rule 9(b) that apply here.

///

///

///

///

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**B.    Plaintiffs Do Not Allege That They Ever Saw Or Relied On The Allegedly Misleading Fee Schedules.**

Moreover, Plaintiffs do not allege facts showing their reliance on eBay's alleged misrepresentations and thus fail to meet another essential pleading requirement for their fraud-based claims.[7] The Ninth Circuit recently confirmed that a plaintiff asserting fraud-based claims must allege reliance. *See, e.g., Kearns*, 567 F.3d at 1125-26 (affirming dismissal of UCL and CLRA claims where plaintiff failed to allege the "particular circumstances surrounding [the] representations," including "when he was exposed to them[,] . . . which ones he found material . . . [and] which sales material he <u>relied upon</u> in making his decision to buy a CPO vehicle") (emphasis added). Further, courts in this District regularly dismiss fraud-based claims in similar circumstances. For example, in *Strickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992 (N.D. Cal. 2007), the court dismissed UCL and CLRA claims based on allegations that the defendant "made affirmative misrepresentations" regarding its services because:

> Plaintiffs fail to allege that they read any of the alleged misrepresentations before purchasing the service. . . . Nor do Plaintiffs allege that, had they known the actual quality of Defendant's service, they would have chosen either to pay less for the service or to purchase similar service from a competitor, or that the representations . . . were a substantial factor in Plaintiffs' decision to purchase the service.

*Id.* at 994-96; *see also Parrish v. Nat'l Football League Players Assoc.*, 534 F. Supp. 2d 1081, 1093-94 (N.D. Cal. 2007) (dismissing UCL claims based on alleged misrepresentations on defendant's website because "Plaintiffs have not alleged that they themselves . . . ever saw, heard or relied on defendants' statements, so they fall well short of satisfying Rule 9(b)"). Plaintiff's

---

[7] *See, e.g., In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009) (holding that under the UCL post-Proposition 64, "a Plaintiff must plead and prove actual reliance to satisfy the standing requirement of section 17204"); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (holding that the UCL and FAL require a Plaintiff to allege "that they relied on Defendants' advertisements in entering into the transactions," and dismissing UCL and FAL claims where "none of the named Plaintiffs allege that they saw, read, or in any way relied on the advertisements; nor do they allege that they entered into the transactions *as a result* of those advertisements") (emphasis in original); *Janda*, 2008 WL 4847116, at *6-7 (dismissing CLRA claim for Plaintiffs' failure to "allege that they relied on the false advertisements"); *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 810 (2007) ("[P]laintiffs asserting CLRA claims sounding in fraud must establish that they actually relied on the relevant representations or omissions."); *Kearns*, 567 F.3d at 1126 (recognizing that fraud claim under California law requires allegation of "justifiable reliance").

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO. C 09 01733 JW (PVT)

fraud-based claims fail for precisely the same reasons here.[8]

Moreover, Plaintiffs' fraud-based claims should be dismissed with prejudice because Plaintiffs cannot amend their FAC to plead reasonable reliance given Plaintiffs' acknowledgment (to say nothing of the Final Value Fees Page omitted from the FAC) that they: (1) sold "hundreds" of items on eBay Motors starting in 2001 and 2002, respectively (FAC, ¶¶ 1-2, 19); (2) received invoices from eBay reflecting the amount of the fees, including Final Value Fees, that eBay charged on their sales of parts and accessories (*id.* at ¶ 19; Exh. A to FAC); and (3) continued to sell items on eBay Motors despite receiving these invoices for years. (*Id.*) Plaintiffs cannot allege in good faith that eBay's fee schedules somehow induced them to believe that the sales of parts and accessories would be exempt from Final Value Fees when they had full disclosure of the fees charged for many years and continued selling nonetheless. Against this backdrop, Plaintiffs' UCL, FAL, CLRA, and fraud claims should be dismissed with prejudice.[9]

## VI. PLAINTIFFS' CLRA, FRAUD, AND UCL CLAIMS ALSO FAIL FOR ADDITIONAL REASONS

### A. Plaintiff Alamo's CLRA Claim Must Be Dismissed Because It Is Not A "Consumer" Under The CLRA.

As a matter of black-letter law, CLRA claims can only be brought by a "consumer," which is defined by the statute as "an individual who seeks or acquires, by purchase or lease, any goods or services for *personal, family, or household purposes*." Cal. Civ. Code § 1761(d) (emphasis added). Here, Plaintiff Yingling admits he is "doing business as Alamo" (FAC, ¶ 1), and has used eBay to sell "hundreds of Parts and Accessories on eBay Motors during the Class Period." (*Id.* at ¶ 19). Because it uses eBay's platform for business purposes, Alamo cannot avail itself of the consumer protections of the CLRA. *See, e.g., Mazur v. eBay Inc.*, No. C 07-03967 MHP, 2009 WL 1203937, at *5 (N.D. Cal. May 5, 2009) (holding that the

---

[8] The only references to reliance are two conclusory statements that "Plaintiffs and the Class reasonably relied on eBay's misrepresentations to their detriment." (FAC, ¶¶ 36(g), 52). These statements are "'merely conclusory' and need not be assumed to be true." *Strickrath*, 527 F. Supp. 2d at 996 (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)); *see also Iqbal*, 129 S. Ct. at 1951 (noting that "conclusory" allegations are "not entitled to be assumed true").

[9] *See, e.g., Iqbal*, 129 S. Ct. at 1950-51 (noting that courts should dismiss complaints where, (1) "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," and (2) the claims are not "plausible").

plaintiff was not a consumer under the CLRA because she used eBay "to purchase items for her business") (citing *Lazar v. Hertz Corp.*, 143 Cal. App. 3d 128, 141-42 (1983)). Plaintiffs' pursuit of a CLRA claim on behalf of an admitted business entity highlights the opportunism underlying Plaintiffs' FAC.

**B.     Plaintiffs' Sixth Cause Of Action For Fraud And Deceit Should Be Dismissed Because It Is Simply A Restatement Of The Breach Of Contract Claim.**

Under basic principles of California law, a plaintiff cannot bootstrap a contract claim into a fraud claim where the "misrepresentations at the center of Plaintiffs' [fraud] claim [are] the contract itself," and the "damages Plaintiffs seek are the same economic losses arising from the alleged breach of contract." *Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.*, No. CIV. 08-cv-00547 FCD DAD, 2009 WL 1505306, at *8-9 (E.D. Cal. May 27, 2009) (citing *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004)). Applying this rule, a court in this District recently dismissed fraud claims where "there [wa]s no evidence of misrepresentations that exposed [Plaintiff] to liability beyond the economic loss that allegedly resulted from [defendant]'s failure to abide by the terms of the contract." *Intelligraphics, Inc. v. Marvell Semiconductor, Inc.*, No. C07-02499 JCS, 2009 WL 330259, at *17 (N.D. Cal. Feb. 10, 2009). As the court noted in *Intelligraphics*, "to permit a fraud claim based merely on representations that the defendant intended to make payments required under the contract . . . would open the door to tort claims in virtually every case in which a party promised to make payments under a contract but failed to do so." (*Id.*) Similarly here, Plaintiffs' fraud claim is based entirely on eBay's purported breach of the contractual fee schedules (as Plaintiffs construe them), and Plaintiffs seek the same damages on both the fraud and contract claims.[10] Plaintiffs' sixth cause of action for fraud should therefore be dismissed as matter of law.

---

[10] *Cf.* FAC, ¶ 52 (fraud claim seeks damages for the payment of "improper fees") *with* ¶ 33 (breach of contract claim seeks damages for the difference between "fees actually charged" and the fees in the eBay Motors Fee Schedule).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15.

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO. C 09 01733 JW (PVT)

**C.     Plaintiffs' UCL Claims Should Be Dismissed.[11]**

**1.     Plaintiffs Fail To Allege Any "Unfair" Business Practice.**

Plaintiffs' effort to manufacture a claim for "unfair" conduct under the UCL also fails as a matter of law.  Plaintiffs cannot state a claim for "unfair" conduct based on Final Value Fees charged in the pre-October 2008 period for the simple reason that those fees were expressly disclosed and contemplated as part of the parties' contract, as discussed above. This common-sense rationale has been applied in similar circumstances by multiple courts.  For example, in *Spiegler v. Home Depot U.S.A., Inc*., 552 F. Supp. 2d 1036 (C.D. Cal. 2008), the Court held there could not be any "unfair" conduct as a matter of law where the defendant "complied with the express terms of the contracts, and charged Plaintiffs in accordance with their terms." *Id*. at 1045.  The Court further explained that "the UCL cannot be used to rewrite [the parties'] contracts or to determine whether the terms of their contracts are fair."  *Id*. at 1046; *see also Janda,* 2009 WL 667206, at *9 (holding there is no "unfair" conduct as a matter of law where the defendant was "permitted to charge" the fees at issue pursuant to a form contract); *Daugherty v. Am. Honda Motor Co. Inc.*, 144 Cal. App. 4th 824, 839 (2006) (affirming dismissal of UCL claim for unfair conduct predicated on conduct complying with contractual terms of express warranty).  Here, as previously explained, the contract explicitly provided that "[t]he parts category in eBay Motors uses the Final Value Fee structure."  Accordingly, Plaintiffs' "unfair" UCL claim premised on the collection of those fees must be dismissed.

**2.     None Of Plaintiffs' Long List Of Alleged Violations Of Law Support A Viable Unlawful UCL Claim.**

The unlawful practices prohibited by the UCL are "'any practices forbidden by law, be it civil or criminal, federal, state or municipal, statutory, regulatory or court-made.'"  *Hartless v. Clorox Co*., No. 06CV2705 JAH(CAB), 2007 WL 3245260, at *3 (S.D. Cal.

---

[11] As noted above (infra, pp.13-14), because Plaintiffs do not allege that they relied on the allegedly misleading eBay Motors Fee Schedules, Plaintiffs fail to allege a fraudulent business practice under the UCL.  *See, e.g., In re Tobacco II Cases*, 46 Cal. 4th at 326 (holding that under the UCL post-Proposition 64, there is "an actual reliance requirement on Plaintiffs prosecuting a private enforcement action under the UCL's fraud prong"). This section focuses on Plaintiffs' alternative "unlawful" and "unfair" UCL claims.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Nov. 2, 2007) (quoting *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-39 (1994)). "Under the unlawful prong, violations of other laws are treated as unlawful practices that are independently actionable under the UCL." *Id.* Plaintiffs assert a laundry list of statutory and common laws purportedly underpinning its UCL claim, including: (1) breach of contract; (2) the FAL; (3) Cal. Civ. Code §§ 1572, 1709, and 1710 (fraud and deceit); (4) the CLRA; (5) Cal. Bus. & Prof. Code § 12024.1 (misrepresenting a charge for service based on weight, time, measure or count); and (6) Cal. Civ. Code § 1670.5 (court action regarding unconscionable contract or clause).

**First**, common law claims, such as breach of contract and common law fraud, cannot serve as a predicate act under the unlawful prong of the UCL. *See, e.g.*, *Hartless*, 2007 WL 3245260, at *5 (analyzing case law and finding that a common law claim cannot serve as a predicate act for the unlawful prong of the UCL); *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 954-55 (N.D. Cal. 2003) ("While section 17200 has broad application, . . . its scope is restricted to violations of law, not contract.") (citation omitted).

**Second**, Plaintiffs cannot support their "unlawful" UCL claim based on predicate violations of the FAL or CLRA because, as discussed above, these claims fail. *See, e.g., Janda*, 2008 WL 4847116, at *7 (dismissing UCL claim under unlawful prong where the Plaintiff failed to state a claim under the FAL or CLRA).

**Third**, Plaintiffs' reliance on Cal. Bus. & Prof. Code § 12024.1 is entirely misplaced. This provision is part of Division Five of the Business & Professions Code, entitled "Weights and Measures,"[12] which "regulates the use of weights and measures to protect consumers from unfair dealings where the person who sells tangible goods weighs the goods and collects a charge based on the weight of the goods sold." *Ralph's Grocery Co. v. Cal. Dep't of Food and Agric.*, 110 Cal. App. 4th 694, 697 (2003) (quotation marks omitted). Section 12024.1 is inapposite on its face and Plaintiffs fail to plead even the most basic facts explaining how this statute conceivably applies to eBay. For example, Plaintiffs do not allege that eBay uses "weights and measures" in

---

[12] Cal. Bus. & Prof. Code § 12024.1 provides: "Every person, by himself, or through or for another, who willfully misrepresents a charge for service rendered on the basis of weight, time, measure, or count is guilty of a misdemeanor."

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO. C 09 01733 JW (PVT)

charging for its services, nor can it. And, Plaintiffs' conclusory statement that eBay charged fees "premised on a different time, measure and/or court than represented" (FAC, ¶ 36(f)) tries to fit a square peg in a round hole. Section 12024.1 on its face addresses situations where service charges are based on time, measure and/or count—i.e., where charges are based on an hourly rate (for example) or the quantity of an item (measure or count). Here, Plaintiffs allege eBay charges fees for each individual item sold on its website. (*See, e.g., id.* at ¶ 19; Exh. A). Simply put, you sell a single item on eBay, you pay fees for that item. The charge does not vary based on time or quantity.

**Fourth**, Plaintiffs improperly rely on Cal. Civ. Code § 1670.5, which states:

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

Cal. Civ. Code § 1670.5(a). Plaintiffs allege that the Transaction Services and Successful Listing Fees for eBay Motors are "unconscionable" (FAC, ¶ 36(h)), but just as above, Plaintiffs do not plead any facts explaining how this statute applies here. *See, e.g., Iqbal*, 129 S. Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Under Cal. Civ. Code § 1670.5, Plaintiffs' remedy is a court order refusing to enforce the contract or the unconscionable cause, which in this case is the same—the eBay Motors Fee Schedule. Cal. Civ. Code § 1670.5(a). But the underlying premise of the FAC is that the eBay Motors Fee Schedule is an "unambiguous" contract (FAC, ¶¶ 28-30) that should be "enforced by the Court." (*Id.* at ¶ 54) (emphasis added). Far from declaring the eBay Motors Fee Schedule unconscionable and refusing to enforce its provisions, Plaintiffs seek to enforce the eBay Motors Fee Schedule (as they construe it). Thus, Plaintiffs' reliance on Section 1670.5 to form the predicate for its unlawful UCL claim goes far beyond pleading in the alternative, and instead represents an allegation that directly contradicts the underlying premise of the FAC. *See Hisamatsu v. Niroula*, No. C 07-04371 JSW, 2009 WL 890903, at *10 (N.D. Cal. Mar. 31, 2009)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

(dismissing claim where Plaintiff's "conclusory allegations [were] contradicted by her factual allegations").

## VII. PLAINTIFFS' UNJUST ENRICHMENT CLAIM (FIFTH CAUSE OF ACTION) FAILS

A plaintiff cannot assert an unjust enrichment claim while simultaneously alleging an express contract. *Gerlinger v. Amazon.com*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004) ("Under California law, unjust enrichment is an action in quasi-contract. . . . An action based on quasi-contract cannot lie where a valid express contract covering the same subject matter exists between the parties.") (citing *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)).

This black-letter rule is fatal to Plaintiffs' unjust enrichment claim. Here, Plaintiffs allege an express contract forming the basis for their breach of contract and UCL claims. (*See, e.g.*, FAC, ¶¶ 9, 18, 28, 36(a)). Further, Plaintiffs' unjust enrichment claim explicitly references the contract. *See id.* at ¶ 49 ("By charging fees in excess of those promised and *agreed to under the eBay Motors Fee Schedule*, eBay collected fees in excess of those to which it was *contractually or otherwise entitled*) (emphasis added). Accordingly, Plaintiffs' unjust enrichment claim must be dismissed with prejudice. *See, e.g., Gerlinger*, 311 F. Supp. 2d. at 856 (dismissing unjust enrichment claim with prejudice because the law does not allow "a Plaintiff invoking state law to an unjust enrichment claim while also alleging an express contract"); *GA Escrow, LLC v. Autonomy Corp PLC*, No. C 08-01784 SI, 2008 WL 4848036, at *6-7 (N.D. Cal. Nov. 7, 2008) ("A Plaintiff cannot survive a motion to dismiss an 'unjust enrichment' cause of action if the complaint also alleges tort claims and claims based on the existence of a valid, express contract between the parties.").[13]

---

[13] Plaintiffs' unjust enrichment claim should also be dismissed because there is no such independent cause of action in California. *See, e.g., Swanson v. USProtect Corp.*, No. C 05-602 JF (HRL), 2007 WL 1394485, at *5 (N.D. Cal. May 10, 2007) (dismissing unjust enrichment claim because "there is no cause of action in California for unjust enrichment") (citing *Melchior v. New Line Prods, Inc.*, 106 Cal. App. 4th 779, 793 (2003)).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19.

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO. C 09 01733 JW (PVT)

## VIII. THERE IS NO BASIS FOR PLAINTIFFS' DECLARATORY JUDGMENT CLAIM

Plaintiffs seek a declaratory judgment essentially declaring that all of its claims are valid. (*See, e.g.*, FAC, ¶¶ 54-55). The Court should dismiss this claim for several reasons.

**First**, declaratory relief "is not an appropriate remedy for past misconduct." *See SBA Commc'ns, Inc. v. Zoning Comm'n of Town of Brookfield*, 96 F. Supp. 2d 139, 141 (D. Conn. 2000) (dismissing claim for declaratory relief based on "Defendant's alleged past misconduct"); *Great Lakes Reinsurance PLC v. TLU Ltd.*, No. 07-61259-CIV, 2008 WL 828122, at *1 (S.D. Fla. Mar. 27, 2008) (dismissing claim for declaratory relief because "[t]he point of a declaratory judgment is to permit actual controversies to be settled before they ripen into violations of law, not to adjudicate past conduct") (quotation marks omitted). Because Plaintiffs concede that the purported misconduct they complain about—the calculation of fees based on the eBay Motors Fee Schedule—has been remedied by eBay's "recent[] change[s]" of the eBay Motors Fee Schedule, and that they "are not seeking an order requiring a further change to the fee schedules" (FAC, fn. 4), Plaintiffs' declaratory judgment claim must be dismissed.[14]

**Second**, courts routinely exercise their discretion to dismiss declaratory judgment claims where the claim is: (1) duplicative of other substantive claims asserted in the same complaint; or (2) derivative of other claims subject to dismissal. Here, Plaintiffs' declaratory judgment claims are wholly duplicative of their substantive claims. *Cf.* FAC, ¶ 54 *with* ¶¶ 28-29 (breach of contract claim); ¶ 55 *with* ¶¶ 35-36 (UCL claim); ¶¶ 55(b), (c), and (d) *with* ¶¶ 41-43 (FAL claim); ¶ 55(f) *with* ¶ 52 (fraud claim); and ¶ 55(h) *with* ¶ 47 (CLRA claim).[15] Further, Plaintiffs'

---

[14] Similarly, this Court should dismiss Plaintiffs' declaratory judgment claim because it is well established that the "central purpose" of the Declaratory Judgment Act is to enable parties to clarify their rights and legal relationships: (1) without waiting for an adversary to file suit; and (2) prior to incurring actual injury. *See Fireman's Fund Ins. Co. v. Ignacio*, 860 F.2d 353, 354 (9th Cir. 1988) (affirming dismissal of declaratory judgment action where issues presented by Plaintiff could be resolved via pending action in another court because "the central purpose of the Declaratory Judgment Act . . . is to provide the opportunity to clarify rights and legal relationships without waiting for an adversary to file suit"); *Olagues v. Russoniello*, 770 F.2d 791, 803 (9th Cir. 1985) (affirming denial of declaratory relief, noting that "[t]he central purpose of the Declaratory Judgment Act . . . is to provide parties with a declaration of their rights prior to incurring actual injury"). But here, Plaintiffs: (1) filed suit; and (2) incurred purported injuries. Thus, Plaintiffs' claim does not serve either purpose underlying the Declaratory Judgment Act.

[15] *See, e.g., Kinghorn v. Citibank, N.A.*, No. C 97-3111 FMS, 1999 WL 30534, at *7 (N.D. Cal. Jan. 20, 1999) (dismissing counterclaim for declaratory relief, noting that "[w]here a party seeks declaratory relief and a substantially similar alternative remedy, the court may exercise its discretion to dismiss the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO. C 09 01733 JW (PVT)

declaratory relief claim is derivative of its breach of contract, UCL, FAL, fraud, and CLRA claims (*id.* at ¶¶ 54-55), and the dismissal of these claims dooms Plaintiffs' declaratory relief claim.[16] For all of the above reasons, Plaintiffs' declaratory relief claim should be dismissed.

**IX.    CONCLUSION**

For the foregoing reasons, eBay respectfully requests that this Court grant eBay's Motion to Dismiss.

Dated: July 6, 2009                         COOLEY GODWARD KRONISH LLP
                                            MICHAEL G. RHODES (116127)
                                            WHITTY SOMVICHIAN (194463)
                                            BENJAMIN F. CHAPMAN (234436)


                                            BY: s/ Whitty Somvichian
                                            WHITTY SOMVICHIAN (194463)

                                            Attorneys for Defendant
                                            Email: wsomvichian@cooley.com

---

declaratory judgment claim."); *Clark v. Caln Township*, Civ. A. No. 90-1551, 1991 WL 86911, *6 (E.D. Pa. May 20, 1991) (dismissing declaratory judgment claim "because resolution of the other counts of the complaint will necessarily clarify the legal relations at issue in this case, [and thus] it does not appear that a declaratory judgment would serve any useful purpose").

[16] *See, e.g., eCash Techs., Inc. v. Guagliardo*, 210 F. Supp. 2d 1138, 1155 n.24 (C.D. Cal. 2001) (dismissing claim for declaratory judgment because "Defendants' claim for declaratory relief is wholly derivative of their claim for cancellation.  Therefore, the dismissal of the fraudulent registration claim also disposes of the prayer for declaratory relief.").

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**MEMO OF POINTS AND AUTHORITIES I/S/O
EBAY'S MOTION TO DISMISS
CASE NO.  C 09 01733 JW (PVT)**