KEITH R. VERGES
PARKER D. YOUNG
RAYMOND E. WALKER
FIGARI & DAVENPORT, L.L.P.
901 MAIN STREET, SUITE 3400
DALLAS, TEXAS  75202
TEL: (214) 939-2000
FAX: (214) 939-2090
*ADMITTED PRO HAC VICE*

SHAWN T. LEUTHOLD
LAW OFFICE OF SHAWN T. LEUTHOLD
1671 THE ALAMEDA #303
SAN JOSE, CALIFORNIA  95126
TELEPHONE: (408) 924-0132
FACSIMILE: (408) 924-0134

Attorneys for Plaintiffs Brice Yingling
d/b/a Alamo Autosports and Andy Scott

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| BRICE YINGLING D/B/A ALAMO AUTOSPORTS AND ANDY SCOTT, | ) ) ) ) | Case No. C 09-01733-JW (PVT) |
| Plaintiffs, | ) ) ) | **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |
| V. | ) ) ) | |
| EBAY, INC., | ) ) ) | Date: October 5, 2009 Time: 9:00 a.m. |
| DEFENDANT. | ) ) ) | Judge: Honorable James Ware Trial Date: Not yet set |

**TABLE OF CONTENTS**

I.     INTRODUCTION ....................................................................................................1

II.    STATEMENT OF ISSUES TO BE DECIDED .....................................................2

        1.    Breach of Contract Issues ........................................................3

        2.    Fraud Pleading Issues ...............................................................3

        3.    Economic Loss Rule Issues ......................................................3

        4.    UCL Claim Issues. ...................................................................3

        5.    Unjust Enrichment ....................................................................3

III.   STATEMENT OF FACTS ......................................................................................4

    A.    eBay's Acknowledgement About the October 2008 Fee Schedule Changes. ...................4

    B.    eBay Motors' Relationship to eBay. ...........................................4

    C.    The User Agreement. ....................................................................4

    D.    The "Fees Schedule" Link From the User Agreement. .................5

    E.    The eBay Motors Fee Schedule (Pre-October 2008). ...................6

    F.    The Final Value Fees Page – The FVF Structure Sentence
       Links Back to eBay Motors. ........................................................9

    G.    eBay's Invoices. ..........................................................................9

IV.    ARGUMENT AND AUTHORITIES .....................................................................10

    A.    Applicable Legal Standards. ......................................................10

    B.    Plaintiffs Have Properly Alleged Breach of Contract .................10

        1.    The FVF Structure Sentence Was Not Part of the
            Contract for eBay Motors Sales of Parts & Accessories. ...................11

        2.    Even if the FVF Structure Sentence is Included in the User
            Agreement, Final Value Fees Do Not Apply to eBay Motors. ...........15

        3.    Even if the Final Value Fee Term was Incorporated Into the
            User Agreement, the Term is Unenforceable as a Matter of Law. ......19

        a.      Application of Final Value Fees Fails California's "Reasonable Expectations" Test. .................................................19

        b.      The Final Value Fee Term is Unconscionable..........................20

            (i) Procedural Unconscionability.............................................. 21

            (ii) Substantive Unconscionability............................................ 21

C.      Plaintiffs' Extra-Contractual Claims Are Properly Alleged. ..........................22

    1.      Plaintiffs' Claims Satisfy Rule 9(b)...............................................24

D.      Plaintiff Yingling Does Not Assert Consumer Status Under the CLRA for Business Sales..................................................................27

E.      The Fraud and Deceit Claim Goes Beyond Mere Breach of Contract (Economic Loss Rule Does not Apply). ..........................................27

F.      Plaintiffs Properly Allege UCL Claims. ......................................................29

    1.      Plaintiffs Properly Allege Unfair Practices by eBay. ...........................29

    2.      Common Law Claims Can Be Predicates for UCL Claims...................30

    3.      The Weights and Measures Claim is Valid......................................30

    4.      Plaintiffs Have Properly Alleged Statutory Unconscionability. ...........31

G.      The Unjust Enrichment Claim is Properly Pleaded in the Alternative. ...........31

V.      CONCLUSION.................................................................................................33

**TABLE OF AUTHORITIES**

CASES

*A & M Produce Co. v. FMC Corp.*,
  186 Cal. Rptr. 114 (Cal. Ct. App. 1982) .......................................................... 21-22

*American Oil Svc. v. Hope Oil Co.*,
  233 Cal. Ct. App.2d 822 (Cal. Ct. App. 1965) ........................................................ 32

*Armendariz v. Found. Health Psychare Servs.*,
  6 P.3d 669 (Cal. 2000) ........................................................................................ 20-21

*Baker v. Osborne Dev. Corp.*,
  71 Cal. Rptr. 3d 854 (Cal. Ct. App. 2008) ............................................................... 12

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................... 10

*Blennis v. Hewlett-Packard Co.*,
  No. C 07-00333 JF, 2008 U.S. Dist. Lexis 106464 (N.D. Cal. 2008) ..................... 31

*Bridges v. Cal-Pacific Leasing Co.*,
  16 Cal. Ct. App.3d 118 (Cal. Ct. App. 1971) .......................................................... 32

*Cairo, Inc. v. Crossmedia Servs., Inc.*,
  2005 WL 756610 (N.D. Cal. Apr. 1, 2005) .............................................................. 13

*Chan v. Drexel Burnham Lambert, Inc.*,
  223 Cal. Rptr. 838 (Cal. Ct. App. 1986) .................................................................. 12

*Citizens Utilities Co. v. Wheeler*,
  156 Cal. Ct. App. 2d 423 (Cal. Ct. App. 1958) ....................................................... 26

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith*,
  80 Cal. Rptr. 2d 329 (Cal. Ct. App. 1998) ............................................................... 16

*Cont'l Cas. Co. v. Zurich Ins. Co.*,
  366 P.2d 455 (Cal. 1961) .......................................................................................... 16

*County of San Bernardino v. Walsh*,
  158 Cal. Ct. App. 4th 533 (Cal. Ct. App. 2007) ...................................................... 32

*Evanston Ins. Co. v. Ghillie Suits.Com, Inc.*,
  Case No. C 08-2099 JF (HRL), 2009 U.S. Dist. LEXIS 22256 (N.D. Cal. Mar. 19, 2009)............18

*First Savings And Loan Assoc. v. Bank of Am.*,
  4 Cal. Ct. App.3d 393 (Cal. Ct. App. 1970) ............................................................ 32

iii

*Fischer v. First Int'l Bank,*
    1 Cal. Rptr. 3d 162 (Cal. Ct. App. 2003) ...................................................................19

*Ford v. Hotwire, Inc.,*
    No. 07-CV-1312 H(NLS), 2008 WL 5874305 (S.D. Cal. Feb. 25, 2008) .......................13

*Gerlinger v. Amazon.com, Inc.*
    311 F.Supp. 2d 838 (N.D. Cal. 2004) ................................................................... 31-32

*Graham v. Scissor-Tail, Inc.,*
    623 P.2d 165 (Cal. 1981) ...............................................................................20

*Headlands Reserve, L.L.C. v. Ctr. For Natural Lands Mgmt.,*
    523 F. Supp. 2d 1113 (C.D. Cal. 2007) ..................................................................16

*Hunt v. Super. Ct.,*
    97 Cal. Rptr. 2d 215 (Cal. Ct. App. 2000) ............................................................20

*In re Apple & AT&T Antitrust Litigation,*
    596 F. Supp. 2d 1288 (N.D. Cal 2008) ..................................................................22

*In Re Maxim Integrated Prods.,*
    No. C 08-00832 JW, 2009 U.S. Dist. Lexis 60940 (N.D. Cal. July 16, 2009) ...............10

*In Re Tobacco II Cases,*
    46 Cal. 4th 298 (2009) ............................................................................... 22-23

*In Re UTStarcom, Inc. Secs. Litig.,*
    617 F.Supp. 2d 964 (N.D. Cal. 2009) ...................................................................25

*Jefferson v. Chase Home Finance,*
    No. C06-6510 TEH, 2008 U.S. Dist. Lexis 101031 (N.D. Cal. 2008) ...........................24

*Krzyzanowsky v. Orkin Exterminating Co.,*
    2009 U.S. Dist. Lexis 14332 (N.D. Cal. 2009) ........................................................28

*Little v. Auto Stiegler, Inc.,*
    63 P.3d 979 (Cal. 2003) ...............................................................................21

*McDonnell Douglas Corp. v. Thiokol Corp.,*
    124 F.3d 1173 (9th Cir. 1997) .........................................................................18

*Meyers v. Guarantee Savs. & Loan Ass'n,*
    144 Cal. Rptr. 616 (Cal. Ct. App. 1978) ........................................................... 19-20

*Mezzetti v. State Farm Mut. Auto. Ins. Co.,*
    346 F.Supp. 2d 1058 (N.D. Cal. 2004) .................................................................24

*Missing Link, Inc. v. eBay, Inc.*,
    No. C-07-04487 RMW, 2008 U.S. Dist. Lexis 40593 (N.D. Cal. 2008)...................29-30

*National Rural Telecom Coop. v. DirecTV, Inc.*,
    319 F.Supp. 2d 1059 (C.D. Cal. 2003) ...........................................................30

*Net2Phone, Inc. v. Super. Ct.*,
    135 Cal. Rptr. 2d 149 (Cal. Ct. App. 2003) ....................................................12

*New York Life Ins. Co. v. Hollender*,
    237 P.2d 510 (Cal. 1951) ...........................................................................16

*Occidental Land, Inc. v. Superior Court*,
    18 Cal. 3d 355, 134 Cal. Rptr. 388, 556 P.2d 750 (1976) ..................................26

*Oracle Corp. v. SAP AG*,
    No. C 07-1658 PJH, 2008 U.S. Dist. Lexis 103300 (N.D. Cal. 2008) .....................32

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1997) ....................................................................10

*People v. Doolin*,
    198 P.3d 11 (Cal. 2009) .............................................................................16

*Perdue v. Crocker Nat'l Bank*,
    702 P.2d 503 (Cal. 1985) ...........................................................................20

*Ralph's Grocery Co. v. Cal. Dep't. of Food and Agriculture*,
    110 Cal. Ct. App. 4th 694 (2003)...............................................................31

*Ranger v. T-Mobile USA, Inc.*,
    No. EDCV 08-1518 VAP, 2009 U.S. Dist. Lexis 15849
    (C.D. Cal. 2009)......................................................................................25

*Register.com, Inc. v. Verio, Inc.*,
    356 F.3d 393 (2d Cir. 2004)........................................................................12

*Richeson v. Helal*,
    70 Cal. Rptr. 3d 18 (Cal. Ct. App. 2007) .......................................................15

*Robinson Helicopter Co. v. Dana Corp.*,
    34 Cal. 4th 979, 102 P.3d 268 (2004) ........................................................27

*Robison v. City of Manteca*,
    92 Cal. Rptr. 2d 748 (Cal. Ct. App. 2000) .....................................................21

*Sanserino v. Shamberger*,
    54 Cal. Rptr. 206 (Cal. Ct. App. 1966) .........................................................16

*Scudder v. Perce,*
  114 P. 571 (Cal. 1911) ................................................................................16

*Shaw v. Regents of the Univ. of Cal.,*
  67 Cal. Rptr. 2d 850 (Cal. Ct. App. 1997) ..................................................15

*Shin v. BMW of N. Am.,*
  No. CV09-00398 AHM, 2009 U.S. Dist. Lexis 67944 (C.D. Cal. 2009) ..................24, 26

*Signal Cos. v. Harbor Ins. Co.,*
  612 P.2d 889 (Cal. 1980) ............................................................................16

*Siligo, et al. v. Castellucci, et al.,*
  26 Cal. Rptr. 2d 439 (Cal. Ct. App. 1994) ..................................................15

*Specht v. Netscape Comm. Corp.,*
  306 F.3d 17 (2d Cir. 2002) ....................................................................13-15

*Spiegler v. Home Depot USA, Inc.,*
  552 F.Supp. 2d 1036 (C.D. Cal. 2008) ........................................................29

*Thackaberry v. Pennington,*
  280 P.2d 165 (Cal. Ct. App. 1955) ..............................................................18

*Ticketmaster L.L.C. v. RMG Techs., Inc.,*
  507 F. Supp. 2d 1096 (C.D. Cal. 2007) ........................................................13

*Vasquez v. Superior Court,*
  4 Cal. 3d 800 (1971) ....................................................................................27

*Vess v. Ciba-Geigy Corp.,*
  317 F.3d 1097 (9th Cir. 2003) ....................................................................25

*Walling v. Beverly Enters.,*
  476 F.2d 393 (9th Cir. 1973) ......................................................................25

*Williams v. Gerber Prods., Inc.,*
  552 F.3d 934 (9th Cir. 2008) .................................................................23-24

**STATUTES**

Cal. Bus. & Prof. Code § 12024.1 ............................................................... 30-31

Cal. Civ. Code §§ 1636, 1638, 1639 ............................................................ 15

Cal. Civ. Code § 1641 .................................................................................. 18

Cal. Civ. Code, § 1652 ................................................................................. 16

Cal. Civ. Code § 1670.5 ............................................................................... 20


**OTHER AUTHORITIES**

Cal. Code Civ. Proc. § 1858 ........................................................................ 16

Fed. R. Civ. P. 8(e)(2) .............................................................................. 3, 31

Fed. R. Civ. P. 9(b) .......................................................................... 3, 24-27, 29

Fed. R. Civ. P. 12 (b)(6) .............................................................................. 10

Restatement (Second) of Contracts § 211(3) (1981) ................................... 20

Plaintiffs Brice Yingling d/b/a Alamo Autosports ("Alamo") and Andy Scott ("Scott"), individually and on behalf of all those similarly situated, submit this response to the Motion to Dismiss (the "Motion") filed by Defendant eBay Inc. ("eBay") and state:

## I. **INTRODUCTION**

This case seeks to recover fees that eBay overcharged Plaintiffs and the Class for sales of Parts and Accessories in the eBay Motors online marketplace. In particular, eBay published specific "Transaction Services Fees" for eBay Motors Parts and Accessories on the web page called the "eBay Motors Fee Schedule." Rather than charging Transaction Services Fees, however, eBay instead (and admittedly) charged Plaintiffs fees based on the general Final Value Fees applicable to auctions on the eBay.com site. eBay's overcharges violated the parties' agreement and constitute violations of the common law and statutory consumer protection laws.

The distinction in fees results from the fact that eBay operates several different web sites; the two at issue here are eBay.com and eBaymotors.com ("eBay Motors"). Each web site has a web page with its own fee schedule, which fee schedule is linked to a common User Agreement web page. Although the eBay Motors Fee Schedule underwent several revisions over the years, including significant changes in October 2008, it was always independent of, and different from, the eBay.com fee schedule web page. One important difference was that the eBay Motors Fee Schedule had no reference to the eBay.com-specific Final Value Fees until October 2008. In October 2008, eBay changed the eBay Motors Fee Schedule to delete the Transactions Services Fees and state, for the first time, that for certain (but not all) auctions of Parts and Accessories, the newly named "Successful Listing Fees"[1] would be the "[s]ame as eBay.com Final Value Fees."

---

[1] Part of the October 2008 changes to the eBay Motors Fee Schedule was that eBay began using the term "Successful Listing Fees" instead of Transaction Services Fees. In addition, eBay further split the fees for eBay Motors Parts and Accessories into "Auction Style" and "Fixed Price" auctions. [*See* Ex. I]. The Successful Listing Fees for Auction Style Listings was "same as eBay.com Final Value Fees." Although not the subject of the motion, eBay continued to

eBay's Motion is premised almost entirely on a single sentence located on neither the eBay Motors Fee Schedule nor the eBay.com fee schedule web pages. On a "help" page entitled "Final Value Fees" (the "Final Value Fees Page"), which links from the eBay.com fee schedule, not the eBay Motors Fee Schedule, there is a sentence contained at the end of a paragraph that has the bold typeface heading "**eBay Motors Vehicles**." The sentence states "the parts category in eBay Motors uses the Final Value Fee structure" ("FVF Structure Sentence") and is immediately followed by "For more information, see <u>eBay Motors Fees</u>" (the underlined phrase, which is underlined on the actual web page, is a link to the eBay Motors Fee Schedule).

eBay incorrectly asserts that the FVF Structure Sentence was incorporated into the parties' contract and was an adequate disclosure that eBay would not abide by what the actual eBay Motors Fee Schedule said, but would instead charge Final Value Fees for Parts and Accessories sold on eBay Motors. The law, however, does not require the powerless party to a contract of adhesion to embark on a veritable Easter egg hunt to determine what terms might apply to the agreement. In addition, the FVF Structure Sentence cannot prevail over the more specific eBay Motors Fee Schedule. If anything, the FVF Structure Sentence bolsters Plaintiffs' assertion that eBay engaged in unfair and deceptive practices by publishing the eBay Motors Fee Schedule while intending to charge Final Value Fees pursuant to the comparatively obscure and obtuse FVF Structure Sentence. For these and the reasons more fully described below, Plaintiffs have adequately stated cognizable claims against eBay and the Court should therefore deny eBay's Motion to Dismiss.

## II. <u>STATEMENT OF ISSUES TO BE DECIDED</u>

Although the Motion identifies seven general categories of issues to be decided by the Court, eBay omits certain relevant issues and misstates others. Accordingly, Plaintiffs provide the following statement of issues:

---

misrepresent the Successful Listing Fees for Fixed Price Listings because it did not adhere to the percentages set forth in the eBay Motors Fee Schedule for these types of listings.

**1.    Breach of Contract Issues.**  Was the FVF Structure Sentence in the Final Value Fee Page incorporated into the parties' agreement with respect to Parts and Accessories fees?  If so, does the more specific table of defined Transaction Services Fees for Parts and Accessories [a defined term] in the eBay Motors Fee Schedule control over the FVF Structure Sentence, especially since the latter refers the reader back to the eBay Motors Fee Schedule for more information?  Finally, are Final Value Fees unenforceable and/or unconscionable, because they defeat the objectively reasonable expectations of users based on the eBay Motors Fee Schedule?

**2.    Fraud Pleading Issues.**  To what extent does Rule 9(b) apply to Plaintiffs' claims of unlawful, unfair or fraudulent conduct, and have Plaintiffs pleaded their claims with sufficient particularity?

**3.    Economic Loss Rule Issues.**  Does the economic loss rule apply to Plaintiffs' fraud and deceit claims where Plaintiffs allege wrongdoing arising out of (a) consumer contracts for services; and (b) a contract of adhesion that foreclosed any negotiation of the risk of loss?

**4.    UCL Claim Issues.**

    **(a)**    Was eBay's publication of the eBay Motors Fee Schedule unfair where eBay planned to charge conflicting Final Value Fees, which were nowhere mentioned on the eBay Motors Fee Schedule or User Agreement web pages?

    **(b)**    Do Plaintiffs have a viable weights and measures claim where eBay calculated fees based on a percentage of bid prices, instead of the amounts in the eBay Motors Fee Schedule?

    **(c)**    Have Plaintiffs properly pleaded statutory unconscionability?

**5.    Unjust Enrichment.**  Is Plaintiffs' unjust enrichment claim a proper alternative claim under Fed. R. Civ. P. 8(e)(2) and/or a proper claim to recover an overcharge?

# III.  STATEMENT OF FACTS

## A.  eBay's Acknowledgement About the October 2008 Fee Schedule Changes.

eBay does not seek to dismiss Plaintiffs' contract claims based on the User Agreement and eBay Motors Fee Schedule as revised in and after October 2008.  The October 2008 revision to the eBay Fee Schedule is, however, important to the Court's consideration of this Motion in one vital respect.  After October 2008, and for the first time, the eBay Motors Fee Schedule contains an explicit reference to Final Value Fees.  [Complaint ¶ 14].  In contrast, as detailed below, before October 2008, the eBay Motors Fee Schedule contained no mention of Final Value Fees.

## B.  eBay Motors' Relationship to eBay.

eBay Motors is a web site distinct from the separate eBay.com site.[2]   [Complaint ¶ 8]. eBay Motors was launched in 2000 by eBay and, at the time, the very first question in the eBay Motors FAQ page was as follows:

> Q.  How are eBay Motors and eBay related?
>
> A.  eBay Motors is a special automotive site run by eBay.  Any eBay user may use the eBay Motors site.  All of the same rules and privileges for eBay members apply here as on eBay with the exception of **pricing which is different between the two**.

[Ex. A].[3]

## C.  The User Agreement.

In order to sell items on the eBay Motors website, users must accept the terms of the eBay User Agreement.  The User Agreement has always been a non-negotiable adhesion contract drafted entirely by eBay.  [Complaint ¶ 9].  There has never been a mention of Final Value Fees, or link to the Final Value Fees Page, in the User Agreement.  [Ex. B].  Rather, although the User Agreement

---

[2]  Attached as Exhibit A is the June 19, 2000, version of the eBay Motors FAQ page, which was a direct link from the website, http://www.ebaymotors.com.  It appears that in approximately July 2004, eBay elected to move the eBay Motors website to http://www.motors.ebay.com.

[3]  All exhibits referenced herein are contained in the Appendix being filed contemporaneously herewith.  Unless otherwise notes, all emphases are supplied by counsel.

---

has undergone various changes and revisions during the relevant time period, the portion of the User Agreement entitled "Fees and Services" has consistently contained a link to the eBay.com "Fees Schedule" web page.

**D.      The "Fees Schedule" Link From the User Agreement.**

The "Fees Schedule" link contained within the "Fees and Services" paragraph of the User Agreement directed the user to a "eBay.com Fees" web page ("eBay Fee Schedule") similar to the following:



## ⎯ eBay.com Fees

View Fees for: **eBay.com** | eBay Motors | eBay Stores | Real Estate | PayPal

## Basic Fees

When you list an item on eBay, you're charged an Insertion Fee according to the table below. If the item sells, you are also charged a Final Value Fee. The total cost of selling an item is the Insertion Fee plus the Final Value Fee.

| Insertion Fees | | Final Value Fees | |
|---|---|---|---|
| Starting or Reserve Price | Insertion Fee | Closing Price | Final Value Fee |
| $0.01 - $0.99 | **$0.30** | Item not sold | **No Fee** |
| $1.00 - $9.99 | **$0.35** | $0.01 - $25.00 | **5.25%** of the closing value |
| $10.00 - $24.99 | **$0.60** | $25.01 - $1,000.00 | **5.25%** of the initial $25.00 ($1.31), **plus 2.75%** of the remaining closing value balance ($25.01 to $1,000.00) |
| $25.00 - $49.99 | **$1.20** | | |
| $50.00 - $199.99 | **$2.40** | Over $1,000.01 | **5.25%** of the initial $25.00 ($1.31), **plus 2.75%** of the remaining $25.00 - $1,000.00 ($26.81), **plus 1.50%** of the remaining closing value balance ($1,000.01 - closing value) |
| $200.00 - $499.99 | **$3.60** | | |
| $500.00 or more | **$4.80** | | |

[Ex. C (arrow supplied by counsel)].   Directly below the title "**eBay.com Fees**" is a navigation panel with multiple hyperlinks that allowed users to "View fees for:" other eBay sites and services, including eBay Motors, eBay Stores, Classified Ads, Real Estate, and Paypal.   The first bold-faced

entry on the navigation panel for "**eBay.com**" was not an active link, indicating that the page itself comprised the regular eBay Fee Schedule.

**E.   The eBay Motors Fee Schedule (Pre-October 2008).**

A user who clicked the "View Fees for: <u>eBay Motors</u>" link prior to approximately October 2008 would have arrived at the eBay Motors Fee Schedule, a page similar to the following:

---

# Motors Fees

View Fees for: <u>eBay.com</u> | **eBay Motors** | <u>eBay Stores</u> | <u>Classified Ad</u> | <u>Real Estate</u> | <u>PayPal</u>

**Basic fees**

You pay only an <u>Insertion Fee</u> and a <u>Transaction Services Fee</u> to list a vehicle on eBay Motors. The Transaction Services Fee is charged when the first bid is made on a listing without a reserve price or when your reserve price is met. There is no additional fee charged after the vehicle is sold. eBay Motors vehicle listings are those within the Passenger Vehicles, Motorcycles, Powersports and Other Vehicles categories.

Insertion and Transaction Service Fee

| Category | Insertion Fee | Transaction Services Fee |
|---|---|---|
| <u>Passenger Vehicles</u> | $40.00 | $50.00 |
| <u>Motorcycles</u> | $30.00 | $40.00 |
| <u>Powersports</u> | $30.00 | $40.00 |
| <u>Powersports Vehicles Under 50cc</u> | $3.00 | $3.00 |
| <u>Other Vehicles</u> | $40.00 | $50.00 |
| <u>Parts and Accessories</u> | Same as <u>eBay.com Insertion Fees</u> | Same as <u>eBay.com Insertion Fees</u> |



**Note:** For pricing information on Buy It Now, 10-day listings, 21-day listings, or scheduled listings, please refer to the **Optional Feature Fees** section on this page.

**You will not be charged a Transaction Services Fee if:**

- There were no bids on your item.
- There were no bids that met the reserve price on your reserve price listing.

Otherwise you will be charged a Transaction Services Fee, whether or not you carry out the sale with the buyer.

---

[Complaint ¶ 13; Appendix Ex. D (arrow supplied by counsel)].

Despite several iterations between 2005 and September 2008, the eBay Motors Fee Schedule typically described two types of fees that could apply to sales on eBay Motors. The first was an Insertion Fee and the second a Transaction Services Fee. Insertion Fees were charged on the front end upon listing. The Transaction Services Fees were supposed to be charged on the back end and only after the seller started receiving bids at or above the start price or reserve, if any.

Both fees differed, depending on the category of product being listed for sale. As noted above in the table, sales of Parts and Accessories reference the eBay.com "Insertion Fees" to calculate *both* the front-end and the back-end payments. Significantly, the eBay Motors Fee Schedule did not reference any kind of Final Value Fee, just the Insertion Fee and the Transaction Services Fee.

The same front/back-end fee structure (without reference to Final Value Fees) is apparent from earlier versions of the eBay Motors Fee Schedule. This is the eBay Motors Fee Schedule from January 2007:



**Motors Fees**

View Fees for: eBay.com | **eBay Motors** | eBay Stores | Ad Format | Real Estate | PayPal

**Basic fees**
You pay only an Insertion Fee and a Transaction Services Fee to list a vehicle on eBay Motors. The Transaction Services Fee is charged when the first bid is made on a listing without a reserve price or when your reserve price is met. There is no additional fee charged after the vehicle is sold. eBay Motors vehicle listings are those within the Passenger Vehicles, Motorcycles, Powersports and Other Vehicles categories.

**Insertion and Transaction Service Fee**

| Category | Insertion Fee | Transaction Services Fee |
|---|---|---|
| Passenger Vehicles | $40.00 | $40.00 |
| Motorcycles | $30.00 | $30.00 |
| Powersports | $30.00 | $30.00 |
| Powersports Vehicles Under 50cc | $3.00 | $3.00 |
| Other Vehicles | $40.00 | $40.00 |
| Parts and Accessories | Same as eBay.com Insertion Fees | Same as eBay.com Insertion Fees |

**Note:** For pricing information on Buy It Now, 10-day listings, 21-day listings, or scheduled listings, please refer to the **Optional Feature Fees** section on this page.

**You will not be charged a Transaction Services Fee if:**
• There were no bids on your item
• There were no bids that met the reserve price on your reserve price listing

[Complaint ¶ 13; Appendix Ex. E (arrow supplied by counsel)].

This is the eBay Motors Fee Schedule from January 2006:

## Motors Fees

View Fees for: eBay.com | eBay Motors | eBay Stores | Real Estate | PayPal

### Basic Fees

You pay only an Insertion Fee and a Transaction Services Fee to list a vehicle on eBay Motors. The Transaction Services Fee is charged when the first bid is made or your reserve price is met. There is no additional fee charged after the vehicle is sold. eBay Motors vehicle listings are those within the Passenger Vehicles, Motorcycles, Powersports and Other Vehicles categories.

| Insertion and Transaction Service Fee | | |
|---|---|---|
| Category | Insertion Fee | Transaction Services Fee |
| Passenger Vehicles | $40.00 | $40.00 |
| Motorcycles | $30.00 | $30.00 |
| Powersports | $30.00 | $30.00 |
| Pocket Bikes | $3.00 | $3.00 |
| Other Vehicles | $40.00 | $40.00 |
| Parts and Accessories | Same as eBay.com Insertion Fees | |



Note: For pricing information on Buy It Now, 10-day listings, 21-day listings, or scheduled listings, please refer to the **Optional Feature Fees** section on this page.

**You will not be charged a Transaction Services Fee if:**

• There were no bids on your item.
• There were no bids that met the reserve price on your reserve price listing.

[Complaint ¶ 13; Appendix Ex. F (arrow supplied by counsel)].

And, finally, this is the eBay Motors Fee Schedule from January 2005:

## — Motors Fees

View Fees for: eBay.com | eBay Motors | eBay Stores | Real Estate | PayPal

### Basic Fees

You pay only an Insertion Fee and a Transaction Services Fee to list a vehicle on eBay Motors. The Transaction Services Fee is charged when the first bid is made or your reserve price is met. There is no additional fee charged after the vehicle is sold. eBay Motors vehicle listings are those within the Passenger Vehicles, Motorcycles, Powersports and Other Vehicles categories.

| Insertion and Transaction Service Fee | | |
|---|---|---|
| Category | Insertion Fee | Transaction Services Fee |
| Passenger Vehicles | $40.00 | $40.00 |
| Motorcycles | $30.00 | $30.00 |
| Powersports | $30.00 | $30.00 |
| Other Vehicles | $40.00 | $40.00 |

**You will not be charged a Transaction Services Fee if:**

• There were no bids on your item.
• There were no bids that met the reserve price on your reserve price listing.

Otherwise you will be charged a Transaction Services Fee, whether or not you carry out the sale with the buyer.

Note: Parts and Accessories Insertion Fees are the same as eBay.com Insertion Fees.



[Complaint ¶ 13; Appendix Ex. G (arrow supplied by counsel)].

Each of the eBay Motors Fee Schedule pages reflects that the calculation of the fees applicable to Parts and Accessories on eBay Motors before the October 2008 revisions referenced only the Insertion Fee rates for figuring both the front-end and back-end fees. Moreover, *none* of these pages from 2005 to September 2008 contains any reference to Final Value Fees.

**F.** **The Final Value Fees Page – The FVF Structure Sentence Links Back to eBay Motors.**

The FVF Structure Sentence quoted by eBay in its Motion is contained in a paragraph with a heading indicating that it only discusses "vehicles" and which is located about two-thirds of the way down the Final Value Fees page:

> • **eBay Motors vehicles**: eBay does not charge a Final Value Fee. Instead, eBay charges a Transaction Services Fee. The Transaction Services Fee is charged when the first bid is made or your reserve price is met. If your vehicle listing ends without any bids, or the reserve not being met, you will not be charged this Transaction Services Fee. There is no additional fee charged after the vehicle is sold. **The parts category in eBay Motors uses the Final Value Fee structure. For more information see eBay Motors Fees.**

[McDonald Decl. Exs. A-D]. The underlined term "eBay Motors Fees" is a link to the eBay Motors Fee Schedule referenced above.

**G.** **eBay's Invoices.**

eBay incorrectly asserts that Plaintiffs "acknowledge" that any Plaintiff received "detailed invoices." [Motion at 6:26-7:5].[4] The invoices Plaintiffs received were typically lump-sum dollar amounts for the month that did not detail the manner or method of the fees charged. In any event, as Plaintiffs have alleged, eBay did not adequately disclose to Plaintiffs the method by which it calculated any "Final Value Fees." [Complaint ¶ 21].

---

[4] Exhibit A to the Complaint is not an invoice. It is a demonstrative aid prepared to show how the overcharge calculation can be performed. In order to create Exhibit A to the Complaint, Plaintiffs' counsel had to dust off his atrophied mathematics background to derive the formulas that it appears eBay used to calculate fees.

# IV. ARGUMENT AND AUTHORITIES

## A. Applicable Legal Standards.

When considering a Rule 12(b)(6) motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *In Re Maxim Integrated Prods.*, No. C 08-00832 JW, 2009 U.S. Dist. Lexis 60940 at *11 (N.D. Cal. July 16, 2009) (*quoting Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)). Moreover, any ambiguities must be resolved in favor of the plaintiff. *Id.* The complaint need only contain sufficient facts to show causes of action that are "plausible." *Id.*; *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Finally, the Court should grant leave to amend unless it is impossible to cure pleading defects by amendment. *Maxim* at *12 (citing *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)).

## B. Plaintiffs Have Properly Alleged Breach of Contract

As set forth more fully below, the User Agreement and link therein to the eBay Fees Schedule, which in turn links immediately and directly to the eBay Motors Fee Schedule, demonstrate that (1) the FVF Structure Sentence within the Final Value Fee web page was never effectively incorporated by reference; and (2) even if incorporated by reference, the eBay Motors Fee Schedule is specific and controlling over the generic reference to a Final Value Fee "structure."[5] Alternatively and in addition, eBay's attempt to interpose the FVF Structure Sentence

---

[5] For purposes of the Motion, Plaintiffs do not object to the authenticity of the Final Value Fee web pages attached to the McDonald Declaration, and further request that the Court take judicial notice of the various web pages referenced in the Complaint and included in the accompanying appendix. A district court "ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-6 (9th Cir. 1997). Since there is no dispute between the parties regarding the contents and structure of the web pages, Plaintiffs believe now is an appropriate time for the Court to address any legal effect these web pages may have on the scope and meaning of the parties' contract. Contrary to eBay's assertions, and as set forth more fully below, Plaintiffs do not agree that the Final Value Fee page or the FVF Structure Sentence is legally part of the parties' contract. To that extent, the Motion relies upon matters extraneous to the operative agreement.

to alter the eBay Motors Fee Schedule is beyond the parties' reasonable expectations and unconscionable.

### 1. The FVF Structure Sentence Was Not Part of the Contract for eBay Motors Sales of Parts & Accessories.

eBay's argument regarding Plaintiffs' pre-October 2008 contractual claims is based entirely on the FVF Structure Sentence within the Final Value Fee Page. Although eBay glibly asserts that the FVF Structure Sentence on the Final Value Fee Page was "incorporated as part of the parties' contract" [Memo at 3:4-5], this is incorrect as a matter of law.[6]

Navigating to the FVF Structure Sentence requires a user to (1) link to the eBay Fees Schedule from the User Agreement; (2) upon arrival at the eBay Fees Schedule page, bypass the specific link to the eBay Motors Fee Schedule; (3) instead select the Final Value Fees link appearing in the text describing eBay.com fees; (4) scroll down the Final Value Fees web page to a bullet-marked heading in bold typeface entitled "**eBay Motors Vehicles**" and read to the end of the paragraph to get to the FVF Structure Sentence; and (5) ignore the sentence that immediately follows the FVF Structure Sentence, which directs the user back to the specific eBay Motors Fee Schedule "for more information." eBay therefore asserts that Plaintiffs should have ignored the direct internet path to the eBay Motors Fee Schedule provided at the top of the eBay Fees Schedule and should have instead searched for subsequent links, including the Final Value Fee link, and read through the Final Value Fee page to arrive at the FVF Structure Sentence. Contrary to eBay's assertion, the law does not allow the drafter of an adhesion contract to incorporate such distant terms of which the other party has not been provided reasonable notice.

Although internet commerce sites like eBay Motors have necessarily created new methods to form online agreements, modern technology has not altered the fundamentals of contract law.

---

[6] eBay also mischaracterizes the allegations in Plaintiffs' Complaint. eBay states that all of Plaintiffs claims are based on the theory that eBay "did not disclose" the final value fees applied to sales on eBay Motors. [Memo at 9]. Plaintiffs' contract claims, however, are based on the fact that they *never agreed* to pay Final Value Fees. [Complaint ¶ 28].

*See Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 403 (2d Cir. 2004). California law regarding the incorporation of terms into a contract is well established:

> For the terms of another document to be incorporated into the document executed by the parties [1] the reference must be clear and unequivocal, [2] the reference must be called to the attention of the other party and he must consent thereto, and [3] the terms of the incorporated document must be known or easily available to the contracting parties.

*Baker v. Osborne Dev. Corp.*, 71 Cal. Rptr. 3d 854, 863 (Cal. Ct. App. 2008) (*quoting Chan v. Drexel Burnham Lambert, Inc.*, 223 Cal. Rptr. 838, 843 (Cal. Ct. App. 1986) (emphasis omitted)).

In *Chan*, a securities firm required its employee to sign a registration agreement drafted by the firm. *Chan*, 223 Cal. Rptr. at 839. The registration agreement provided that the employee agreed to abide by the rules and bylaws of the New York Stock Exchange (NYSE), which contained an arbitration clause. *Id.* at 840. The registration agreement, however, made no mention of arbitration. *Id.* at 844. The firm sought to compel arbitration, arguing that the NYSE arbitration clause was incorporated by reference. *Id.* at 840. The court construed the registration agreement against the firm, finding no incorporation of the NYSE arbitration provision. *Id.* at 843-45. The registration agreement made at most an "amorphous" mention of arbitration, so the reference was not clear and unequivocal. *Id.* at 845. Alternatively and in addition, the court found "troubling" that the stockbroker would have had to separately "seek out" and locate the arbitration clause. *Id.* at 844. Important to the court's analysis were these facts: 1) the registration agreement did not identify the purportedly incorporated document by title or similar specific reference; 2) the reference was "amorphous;" and 3) the agreement did not sufficiently guide the reader to the purportedly incorporated document. *Id.* at 844-45.

Similarly, in the context of on-line adhesion contracts, California courts have only enforced fully self-contained agreements; there is no authority that the drafter can force users to search for contractual terms contained in multiple, branching hyperlinks. *See, e.g., Net2Phone, Inc. v. Super. Ct.*, 135 Cal. Rptr. 2d 149, 151-53 (Cal. Ct. App. 2003) (enforcing forum-selection clause

contained directly in Net2Phone's "Terms of Use" agreement); *see also, e.g., Ford v. Hotwire, Inc.*, No. 07-CV-1312 H(NLS), 2008 WL 5874305, at *2 (S.D. Cal. Feb. 25, 2008) (additional fees set forth entirely in web page with "the complete provisions of the Terms of Use"); *Ticketmaster L.L.C. v. RMG Techs., Inc.*, 507 F. Supp. 2d 1096, 1107 (C.D. Cal. 2007) ("The underlined phrase 'Terms of Use' is a hyperlink to the full Terms of Use; the same phrase appears on almost every page of ticketmaster.com."); *Cairo, Inc. v. Crossmedia Servs., Inc.*, 2005 WL 756610, at *2 (N.D. Cal. Apr. 1, 2005) ("'Terms of Use' appears in an underlined and highlighted format which signals in a common Internet convention that users can view the terms by clicking on the hyperlink. Once a user clicks on the link, a user sees the full . . . Terms of Use" including the forum-selection clause at issue in that case).

For example, applying many of these basic standards of contract law in the arena of internet user agreements, now-Justice Sotomayor determined that, under California law, an on-line agreement did not incorporate an arbitration clause that was submerged more deeply in the web site than the main agreement. *Specht v. Netscape Comm. Corp.*, 306 F.3d 17, 31-35 (2d Cir. 2002). In *Specht*, a user who wanted to download certain software had to first scroll past the "download" button on the screen to see an "underlined invitation to review and agree to the terms" of the license agreement. *Id.* at 24. Next, the user had to click the underlined hyperlink, which would have taken the user to a separate webpage entitled "License & Support Agreements." *Id.* Finally, the user had to select, from several links on this page, the proper link to be taken to a page that had the full text of the agreement. *Id.*

The question, which was one of law, was whether the person clicking the download button had reasonable notice of the arbitration term, and had provided an objective manifestation of assent, when the arbitration clause was not on the same web page as either the "download" button or the agreements page:

> We are not persuaded that a reasonably prudent offeree in these circumstances would have known of the existence of license terms. Plaintiffs were responding to an offer that did not carry an immediately visible notice of the existence of license terms or require unambiguous manifestation of assent to those terms. Thus, plaintiffs' "apparent manifestation of ... consent" was to terms "contained in a document whose contractual nature [was] not obvious."

*Id.* at 31 (*quoting Windsor Mills v. Collins & Aikman Corp.*, 25 Cal. Ct. App. 3d 987, 992, 101 Cal Rptr. 347, 350 (Cal. Ct. App. 1972)). The court cited extensive California authority and went on to explain that on-line contract terms must be reasonably conspicuous:

> Reasonably conspicuous notice of the existence of contract terms and unambiguous manifestation of assent to those terms by consumers are essential if electronic bargaining is to have integrity and credibility.

*Id.* at 35.

Since eBay did not put the fees at issue into its User Agreement, it must show that the FVF Structure Sentence was somehow nevertheless incorporated by reference. This it cannot do. In order for potential users to find the FVF Structure Sentence when deciding whether or not to accept the User Agreement, they were required to (1) click the eBay.com Fees Schedule link in the User Agreement; (2) upon arrival at the eBay.com Fees Schedule page, *not* click the link at the top for the eBay Motors Fee Schedule and *instead* click the Final Value Fees link below the "Basic Fees" heading[7]; (3) scroll two-thirds the way down the Final Value Fee web page to a paragraph with a bold, bullet-marked heading **"eBay Motors Vehicles;"** (4) read to the end of this paragraph to get to the FVF Structure Sentence; and (5) disregard the link to the eBay Motors Fee Schedule that immediately follows the FVF Structure Sentence. In comparison, the process of reaching the eBay

---

[7] The sentences that lead to the Final Value Fees link begin with the phrase "When you list an item on eBay," not eBay Motors. There are over thirty additional hyperlinks on the generic eBay Fees Schedule page, most of which contain further, even deeper hyperlinks to various other parts of eBay's site. The resulting combinations of progressive hyperlinks and web pages are practically immeasurable. By eBay's reasoning, all such web pages could arguably be incorporated into the User Agreement. Such an absurdity simply fails to satisfy California's standards—particularly the "clear and unequivocal reference" requirement—and thus eBay's Final Value Fees cannot be incorporated by reference into the parties' User Agreement for eBay Motors transactions.

Motors Fee Schedule required (1) clicking the Fees Schedule link in the User Agreement; (2) upon arrival at the Fees Schedule page, clicking the link at the top for the eBay Motors Fee Schedule. And even more importantly, there was no mention of Final Value Fees or their application to eBay Motors transactions *anywhere* in the eBay Motors Fee Schedule prior to October 2008.

In summary, the reference to Final Value Fees in the FVF Structure Sentence was not incorporated into the parties' contract for several reasons. First, the reference to the FVF Structure Sentence was neither clear nor unequivocal because it was hidden two pages beyond the User Agreement and immediately followed by a reference to the eBay Motors Fee Schedule; the clear path was to go directly to the eBay Motors Fee Schedule. Second, the FVF Structure Sentence was not called to the attention of Plaintiffs, nor did they consent thereto, because the only way to find it was to disregard the prominent link to the eBay Motors Fee Schedule at the top of the general eBay Fees Schedule page. Third, the FVF Structure Sentence was neither known nor easily available to Plaintiffs because, under *Specht*, it was not sufficiently conspicuous such that Plaintiffs should have found it *instead* of the eBay Motors Fee Schedule. Fourth, eBay gave users the expectation that pricing would be "different" between eBay.com and eBay Motors. Thus, since eBay does not dispute that it charged fees different from those on the eBay Motors Fee Schedule, Plaintiffs have stated a claim for breach of contract.

### 2. Even if the FVF Structure Sentence is Included in the User Agreement, Final Value Fees Do Not Apply to eBay Motors.

California's rules of contract interpretation bar eBay's argument that the FVF Structure Sentence reference to Final Value Fees trumps the Transaction Services Fees set out in the eBay Motors Fee Schedule. The court ascertains the objective intent of the parties from the writing alone. Cal. Civ. Code §§ 1636, 1638, 1639 (*Deering* 2009); *Shaw v. Regents of the Univ. of Cal.*, 67 Cal. Rptr. 2d 850, 856 (Cal. Ct. App. 1997). Words have their ordinary and popular meaning. *Siligo, et al. v. Castellucci, et al.*, 26 Cal. Rptr. 2d 439, 444 (Cal. Ct. App. 1994) (citing Cal. Civ. Code § 1644); *Richeson v. Helal*, 70 Cal. Rptr. 3d 18, 27 (Cal. Ct. App. 2007) (using standard

dictionary definition to interpret the word "potential"). All terms must be harmonized if possible. *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith*, 80 Cal. Rptr. 2d 329, 348-49 (Cal. Ct. App. 1998) ("Courts must interpret contractual language in a manner which gives force and effect to every provision, and not in a way which renders some clauses nugatory, inoperative or meaningless."); *accord* Cal. Civ. Code, §§ 1641, 1652; Cal. Code Civ. Proc., § 1858; *accord New York Life Ins. Co. v. Hollender*, 237 P.2d 510, 514-15 (Cal. 1951); *Headlands Reserve, L.L.C. v. Ctr. For Natural Lands Mgmt.*, 523 F. Supp. 2d 1113, 1126 (C.D. Cal. 2007); *People v. Doolin*, 198 P.3d 11, 30 (Cal. 2009). When a general and a specific provision are inconsistent, the specific provision controls. *Sanserino v. Shamberger*, 54 Cal. Rptr. 206, 209 (Cal. Ct. App. 1966); *see also Signal Cos. v. Harbor Ins. Co.*, 612 P.2d 889, 899 (Cal. 1980) (Staniforth, J., dissenting); *Cont'l Cas. Co. v. Zurich Ins. Co.*, 366 P.2d 455, 460 (Cal. 1961); *Scudder v. Perce*, 114 P. 571, 573 (Cal. 1911) ("[W]hen general and specific provisions of a contract deal with the same subject-matter, the specific provisions, if inconsistent with the general provisions, are of controlling force").

Comparison of the eBay Motors Fee Schedule with the FVF Structure Sentence shows that the FVF Structure Sentence at most refers to the bifurcated "structure" of eBay Motors fees: (1) a front-end fee when an item is listed; and (2) a back-end fee if a successful bid is placed. Sellers' fees for "Parts and Accessories"[8] appear as follows:

---

[8] The phrase "Parts and Accessories" is also a link that leads to a detailed list of categories that include apparel, aviation parts, boat parts, and automobile-related services. [*See, e.g.*, Ex. H].

**Motors Fees**

View Fees for eBay.com | eBay Motors | eBay Stores | Ad Format | Real Estate | PayPal

**Basic fees**
You pay only an Insertion Fee and a Transaction Services Fee to list a vehicle on eBay Motors. The Transaction Services Fee is charged when the first bid is made on a listing without a reserve price or when your reserve price is met. There is no additional fee charged after the vehicle is sold. eBay Motors vehicle listings are those within the Passenger Vehicles, Motorcycles, Powersports and Other Vehicles categories.

**Insertion and Transaction Service Fee**

| Category | Insertion Fee | Transaction Services Fee |
|---|---|---|
| Passenger Vehicles | $40.00 | $40.00 |
| Motorcycles | $30.00 | $30.00 |
| Powersports | $30.00 | $30.00 |
| Powersports Vehicles Under 50cc | $3.00 | $3.00 |
| Other Vehicles | $40.00 | $40.00 |
| Parts and Accessories | Same as eBay.com Insertion Fees | Same as eBay.com Insertion Fees |

**Note:** For pricing information on Buy It Now, 10-day listings, 21-day listings, or scheduled listings, please refer to the **Optional Feature Fees** section on this page.

**You will not be charged a Transaction Services Fee if:**
• There were no bids on your item.
• There were no bids that met the reserve price on your reserve price listing.

[Ex. D]. The Transaction Services Fee column on the Parts and Accessories row says "Same as eBay.com Insertion Fees." This is the incorporation by reference that affects the calculation of back-end fees for successful Parts and Accessories listings: the eBay Motors back-end or Transaction Services Fee is supposed to be identical to the Insertion Fees for regular eBay.com auctions.

In contrast, the FVF Structure Sentence says: "The *parts* category in eBay Motors uses the Final Value Fee *structure*" followed immediately by: "For more information, see eBay Motors Fees." (underline in original; italics added). First, the reference to "parts" cannot include "accessories," and therefore excludes boat, aircraft and services categories within the defined "Parts and Accessories." [Ex. H]. Second, the FVF Structure Sentence immediately defers to "more information" on the eBay Motors Fee Schedule. Third, the word "structure" shows deference to the amounts set forth in the eBay Motors Fee Schedule.

"Structure" means an "organization of parts as dominated by the general character of the whole." Webster's New Collegiate Dictionary 1169 (9th ed. 1989). The consistent and harmonious interpretation of the eBay Motors Fee Schedule and FVF Structure Sentence is that the reference to the "Final Value Fee structure" means—at most—that eBay Motors charges a front-end fee on an item's insertion and imposes a back-end fee later. This bifurcated "structure" reconciles the fact that a Transaction Services Fee is "charged when the first bid is made on a listing without a reserve price or when your reserve price is met," whereas a Final Value Fee is charged "if your item is sold, ends with a winning bid, or is purchased." [*Compare* eBay Motors Fee Schedule explanation of Transaction Services Fee in Ex. D *with* Final Value Fee description in McDonald Decl. Exs. A-D.] Thus, the FVF Structure Sentence refers only to the qualitative pair of fees, whereas the quantitative *amount* of each fee must be derived from the detailed and specific eBay Motors Fee Schedule.

eBay's interpretation of the User Agreement is unreasonable because it renders meaningless the Transaction Services Fees section of the eBay Motors Fee Schedule for Parts and Accessories, as well as the word "structure" in the FVF Structure Sentence. *See, e.g.*, *McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1177 (9th Cir. 1997) (noting that under California law, where one party's interpretation of a contract would render a provision within the contract superfluous, that party's interpretation must be rejected); *Evanston Ins. Co. v. Ghillie Suits.Com, Inc.*, Case No. C 08-2099 JF (HRL), 2009 U.S. Dist. LEXIS 22256, at *33 (N.D. Cal. Mar. 19, 2009) (noting that "interpretations that render provisions superfluous are disfavored"); *Thackaberry v. Pennington*, 280 P.2d 165, 172 (Cal. Ct. App. 1955) ("[I]f reasonably practicable, all parts, *every word*, of an agreement are to be given effect.") (emphasis added); Cal. Civ. Code § 1641.

Finally, when eBay eventually did apply Final Value Fees to eBay Motors Parts and Accessories (and not simply a Final Value Fee "structure"), it certainly knew how - *and where* – to properly say so. Beginning in approximately October 2008, eBay revised the eBay Motors Fee Schedule to state that, for "Auction-Style" listings, the "Successful Listing Fees" were the "same as eBay.com Final Value Fees." The word "structure" was omitted and the change was made where you'd expect it, in the eBay Motors Fee Schedule, not a single extraneous sentence buried in the Final Value Fees web page. *See* Ex. I.

In conclusion, even assuming the FVF Structure Sentence was part of the User Agreement, the Court should still construe the Agreement to give effect to the Transaction Services Fee amounts on the eBay Motors Fee Schedule, at most allowing eBay to call those fees "Final Value Fees" as part of the fee "structure." Since eBay clearly charged fees that differ in amount from those on the eBay Motors Fee Schedule, Plaintiffs have stated a claim for breach of contract.

### 3. Even if the Final Value Fee Term was Incorporated Into the User Agreement, the Term is Unenforceable as a Matter of Law.

Any construction of the User Agreement that permits charging Final Value Fees for Parts and Accessories sales violates the "reasonable expectations" doctrine and is unconscionable.[9]

### a. Application of Final Value Fees Fails California's "Reasonable Expectations" Test.

A court will not enforce a term in an adhesion contract if it falls outside of the reasonable expectations of the weaker party. *Fischer v. First Int'l Bank*, 1 Cal. Rptr. 3d 162, 170 (Cal. Ct. App. 2003). A party's reasonable expectations are discerned by objective standards. *Meyers v. Guarantee Savs. & Loan Ass'n*, 144 Cal. Rptr. 616, 619-20 (Cal. Ct. App. 1978). A court should

---

[9] For the reasons set forth above, Plaintiffs allege that the FVF Structure Sentence is not a part of the User Agreement as a matter of law. Accordingly, there is no need for Plaintiffs to specifically plead the unenforceability of the FVF Structure Sentence as a contractual term. Nevertheless, to the extent the Court considers the FVF Structure Sentence to be incorporated within the User Agreement, Plaintiffs should be afforded an opportunity to plead the grounds on which that provision is unenforceable.

evaluate whether the weaker party had "plain and clear notification" of the disputed term and "an understanding consent." *Graham v. Scissor-Tail, Inc.*, 623 P.2d 165, 172-73 n.18 (Cal. 1981). *Meyers v. Guarantee Savs. & Loan*, 144 Cal. Rptr. 616, 620 (Cal. Ct. App. 1978) ("contract or provision which does not fall within the reasonable expectations of the weaker or 'adhering' party will not be enforced against him"); *see also* Restatement (Second) of Contracts § 211(3) (1981)). The California Supreme Court considers adequate notice of a term "an extremely significant [factor] to be weighed in assessing the reasonable expectations of the 'adhering' party." *Graham*, 623 P.2d at 173 n. 18. Without adequate notice, "the requisite mutual consent to that contractual term is lacking and no valid contract with respect to such clause thus exists." *Hunt v. Super. Ct.*, 97 Cal. Rptr. 2d 215, 219 (Cal. Ct. App. 2000) (*quoting Carnival Cruise Lines, Inc. v. Super. Ct.*, 286 Cal. Rptr. 323, 328 (Cal. Ct. App. 1991)).

Plaintiffs and the Class did not reasonably expect eBay to charge Final Value Fees because eBay placed the FVF Structure Sentence where no reasonable person would find it. Use of the word "structure" further obscures eBay's proffered meaning of the FVF Structure Sentence. Comparison with the eBay Motors Fee Schedule shows that an eBay Motors seller would reasonably expect to pay the amount described under the column for Transaction Services Fees, not the amount of Final Value Fees on the eBay Fee Schedule. Thus, Final Value Fees cannot be charged and Plaintiffs have stated a claim for breach of contract.

### b. The Final Value Fee Term is Unconscionable.

If a contract term is unconscionable, the court must strike the term from the agreement, even if the term is consistent with the reasonable expectations of the contracting parties. *Graham*, 623 P.2d at 173; Cal. Civ. Code § 1670.5 (*Deering* 2009); *Perdue v. Crocker Nat'l Bank*, 702 P.2d 503, 511 n.9 (Cal. 1985). Unconscionability has procedural and substantive elements. The former centers on oppression or surprise in connection with unequal bargaining power; the latter on overly harsh or one-sided results. *Armendariz v. Found. Health Psychare Servs.*, 6 P.3d 669, 690 (Cal.

2000). Both elements need not exist to the same degree: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.* Procedural unconscionability often applies to adhesion contracts. *See Little v. Auto Stiegler, Inc.*, 63 P.3d 979, 983 (Cal. 2003); *see also Armendariz*, 6 P.3d at 689 ("Unconscionability analysis begins with an inquiry into whether the contract is one of adhesion").

### (i)     Procedural Unconscionability

The procedural element centers on oppression and surprise. *A & M Produce Co. v. FMC Corp.*, 186 Cal. Rptr. 114, 122 (Cal. Ct. App. 1982). "Oppression" arises when an inequality of bargaining power results in no real negotiation between the parties and where the weaker party enjoys no meaningful choice. *Id.* "Surprise" occurs when "the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms." *Id.*; *see also Robison v. City of Manteca*, 92 Cal. Rptr. 2d 748, 753 (Cal. Ct. App. 2000) (noting that an inequality in bargaining power coupled with a lack of disclosure of material provisions gave rise to procedural unconscionability).

Imposition of Final Value Fees is procedurally unconscionable for two reasons. First, the User Agreement is one of adhesion. Second, as discussed more fully above, eBay obscured the FVF Structure Sentence two links away from the User Agreement in a direction a person looking for Motors Fees would not look. There is more than enough surprise and lack of bargaining to establish procedural unconscionability.

### (ii)     Substantive Unconscionability

Substantive unconscionability takes many forms, including lack of mutuality and benefits that inure wholly or largely to one party. *Little*, 63 P.3d at 984. In the class action context, this court has struck an arbitration clause because of the following two factors:

> [1] the agreement occurs in a setting in which disputes between the contracting parties predictably involve small amounts of damages;

and [2] the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money.

*In re Apple & AT&T Antitrust Litigation*, 596 F. Supp. 2d 1288, 1298 (N.D. Cal 2008). This Court should likewise refuse to allow eBay to use the obscure FVF Structure Sentence as a basis to cheat Plaintiffs and the Class out of individually small sums of money in contravention of the eBay Motors Fee Schedule. *See also A & M Produce*, 186 Cal. Rptr. at 126 (further noting that California law requires a lesser showing of substantive unconscionability when procedural unconscionability so clearly pervades).

## C.  **Plaintiffs' Extra-Contractual Claims Are Properly Alleged.**

eBay's substantive attack on the extra-contractual allegations relegates the most important UCL case to a footnote. [Memo at 13 n. 7]. *See In Re Tobacco II Cases*, 46 Cal. 4th 298 (2009). Any analysis of the pleading requirements for reliance must be informed by the substantive reliance requirements set forth in *Tobacco II*.

In *Tobacco II*, plaintiffs filed a UCL and CLRA class action because defendant cigarette manufacturers employed a "fraudulent course of conduct that spanned decades." 46 Cal. 4th at 307. The complaint set forth the public statements by defendants over the years about cigarette safety and addiction. The defendants opposed the substantive claims and class certification by asserting that the plaintiff and each class member would have to prove that he or she read or heard a misrepresentation and was thereby misled or deceived about the health risks of smoking. *Id.* at 309. The California Supreme Court concluded that the UCL "imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong." *Id.* at 326. The court immediately clarified that "this conclusion, however, is the beginning, not the end of the analysis . . . ." *Id.* First, reliance may be presumed as follows:

A presumption, or at least an inference, of reliance arises wherever there is a showing that a misrepresentation was material. A misrepresentation is judged to be "material" if "a reasonable man would attach importance to its existence or nonexistence in

determining his choice of action in the transaction in question," and as such materiality is generally a question of fact unless the "fact misrepresented is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it."

*Id.* at 327. Insofar as an individual plaintiff's reliance on particular misrepresentations is concerned, the Court further explained as follows:

Nor does a plaintiff need to demonstrate individualized reliance on specific misrepresentations to satisfy the reliance requirement . . . [T]he plaintiff is not required to allege that those misrepresentations were the sole or even the decisive cause of the injury-producing conduct. Furthermore, where, as here, a plaintiff alleges exposure to a long-term advertising campaign, the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements. Finally, an allegation of reliance is not defeated merely because there was alternative information available to the consumer-plaintiff even regarding an issue as pertinent as whether cigarette smoking causes cancer.

*Id.* at 327-28. The phrase eBay elected to quote in its Memorandum was from this sentence:

Accordingly, we conclude that a plaintiff must plead and prove actual reliance to satisfy the standing requirement of Section 17204 but, consistent with the principles set forth above, is not required to necessarily plead and prove individualized reliance on specific misrepresentations for false statements where, as here, those misrepresentations and false statements were part of an extensive and long-term advertising campaign.

*Id.* at 328 (compare Memo at 13 n.7).

Moreover, misleading advertising and unfair business practices are "governed by the 'reasonable consumer' test." *Williams v. Gerber Prods., Inc.*, 552 F.3d 934, 938 (9th Cir. 2008). Under this standard, plaintiffs need only show that "members of the public are likely to be deceived." *Id.* The advertising need not be blatantly false, because the UCL and CLRA:

Prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has the capacity, likelihood or tendency to deceive or confuse the public.

*Id.* (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002)). *Gerber* is very instructive here.

In *Gerber*, plaintiffs complained of deceptive packaging on a juice product via pictures of different types of fruit and statements that the product was "nutritious" and made with "fruit juice and other all natural ingredients." Plaintiffs contended the picture and words were misleading because none of the depicted fruit juices were contained in the product and there were non-nutritious, artificial ingredients. Gerber countered that no consumer could possibly be misled, because the FDA-required list of ingredients – also on the package - revealed that none of the fruits depicted were actually used to make the product and that non-natural ingredients were in fact contained in the product. The Ninth Circuit dispensed with Gerber's argument as follows:

> We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box . . . instead reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.

*Id.* at 939-40. *See also Shin v. BMW of N. Am.*, No. CV09-00398 AHM, 2009 U.S. Dist. Lexis 67944 (C.D. Cal. 2009) (reference in sales brochure that wheels "more susceptible to road hazard and consequential damages" did not absolve BMW for failing to disclose that wheels were also expected to have a shorter life span in general and be subject to cracking in ordinary use); *Jefferson v. Chase Home Finance*, No. C06-6510 TEH, 2008 U.S. Dist. Lexis 101031, *44-53 (N.D. Cal. 2008) (practice of not crediting extra payments to loan principal in contravention of payment coupon explanation violated UCL, CLRA and False Advertising law). Given these substantive principles, Plaintiffs' claims satisfy Rule 9(b).

1. **Plaintiffs' Claims Satisfy Rule 9(b).**

This Court has long acknowledged that the purpose of Rule 9(b) is to "ensure that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that he can defend against the charge and not just deny that they have done anything wrong." *Mezzetti v. State Farm Mut. Auto. Ins. Co.*, 346

F.Supp. 2d 1058, 1067 (N.D. Cal. 2004) (Ware, J.); *accord Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973).[10]   Even under the stringent requirements for pleading fraud under the securities laws, this Court has held that a complaint is sufficient if it identifies specific statements that were false or misleading, contrasted with allegations of the known and truthful facts.  *See In Re UTStarcom, Inc. Secs. Litig.*, 617 F.Supp. 2d 964, 871, 973 (N.D. Cal. 2009).

The Complaint adequately alleges the "who, what, when, where and how" of eBay's deceptive conduct.  *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Paragraph 8 of the Complaint alleges that eBay operates a distinct eBay Motors website with "separate and independent web pages setting forth sellers' fees, which fees differ from those of eBay.com." Paragraph 9 of the Complaint explains that the eBay User Agreement contains a "Fees Schedule" hyperlink, which in turn is hyperlinked to the eBay Motors Fee Schedule.  Paragraph 11 of the Complaint explains that the regular eBay.com Seller Fees differ from fees published on the eBay Motors Fee Schedule web page.  As for timing, the Complaint explains that the eBay Motors Fee Schedule differed at various times throughout 2005-2008, and provides specific examples of the eBay Motors Fee Schedules as of January 9, 2005, January 5, 2006, January 4, 2007, and October 2008.  These allegations explain the (1) who: eBay; (2) what: published fee schedules; (3) when: at least dates identified in Paragraph 13 of the Complaint; and (4) where: the web pages at www.ebay.com, www.ebaymotors.com, and www.motors.ebay.com.  The "how" is as follows.

The eBay Motors Fee Schedule contains a table setting out a Transaction Services Fee column and row for eBay Motors Parts and Accessories.  There is no mention on the eBay Motors Fee Schedule, prior to October 2008, that any fee would be the "same as eBay.com Final Value Fees."  Instead of complying with the published schedule of Transaction Services Fees, eBay

---

[10]   Rule 9(b) applies only to the extent that the claim "sounds in fraud."  *See, e.g., Ranger v. T-Mobile USA, Inc.*, No. EDCV 08-1518 VAP, 2009 U.S. Dist. Lexis 15849 (C.D. Cal. 2009, Cause 08-1518-VAP) (claims that defendant put unauthorized charges on bills did not need to satisfy 9(b)).

admits that it charged Final Value Fees. Plaintiffs allege that charging a fee different from that published is deceptive.

eBay's reliance upon the FVF Structure Sentence is ineffective because the FVF Structure Sentence was not reasonably accessible from the User Agreement. Moreover, the concept of "structure" implies at most two fees, a front-end fee to list, and a back-end fee after successful bidding, not that eBay would disregard the Transaction Services Fees in the eBay Motors Fee Schedule. In addition, immediately following the FVF Structure Sentence is: "for more information see eBay Motors Fees" that links back to the eBay Motors Fee Schedule. Thus, the FVF Structure Sentence at most confuses matters, but it certainly does not excuse eBay's misleading publication of the eBay Motors Fee Schedule.

These allegations are clearly sufficient under Rule 9(b), as they compare and contrast the published eBay Motors Fee Schedule with what eBay actually did. Plaintiffs and the Class are entitled to a presumption that they relied on the eBay Motors Fee Schedule because, as alleged, they paid the overcharge amounts. [Complaint ¶¶ 17, 30, 38, 44]. The Complaint clearly alleges that the alleged misrepresentations were part of an extended campaign in which eBay misled its users about how it charged fees. *Shin v. BMW of N. Am.*, No. CV09-00398 AHM, 2009 U.S. Dist. LEXIS 67994, 1-8 (C.D. Cal. July 16, 2009) ("Plaintiffs have made the requisite allegations: They would not have purchased their vehicles at the price they paid or would have purchased the vehicle with different wheels"). Moreover, price is typically considered an "essential" term. *Citizens Utilities Co. v. Wheeler*, 156 Cal. Ct. App. 2d 423, 433 (Cal. Ct. App. 1958).

Given the uniform nature of the representations to the Class and the necessary materiality of eBay's misrepresentations about the fees it would collect for its services, Plaintiffs have adequately pled facts giving rise to an inference of reliance in connection with their extra-contractual claims. *See, e.g., Occidental Land, Inc. v. Superior Court*, 18 Cal. 3d 355, 362-63, 134 Cal. Rptr. 388, 556 P.2d 750 (1976) (reliance inferred based on uniform misrepresentations to the class about the

future costs of maintaining certain common areas); *Vasquez v. Superior Court*, 4 Cal. 3d 800, 805, 814 (1971) (reliance inferred based on identical misrepresentations regarding value of meat freezer to class). The Court should therefore rule that Plaintiffs have adequately satisfied any requirement to plead "reliance" and have complied with Rule 9(b).

**D.    Plaintiff Yingling Does Not Assert Consumer
       Status Under the CLRA for Business Sales.**

Yingling agrees that, to the extent he used eBay for business purposes, he cannot claim CLRA consumer status. Plaintiff Scott is the main class representative for consumers. However, to the extent that Yingling used eBay Motors for any personal sales of Part and Accessories, he should also have consumer status.

**E.    The Fraud and Deceit Claim Goes Beyond Mere
       Breach of Contract (Economic Loss Rule Does not Apply).**

eBay argues that Plaintiffs' Sixth Cause of Action for Fraud and Deceit is barred by the economic loss doctrine. The seminal case on the doctrine is *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 102 P.3d 268 (2004). The economic loss doctrine:

> hinges on a distinction drawn between transactions involving the sale of goods for commercial purposes where economic expectations are protected by commercial law, and those involving the sale of deceptive products to individual consumers who are injured in a manner which has traditionally been remedied by resort to the law of torts.

*Id.* at 988. Thus, the doctrine applies to (1) commercial transactions; for (2) goods, not to consumer contracts for services. The California Supreme Court also acknowledged that California public policy includes a "legitimate and compelling interest in preserving a business climate free of fraud and deceptive practices." *Id.* at 992. One purpose of limiting remedies to breach of contract "assumes that the parties to a contract can negotiate the risk of loss occasioned by a breach." *Id.* An adhesion contract (like eBay's) by definition forecloses any negotiation about risk of loss associated with a breach. Therefore, under *Robinson*, the economic loss doctrine does not bar Plaintiffs' claims.

Moreover, the economic loss rule cannot apply because of eBay's deceptive conduct. eBay misrepresented or omitted contract terms in order to perform a "bait and switch." In particular, eBay published the eBay Motors Fee Schedule, which is a direct and logical link from the User Agreement. Instead of applying this schedule, eBay buried the vague FVF Structure Sentence in the Final Value Fee Page, at the end of a paragraph entitled: "**eBay Motors Vehicles**." This hidden statement was apparently intended by eBay to allow it to charge amounts calculated as eBay.com Final Value Fees, instead of the advertised Transaction Services Fees. This is precisely the type of misrepresentation that justifies the imposition of extra-contractual remedies. *See Krzyzanowsky v. Orkin Exterminating Co.*, 2009 U.S. Dist. Lexis 14332 (N.D. Cal. 2009).

In *Krzyzanowsky*, Orkin contracted with the plaintiff to perform certain pest control practices. However, some of the products that Orkin offered were not effective, a fact that Orkin knew. The evidence further showed that Orkin never intended to live up to the representations in its brochure regarding the effect of its services. The court found that the evidence was sufficient to allow a fact finder to determine that Orkin knowingly misrepresented material facts and failed to disclose material facts, with the intent to induce consumers to enter into a contract for services. Under these circumstances, the court found that the economic loss doctrine did not apply. *Id.*

Similarly, the allegations here are that eBay's User Agreement directly leads to the eBay Motors Fee Schedule, which contained no mention of Final Value Fees before October 2008. The structure of the eBay Motors Fee Schedule is to charge (1) a front-end Insertion Fee; and (2) a back-end Transaction Services Fee. Any reasonable consumer would be satisfied with this information, and would never look for a separate web page for Final Value Fees, let alone search therein for the lone FVF Structure Sentence. eBay deliberately hid its intent to charge Final Value Fees by burying the FVF Structure Sentence in another web page. This is precisely the type of independent tortious conduct that begets the extra-contractual claims in the Complaint. The Court should therefore refuse to apply the economic loss doctrine to Plaintiffs' claims.

**F. Plaintiffs Properly Allege UCL Claims.**

**1. Plaintiffs Properly Allege Unfair Practices by eBay.**

In a reiteration of its contract argument, eBay asserts that there was nothing "unfair" about its conduct because it charged fees that were "expressly disclosed and contemplated as part of the parties' contract." [Memo at 16:6]. Perhaps *eBay* contemplated those fees. *Plaintiffs*, however, certainly did not and have alleged that eBay failed to properly disclose the calculation of the "real" fees being charged. Moreover, the case upon which eBay relies actually *supports* the UCL claim here. *See Spiegler v. Home Depot USA, Inc.*, 552 F.Supp. 2d 1036 (C.D. Cal. 2008).

In *Speigler*, the plaintiff entered into a fixed-price agreement and later complained that the agreement was unfair, because Home Depot was able to subcontract the agreed-upon work at a lesser price. The reason the court dismissed the UCL claim is as follows:

> There is no allegation that defendants deviated from any pre-existing price schedule in calculating the price charged to plaintiffs.

*Id.* at 1041. The court first acknowledged that the Rule 9(b) motion to dismiss failed because the plaintiffs adequately alleged a difference between the price charged and the appropriate price. *Id.* However, since there was no allegation that the defendants ever "promised plaintiffs, expressly or impliedly, orally, in writing, or by their conduct, that they would" charge a different price, there was nothing unfair about the contract. *Id.* at 1046.

In contrast, Plaintiffs' allegations are clear. They allege that eBay published the eBay Motors Fee Schedule in precisely the location where a consumer would expect to find it. Instead of applying the Transaction Services Fees stated in the eBay Motors Fee Schedule, eBay applied Final Value Fees. The only way a seller of Parts and Accessories might suspect that Final Value Fees would apply is if he or she navigated away from eBay Motors, to the Final Value Fee Page, got past a heading entitled: "eBay Motors Vehicles," and interpreted the phrase "Final Value Fee structure" to mean "the same as Final Value Fees." It is patently unfair for eBay to publish one price list, and then attempt to avoid it by relying on a web page that no reasonable user would ever

see or understand to trump the patently applicable web page. Accordingly, the Court should deny the motion to dismiss the UCL claims.

### 2. Common Law Claims Can Be Predicates for UCL Claims.

In an effort to recycle an argument it previously lost, eBay asserts that "common law claims, such as breach of contract and common law fraud, cannot serve as a predicate act under the unlawful prong of the UCL." [Memo at 17:8]. eBay previously lost this same argument in this District and Division via an opinion stating that a breach of contract claim based on conduct that is "unlawful, or unfair, or fraudulent" is a viable predicate for a UCL claim. *See Missing Link, Inc. v. eBay, Inc.*, No. C-07-04487 RMW, 2008 U.S. Dist. Lexis 40593, *21-22 (N.D. Cal. 2008); *accord National Rural Telecom Coop. v. DirecTV, Inc.*, 319 F.Supp. 2d 1059, 1074 (C.D. Cal. 2003). The plaintiff in *Missing Link* alleged that eBay was short-changing sellers on the amount of time their item would be available for search, in contravention of eBay's advertised policies and procedures. It turns out that eBay begins counting down the time a listing is active immediately upon listing, but fails to make the listing searchable for a period of approximately four hours after a user has submitted a "Sell Your Item" form. This is precisely analogous to the allegation here that eBay overcharged beyond the fees set forth in the eBay Motors Fee Schedule. Because Plaintiffs have adequately alleged that eBay's conduct of charging more than it advertises was unlawful, unfair, or fraudulent, the common law claims for breach of contract and fraud are proper predicates for the UCL claim.

### 3. The Weights and Measures Claim is Valid.

The weights and measures claim explains how eBay "misrepresents a charge for services rendered on the basis of weight, time, measure, or count." *See* Cal. Bus. & Prof. Code § 12024.1. eBay advertises in the eBay Motors Fee Schedule that it will charge a certain Transaction Services Fee. Instead, eBay willfully charged fees based on "measure or count" insofar as Final Value Fees are percentages of item bid prices. This is no different from the grocer that advertises produce at

one price per pound, and charges another price per pound, which is a clear violation of the weights and measures statute.[11]

### 4.    Plaintiffs Have Properly Alleged Statutory Unconscionability.

Contrary to the assertion in eBay's motion, Plaintiffs do not allege that the back-end Transaction Services and Successful Listing Fees are unconscionable.  [Motion at 18].  Plaintiffs allege that these fees, as advertised in the eBay Motors Fee Schedule, should have been charged, rather than the unconscionable Final Value Fees, which (for the pre-October 2008 period at issue in the Motion) were never properly brought to the attention of Plaintiffs.  In other words, eBay's effort to impose Final Value Fees, either through the obscure FVF Structure Sentence or otherwise, is unconscionable and therefore a predicate statutory violation for the UCL claim.[12]

## G.    The Unjust Enrichment Claim is Properly Pleaded in the Alternative.

eBay again ignores a decision from the Northern District of California in its effort to dismiss the unjust enrichment claim.  *See Blennis v. Hewlett-Packard Co.*, No. C 07-00333 JF, 2008 U.S. Dist. Lexis 106464 (N.D. Cal. 2008).  In *Blennis*, the plaintiffs brought a putative class action against Hewlett-Packard alleging, among other things, breach of express warranty and unjust enrichment based upon ink cartridges shutting down due to date-driven expiration, rather than consumption of all the ink contained in the cartridges.  In response to exactly the argument posed by eBay here, the Court refused to dismiss the unjust enrichment claim under Federal Rule of Civil Procedure 8(e)(2), which states that a party may "state as many separate claims or defenses as the party has, regardless of consistency."  *Id.* at * 12.  The *Blennis* Court expressly refused to apply the reasoning in *Gerlinger v. Amazon.com, Inc.* 311 F.Supp. 2d 838 (N.D. Cal. 2004), the primary case

---

[11]    eBay's citation to *Ralph's Grocery Co. v. Cal. Dep't. of Food and Agriculture*, 110 Cal. Ct. App. 4th 694, 697 (2003) is inapt.  The court never cited Section 12024.1, and in fact stated that, "we have not been called upon to interpret Sections 12024 or 12024.3."  Id. at 700 n.3 (finding violations of Section 12023, because grocer sold seed that weighed less than advertised on the packaging).

[12]    Plaintiffs also contend that any limitation of liability or remedies in the User Agreement is unconscionable.

upon which eBay relies. Notably, *Gerlinger* was a summary judgment decision, after the facts had been more fully developed and the scope of any contract delineated. Accordingly, while this Court may ultimately conclude that, as Plaintiffs contend, the contract unambiguously prohibits eBay from charging the Final Value Fees at issue, that point has not yet been reached and Plaintiffs should be allowed to alternatively plead unjust enrichment.[13]

In addition, California law expressly recognizes a claim for unjust enrichment/common law restitution to recover wrongfully collected overcharges in connection with an underlying contract. *Bridges v. Cal-Pacific Leasing Co.*, 16 Cal. Ct. App.3d 118, 124-127 (Cal. Ct. App. 1971). (where plaintiff overpaid on contract, the court awarded restitution to avoid unjust enrichment); *First Savings And Loan Assoc. v. Bank of Am.*, 4 Cal. Ct. App.3d 393, 395-96 (Cal. Ct. App. 1970) (upholding restitution award for overpayment and noting that, in California, "mistakes of law and fact should be treated alike").; *American Oil Svc. v. Hope Oil Co.*, 233 Cal. Ct. App.2d 822 (Cal. Ct. App. 1965) (restitution allowed where accountant misconstrued terms of underlying contract and overpaid).

---

[13] eBay also claims that there is no such independent cause of action as unjust enrichment, although it relegates that argument to footnote 13 in its Memo. eBay omits any reference to the decisions acknowledging the existence of unjust enrichment as an "equitable principle that underlies various legal doctrines and remedies." *See County of San Bernardino v. Walsh*, 158 Cal. Ct. App. 4th 533, 542 (Cal. Ct. App. 2007). In fact, the Northern District of California has stated that

> Under an unjust enrichment theory, restitution may be awarded either (1) in lieu of breach of contract damages, where an asserted contract is found to be unenforceable or ineffective; or (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct, but the plaintiff has chosen not to sue in tort.

*Oracle Corp. v. SAP AG*, No. C 07-1658 PJH, 2008 U.S. Dist. Lexis 103300, * 23-24 (N.D. Cal. 2008). None of the cases upon which eBay relies held the plaintiff is not entitled to restitution for benefits unjustly received. Accordingly, at the pleading stage, the Court should permit the unjust enrichment claim to move forward.

# V. CONCLUSION

In conclusion, the Court should deny Plaintiffs' partial Motion to Dismiss for the reasons set forth above. Alternatively, if the Motion is granted, either in whole or in part, Plaintiffs should be afforded an opportunity to amend the Complaint as may be appropriate.

Dated: August 28, 2009

Respectfully submitted,


By: /s/ Keith R. Verges
    Keith R. Verges

Keith R. Verges
Parker D. Young
Raymond E. Walker
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone (214) 939-2017
Facsimile (214) 939-2090
*ADMITTED PRO HAC VICE*

Shawn T. Leuthold
Law Office of Shawn T. Leuthold
1671 The Alameda #303
San Jose, California 95126
Telephone: (408) 924-0132
Facsimile: (408) 924-0134

ATTORNEYS FOR PLAINTIFFS


# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record will be served with a copy of this document via the Court's CM/ECF system pursuant to the local rules of this Court, on this 28th day of August 2009.

/s/ Keith R. Verges
Keith R. Verges