IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Brice Yingling, dba, Alamo Autosports, et al., | NO. C 09-01733 JW |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| eBay, Inc., | |
| Defendant. | |

## I. INTRODUCTION

Brice Yingling and Andy Scott ("Plaintiffs") bring this putative class action against eBay, Inc. ("Defendant"). Plaintiffs sue on behalf of members of Defendant's auction website who, within the past four years, have paid eBay Motors[1] fees called "Final Value Fees," "Transaction Services Fees," or "Successful Listing Fees" as sellers in eBay Motors auctions of parts and accessories, alleging, *inter alia*, breach of contract, fraud, and violations of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. Plaintiffs allege that Defendant engaged in deceptive business practices intending to mislead sellers into paying higher fees than were allegedly agreed to under the terms of use for the eBay Motors website. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

---

[1] eBay Motors is an eBay auction website dedicated to the sale of motor vehicles and parts and accessories.

Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). (hereafter, "Motion," Docket Item No. 23.) The Court conducted a hearing on October 5, 2009. Based on the papers submitted to date and oral argument, the Court GRANTS in part and DENIES in part Defendant's Motion.

## II.  BACKGROUND

In a First Amended Class Action Complaint filed on June 16, 2009, Plaintiffs allege as follows:

Plaintiffs are residents of Texas.[2] Defendant is a Delaware corporation with its principal place of business in San Jose, California. (Id. ¶ 3.)

eBay operates several online auction websites, including eBay.com and eBay Motors. (FAC ¶¶ 7-8.) eBay.com is located at www.ebay.com and generally carries auctions involving non-vehicle related merchandise. (Id.) eBay Motors is located at www.motors.ebay.com or www.ebaymotors.com and specializes in the sale of vehicles and vehicle-related merchandise, including vehicle parts and accessories. (Id.) eBay Motors has separate and independent web pages setting forth sellers' fees, which differ from those at eBay.com. (Id.)

In order to list items for sale on either eBay.com or eBay Motors, eBay requires sellers to first become "members" of eBay by accepting the User Agreement located at http://pages.ebay.com/help/policies/user-agreement.html (the "User Agreement"). (FAC ¶ 9.) eBay states in the User Agreement that it will charge fees to sellers based upon its "Fees Schedule," which is hyperlinked to http://pages.ebay.com/help/sell/fees.html, and which in turn provides another hyperlink to the eBay Motors fee schedule located at http://pages.ebay.com/help/sell/motorfees.html (the "eBay Motors Fee Schedule"). (Id.) The User Agreement and the eBay Motors Fee Schedule comprise the operative contractual

---

[2]  (First Amended Class Action Complaint ¶¶ 1-2, hereafter, "FAC," Docket Item No. 19.)

documents for determining the method of calculating fees to be charged to sellers on eBay Motors. (Id.)

Throughout the class period, sellers at eBay's general auction site, eBay.com, have been charged two primary types of fees: an "Insertion Fee" and a "Final Value Fee." (FAC ¶ 9.) On the other hand, beginning at least as early as 2005, the eBay Motors Fee Schedule established two primary types of fees that could be charged to sellers: an "Insertion Fee" and a "Transaction Services Fee." (Id. ¶ 12.) Rather than charging Transaction Services Fees, however, eBay instead charged Plaintiffs fees based on the general Final Value Fees applicable to auctions on the eBay.com site. (Id. ¶ 29.) Prior to October 2008, there was no reference on any of the eBay Motors Fees Schedule web pages to the eBay-specific Final Value Fee; instead, the eBay Motors Fee Schedule specified only Transaction Services Fees and Successful Listing Fees. (Id. ¶ 16.)

In approximately October 2008, eBay changed the name of the second fee from "Transaction Services Fee" to "Successful Listing Fee," which, for the first time, referenced the eBay.com Final Value Fee. (FAC ¶ 14.) However, it referenced Final Value Fees only for auction style sales, not fixed price sales. (Id.) Thus, the calculation of Successful Listing Fees for fixed price sales at eBay Motors continued to differ from the calculation of Final Value Fees at eBay.com even after the October 2008 fee changes, resulting in eBay continuing to overcharge sellers. (Id. ¶ 15.) After the October 2008 fee changes, the eBay Motors Fee Schedule provided that Successful Listing Fees in Fixed Price Auctions would be calculated based upon a flat percentage rate applied to the entire sales price, rather than stacked fees at each price tier as was done with eBay.com Final Value Fees. (Id. at 15.)

eBay has consistently failed to properly calculate and charge Transaction Services Fees and Successful Listing Fees in accordance with the eBay Motors Fee Schedule for Parts and Accessories sold through eBay Motors. (FAC ¶ 17.) This has resulted in significant overcharges of sellers' fees to Plaintiffs and the Class. (Id.) Plaintiffs were overcharged both before and after October 2008. (See id. ¶¶ 19-21.)

On the basis of the allegations outlined above, Plaintiffs allege seven causes of action: (1) Breach of Contract; (2) Violation of California Unfair Competition Law ("UCL"), Cal. Civ. Code §§ 17200, *et seq.*, (3) Violation of California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (4) Violation of California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (5) Unjust Enrichment; (6) Fraud and Deceit; and (7) Declaratory Judgment of Contractual Rights and Statutory Violations.

## III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

4

## IV.  DISCUSSION

Defendant moves to dismiss Plaintiffs' claims on the following grounds: (1) Plaintiffs' pre-October 2008 claims fail because Final Value Fees were part of the parties' agreement and applied to sales of parts and accessories in eBay Motors; (2) Plaintiffs' fraud based claims are insufficiently alleged; (3) Plaintiffs' CLRA, UCL, and fraud claims fail for additional reasons; (4) Plaintiffs cannot allege unjust enrichment while also alleging an express contract; and (5) there is no basis for Plaintiffs' declaratory judgment claim.  The Court addresses each of Defendant's contentions in turn.

### A.    Pre-October 2008 Claims

The parties dispute whether the Final Value Fee ("FVF") structure was incorporated into the operative agreement prior to October 2008 (at which time, Defendant added an explicit reference to FVF in the eBay Motors Fee page) and whether it specifically applied to sales within eBay Motors. Defendant contends that the web pages comprising the operative agreement in this case clearly disclosed that the FVF structure applied to the transactions in question, and therefore, Plaintiffs' pre-October 2008 for alleged overcharges fail.  (Motion at 8-10.)  Plaintiffs contend that the FVF structure was not part of the parties' agreement and did not apply to eBay Motors sales of parts and accessories, and that the FVF terms are unenforceable in any event.[3]

Under California law, interpretation of the language of a contract is a question of law, to be determined exclusively by the court.  See Waller v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 18 (Cal. 1995).  The court interprets a contract "to give effect to the mutual intention of the parties." Foster-Gardner, Inc. v. National Union Fire Ins. Co., 18 Cal. 4th 857, 868 (Cal. 1998).  Only when terms are ambiguous, does the court look to extrinsic evidence to aid interpretation, while straining not to find ambiguity where none exists.  Waller, 11 Cal. 4th at 19.  Where general and particular contract provisions are inconsistent, the particular provision controls.  Thomson v. Toll Dublin, LLC, 165 Cal. App. 4th 1360, 1370 (Cal. Ct. App. 2008); Prouty v. Gores Tech. Group, 121 Cal.

---

[3] (Plaintiffs' Response to Defendant's Motion to Dismiss at 10-11, hereafter, "Opposition," Docket Item No. 33.)

5

App. 4th 1225, 1235 (Cal. Ct. App. 2004). In cases where the party that drafted the contract has significantly more power than the other party, courts generally apply the rule that ambiguities should be resolved against the drafter. See DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc., 176 Cal. App. 4th 697, 716 (Cal. Ct. App. 2009).

### 1. Final Value Fee Structure as Part of the Parties' Agreement

Defendant contends that the Court should consider as part of the operative contract the web page containing the FVF structure because it is accessible as a link contained in the "Fees Schedule" web page which is itself accessible as a link in the User Agreement. (Motion at 8.)[4] Plaintiffs contend that the FVF web page is too tenuously connected to the User Agreement to be considered part of the contract between the parties. (Opposition at 11-15.)

---

[4] Defendant requests that the Court take judicial notice of Final Value Fees web pages from 2005-2008. (See Defendant eBay Inc.'s Request for Judicial Notice in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint, hereafter, "RJN," Docket Item No. 24.) "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Kinkade v. Trojan Express, LLC, No. SACV 08-1362 AG, 2009 WL 799390, at *2 (C.D. Cal. Mar. 23, 2009) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990)). But "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in a ruling on a Rule 12(b)(6) motion to dismiss." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

Thus, the Court GRANTS Defendant's RJN because the documents are referenced by the First Amended Class Action Complaint and Plaintiffs do not object to the authenticity of the documents. (See Opposition at 10 n.5.) The Court also GRANTS Plaintiffs' request (see Opposition at 10 n.5) that the Court take judicial notice of exhibits B-I to Plaintiffs' Appendix in Support of Plaintiffs' Response to Defendant's Motion to Dismiss because those web pages are referenced in the First Amended Complaint. (hereafter, "Opposition Appx.," Docket Item No. 34.)

The Court DENIES Plaintiffs' request as to Opposition Appx., Ex. A because the eBay Motors FAQ Page from 2000 is far outside of the relevant time period and is not referenced in the First Amended Complaint.

The Court GRANTS in part Defendant eBay Inc.'s Request for Judicial Notice in Support of its Reply in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint (Docket Item No. 38) as to the Third Amended Complaint in Williams v. Gerber Prods. Co., No. 05 CV 1278 JM (JFS) (S.D. Cal.) because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court DENIES in part eBay's Request as to Plaintiff Brice Yingling's March 15, 2008 invoice because the invoices referenced in the First Amended Class Action Complaint pertain to October 2008 and later, and Plaintiffs question the authenticity of the invoice. (See FAC ¶ 20; Plaintiffs' Response to Defendant eBay Inc.'s Request for Judicial Notice at 2-4, Docket Item No. 44.)

6

1   Here, since Plaintiffs referenced the User Agreement and the eBay Motors Fee Schedule and
2  allege that they comprise the operative contractual documents for determining the method of
3  calculating fees to be charged to sellers on eBay Motors, the Court may consider these documents.
4  (FAC ¶ 9.) Plaintiffs concede that a user can reach the FVF web page from the User Agreement web
5  page by clicking on the Fees Schedule link and then, once at the Fees Schedule web page, clicking
6  on the FVF link. (Opposition at 11.) Accordingly, the Court finds that the Final Value Fees web
7  page is part of the agreement between the parties.

**2.     Application of the FVF to eBay Motors Parts and Accessories Sales**

Defendant contends that the FVF page explicitly states that it applies to eBay Motors. (Motion at 9.) Plaintiffs contend that the FVF page by its own terms does not apply to eBay Motors sales of parts and accessories. (Opposition at 15-19.)

Here, the pre-October 2008 FVF page provides, "eBay Motor Vehicles: eBay does not charge a Final Value Fee. Instead, eBay charges a Transaction Services Fee. . . . There is no additional fee charged after the vehicle is sold. The parts category in eBay Motors uses the Final Value Fee structure. For more information, see eBay Motors Fees."[5] Prior to October 2008, however, the eBay Motor Fees page did not reference Final Value Fees at all. (FAC ¶ 16; see Plaintiffs' Appx., Exs. D-G.) Thus, Plaintiffs have alleged sufficient facts to show that Final Value Fees were not clearly applicable to pre-October 2008 sales of parts and accessories in eBay Motors.[6]

---

[5] (See Declaration of Matthew McDonald in Support of Defendant eBay Inc.'s Request for Judicial Notice, Exs. A, B, C, hereafter, "McDonald Decl.," Docket Item No. 25.) The Final Value Fees page shown in McDonald Decl., Ex. D, from September 2008, differs from the other pre-October 2008 pages only in that it begins "eBay doesn't charge a Final Value Fee *for motor vehicles*." (emphasis added).

[6] Although the Court finds that Plaintiffs' allegations are sufficient to survive Defendant's motion to dismiss on this ground, the Court declines Plaintiffs' invitation to rule definitively on the full scope and meaning of the contract between the parties. (See Opposition at 10 n.5.) Furthermore, because the Court finds in favor of Plaintiffs on this ground, the Court need not reach Plaintiffs' contention that the FVF terms are unenforceable. (See Opposition at 19-22.)

7

**B.     Sufficiency of Fraud-Based Claims Under Rule 9(b)**

Defendant contends that Plaintiffs' claims based on fraud fail to meet the particularity requirement of Fed. R. Civ. P. 9(b).  (Motion at 11-12.)

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Allegations under Rule 9(b) must be stated with "specificity[,] including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).  The pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  Swartz, 476 F.3d at 764 (internal quotation omitted).  A plaintiff asserting fraud claims must allege reliance on the alleged fraudulent conduct.  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009).  Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA, FAL, and UCL where such claims are based on a fraudulent course of conduct.  Hovsepian v. Apple, Inc., Nos. 08-5788 JF, 09-1064 JF, 2009 WL 2591445, at *2 (N.D. Cal. Aug. 21, 2009) (citing Kearns, 567 F. 3d at 1124); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003).

In this case, Plaintiffs allege that the eBay Motors web page did not reference Final Value Fees until October 2008 (and even then still did not clearly disclose whether FVF pertained to all sales) and did not disclose that a "stacked" fee structure applied to certain sales.  (See FAC ¶¶ 12-16.)  Plaintiffs provide excerpts of the eBay Motors Fees web pages from 2005, 2006, and 2007 to show that the eBay Motors Fees web pages did not reference FVF, but instead referenced only Transaction Services Fees.  (Id. 13.)  The First Amended Complaint, however, fails to allege precisely what fees pages Plaintiffs viewed, when they viewed them, and whether they relied on them.  Plaintiffs furthermore fail to allege exactly how Defendant falsely represented the applicable fees.

Accordingly, the Court GRANTS Defendant's Motion as to Plaintiffs' claims based on fraud which are:  the Second Cause of Action for violations of the UCL based on fraud, Third Cause of

8

Action (FAL), Fourth Cause of Action (CLRA), and Sixth Cause of Action (fraud and deceit). The Court grants leave to amend so that Plaintiffs may attempt to plead their fraud claims with sufficient particularity.

**C.      Other Grounds for Dismissing CLRA, UCL, and Fraud Claims**

      **1.      Consumer Status Under the CLRA**

Defendant contends that Plaintiff Yingling cannot avail himself of the CLRA for sales made by his business, Alamo. (Motion at 14.) Plaintiffs concede this point. (Opposition at 27.)

Accordingly, the Court GRANTS Defendant's Motion as to the CLRA claim for sales made by Plaintiff Yingling's business, Alamo, with prejudice.

      **2.      Dismissal of Claim for Fraud and Deceit Under the Economic Loss Doctrine**

Defendant contends that Plaintiffs' claim for fraud and deceit should be dismissed because the damages Plaintiffs seek are the same economic losses arising from the alleged breach of contract. (Motion at 15.)

"The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 988 (Cal. 2004). A claim for fraud may be maintained, however, where the duty allegedly breach by the defendant in perpetrating the fraud was independent of the contract or the breach was intentional and done with intent to harm. See id. at 989.

Here, Plaintiffs have failed to allege any harm above and beyond the economic harm that they suffered as a result of the alleged breach of contract. Furthermore, Plaintiffs have not alleged any duty breached by Defendant independent of the contract obligations, nor have they alleged that Defendant intended to harm them.

Accordingly, the Court GRANTS Defendant's Motion to dismiss Plaintiffs' Sixth Cause of Action for Fraud and Deceit with leave to amend.

### 3. Plaintiffs' Unfair Competition Law Claim

Defendant contends that Plaintiffs' allegations of unlawful, unfair, and fraudulent conduct under the UCL fail to state a claim. (Motion at 16-18.)

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Civ. Code § 17200. Accordingly, "[a]n act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." Hovsepian, 2009 WL 2591445, at *4 (citing Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (Cal. Ct. App. 2007)). For an action based upon an allegedly unlawful business practice, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Hovsepian, 2009 WL 2591445, at *4 (citations omitted). A common law breach of contract claim cannot serve as a predicate act under the unlawful prong. See Hartless v. Clorox Co., No. 06CV2705 JAH, 2007 WL 3245260, at *5 (S.D. Cal. Nov. 2, 2007). A UCL claim predicated on unfair business practices may be grounded upon a violation of a statute, or be a "standalone" claim based on an alleged act that "violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." Hovsepian, 2009 WL 2591445, at *4 (citations omitted). A claim based upon the fraud prong may be brought based upon conduct akin to common-law fraud or an alleged course of conduct that is likely to deceive the public. Id.

Here, the Court has already found that Plaintiffs' UCL claim under the fraud prong fails because it is insufficient as pleaded. As to the unfair and unlawful prongs, Plaintiffs adequately allege a violation of Cal. Civ. Code § 1670.5 regarding unconscionability and Cal. Bus. & Prof. Code 12024.1 for misrepresentation of charges for service. (FAC ¶ 36.) Thus, the Court finds that Plaintiffs' allegations are sufficient to state a claim under at least some of the predicate statutes.[7]

---

[7] However, Plaintiffs' breach of contract claim cannot support a claim under the unlawful prong as a matter of law.

10

1   Accordingly, the Court GRANTS Defendant's Motion as to Plaintiffs' claim under the fraud
2   prong of the UCL with leave to amend and DENIES the Motion as to the claims under the unlawful
3   and unfair prongs.

4   **D.   Unjust Enrichment**

5   Defendant contends that Plaintiffs cannot assert a claim for unjust enrichment while
6   simultaneously alleging a claim for breach of contract. (Motion at 19.) Plaintiffs contend that
7   pleading such claims in the alternative is permissible. (Opposition at 31-32.)

8   "[A] plaintiff can recover for unjust enrichment only where there is no contractual
9   relationship between the parties." Blennis v. Hewlett-Packard Co., No. C 07-00333 JF, 2008 U.S.
10  Dist. LEXIS 106464, at *12 (N.D. Cal. Mar. 25, 2008). However, "a [p]arty may state as many
11  separate claims or defenses as the party has regardless of consistency." Id. (citing Fed. R. Civ. P.
12  (8)(e)(2)).

13  The Court finds that Plaintiffs properly pleaded their unjust enrichment and breach of
14  contract claims in the alternative. Accordingly, the Court DENIES Defendant's Motion to Dismiss
15  Plaintiffs' Fifth Cause of Action for Unjust Enrichment.

16  **E.   Claim for Declaratory Relief**

17  Defendant contends that Plaintiffs' claim for declaratory relief should be dismissed because
18  declaratory relief is not appropriate for past misconduct and is duplicative of relief sought in
19  Plaintiffs' other claims. (Motion at 20-21.)

20  Declaratory relief should be denied if it will "neither serve a useful purpose in clarifying and
21  settling the legal relations in issue nor terminate the proceedings and afford relief from the
22  uncertainty and controversy faced by the parties." Llaban v. Carrington Mortgage Servs., LLC,
23  2009 WL 2870154, at *3 (S.D. Cal. Sept. 3, 2009) (citing United States v. Washington, 759 F.2d
24  1353, 1356-57 (9th Cir. 1985)). A claim for declaratory relief is unnecessary where an adequate
25  remedy exists under some other cause of action. Llaban, 2009 WL 2870154, at *3.

26  Plaintiffs seek a declaration of their contractual rights as well as whether the statues that they
27  allege were violated in their other causes of action were in fact violated. (See FAC ¶¶ 54-55.) The

28                                              11

Court therefore finds that the claim for declaratory relief is duplicative of the relief sought in Plaintiffs' other claims.

Accordingly, the Court GRANTS Defendant's Motion as to the claim for declaratory relief with prejudice.

## V.  CONCLUSION

The Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss as follows:

(1)   Defendant's Motion as to all fraud-based claims is GRANTED with leave to amend.

(2)   Defendant's Motion as to the CLRA claim for sales made by Plaintiff Yingling's business, Alamo, is GRANTED with prejudice.

(3)   Defendant's Motion as to the declaratory judgment claim is GRANTED with prejudice.

(4)   The Court DENIES Defendant's Motion as to all other grounds.

On or before **December 4**, Plaintiffs shall file their Second Amended Complaint consistent with this Order.

Dated:  November 4, 2009

JAMES WARE
United States District Judge

12

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Benjamin F Chapman bchapman@cooley.com
Keith R Verges kverges@figdav.com
Michael Graham Rhodes rhodesmg@cooley.com
Parker D Young parker.young@figdav.com
Raymond Earl Walker ray.walker@figdav.com
Shawn Tenzing Leuthold leuthold@aol.com
Whitty Somvichian wsomvichian@cooley.com

**Dated:  November 4, 2009**                                **Richard W. Wieking, Clerk**

                                                            **By:      /s/ JW Chambers**
                                                                **Elizabeth Garcia**
                                                                **Courtroom Deputy**