KEITH R. VERGES
PARKER D. YOUNG
RAYMOND E. WALKER
FIGARI & DAVENPORT, L.L.P.
901 MAIN STREET, SUITE 3400
DALLAS, TEXAS 75202
TEL: (214) 939-2000
FAX: (214) 939-2090
*ADMITTED PRO HAC VICE*

SHAWN T. LEUTHOLD
LAW OFFICE OF SHAWN T. LEUTHOLD
1671 THE ALAMEDA #303
SAN JOSE, CALIFORNIA 95126
TELEPHONE: (408) 924-0132
FACSIMILE: (408) 924-0134

Attorneys for Plaintiffs Brice Yingling
d/b/a Alamo Autosports and Andy Scott

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BRICE YINGLING D/B/A ALAMO AUTOSPORTS AND ANDY SCOTT, <br><br> Plaintiffs, <br><br> V. <br><br> EBAY, INC., <br><br> DEFENDANT. | Case No. C 09-01733-JW (PVT) <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL AND TO MODIFY SCHEDULING ORDER** <br><br> Date: January 19, 2010 <br> Time: 10:00 a.m. <br> Judge: Honorable Patricia Trumbull <br> Trial Date: Not yet set |

## NOTICE OF MOTION AND MOTION TO COMPEL TO
## ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 19, 2010, or as soon thereafter as the matter may be heard before the Honorable Patricia Trumbull, Magistrate Judge of the United States District Court for the Northern District of California, San Jose Division, located at Courtroom 5, Fourth Floor, 280 South First Street, San Jose, California, Plaintiffs will and hereby move the Court pursuant to Federal Rules of Civil Procedure 16 and 37 for an order to compel discovery from eBay, Inc. ("eBay") and for modification of the Court's Scheduling Order Re:  Class Certification (the "Scheduling Order," Docket no. 42).

Plaintiffs Brice Yingling d/b/a Alamo Autosports ("Alamo") and Andy Scott ("Scott") seek to compel (1) disclosure of eBay's class certification contentions, (2) documents and information on how eBay stores and analyzes data for the transactions in which eBay charged the subject fees, (3) the underlying transaction data and related documents, (4) documents relating to evaluation, review and approval of eBay's web pages that relate to the subject fees, and (5) complaints from sellers regarding eBay's charging the subject fees during the Class Period (collectively, the "Disputed Discovery").

Further, it is now clear that bifurcation between class and merits discovery is not workable or efficient, and Plaintiffs therefore request that the Court modify the Scheduling Order to allow discovery on class and merits issues, which overlap and are closely enmeshed, to proceed simultaneously.

### TABLE OF CONTENTS

PAGE

I.  INTRODUCTION .................................................................................................... 1

II. BACKGROUND ..................................................................................................... 2

    A.  Plaintiffs' Allegations. ..................................................................................... 2

        1.  2005-2008 Overcharges:  Transaction Services Fees. ......................... 2

        2.  2008-2009 Overcharges: Successful Listing Fees. .............................. 3

    B.  Plaintiffs' Causes of Action. ............................................................................ 4

    C.  The Disputed Discovery. ................................................................................. 4

    D.  eBay's Response. ............................................................................................ 5

III. ARGUMENT & AUTHORITIES .......................................................................... 5

    A.  Bifurcation Between Class and Merits Discovery Should be Abandoned. ....... 5

        1.  Class and Merits Discovery are Closely Enmeshed. ........................... 6

        2.  Merits and Fact Discovery are not Easily Distinguishable, Raising
            the Potential for Reversible Error and Weighing Against Bifurcation. .............. 8

        3.  Plaintiffs Get Much of the Discovery Anyway. ................................... 9

        4.  eBay Has Waived Any Right to Bifurcation. ...................................... 9

        5.  Bifurcation is Inefficient Because it Requires Court Supervision. ....... 9

    B.  eBay Must Produce Documents and Answer Interrogatories. ........................ 10

        1.  Liberal Relevance Standard. ............................................................. 10

        2.  eBay Must Disclose its Class Certification Contentions. ....................11

        3.  eBay Must Produce and Identify Web Page Related Documents. ...... 12

        4.  Data Warehouse Materials. ............................................................... 14

        5.  Transaction Data. ............................................................................. 18

        6.  Complaints Regarding Parts and Accessories Fees. ........................... 22

IV. CONCLUSION .................................................................................................... 23

# TABLE OF AUTHORITIES

CASES                                                                                    PAGE

*Acosta v. Trans Union LLC*,
    240 F.R.D. 564, 582-83 (C.D. Cal. 2007) ...............................................................21

*B & B Advisory Servs, L.L.C. v. Bombadier Aerospace Corp.*,
    No. 02-2695, 2003 U.S. Dist. LEXIS 15269, *24-25 (E.D. La. Aug. 22, 2003).....................23

*Babbit v. Albertson's*,
    No. C-92-1883 SBA, 1992 U.S. Dist. LEXIS 19091, at *15-17 (N.D. Cal. Dec. 1, 1992).......22

*Barnhart v. Safeway Stores, Inc.*,
    No. S-92-0803, 1992 U.S. Dist. LEXIS 22572, at *8-11 (E.D. Cal. Dec. 11, 1992) ........6, 8, 20

*Blankenship v. Hearst Corp.*,
    519 F. 2d 418, 429 (9th Cir. 1975) ......................................................................11

*Gray v. First Winthrop Corp.*,
    133 F.R.D. 39, 41 (N.D. Cal. 1990)................................................................ 6, 8-9

*Hickman v. Taylor*,
    329 U.S. 495, 501 (1947)..................................................................................12

*Hill v. Eddie Bauer*,
    242 F.R.D. 556, 562 (C.D. Cal. 2007)..............................................................7, 20

*Hill v. Shell Oil Co.*,
    No. 98-5766, 2002 U.S. Dist. Lexis 13396, at *3 (N.D. Ill. Mar. 28, 2002) ...........................23

*Ho v. Ernst & Young, LLP*,
    No. C05-04867, 2007 U.S. Dist. LEXIS 37700, *3 (N.D. Cal. May 9, 2007)...................11, 20

*In re Ins. Premium Local Tax Litigation*,
    Nos. 06-141-DLB, 2008 U.S. Dist. LEXIS 14516, at *20-27 (E.D. Ky. Feb. 25, 2008)......7, 21

*In re Plastics Additives Antitrust Litigation*,
    No. 03-2038, 2004 U.S. Dist. LEXIS 23989, at *7-8, *class cert. rev'd,* 2009 U.S. App.
    LEXIS 2177 (3rd Cir. Jan. 27, 2009)................................................................ 7-8

*In re Rail Freight Fuel Surcharge Anti-Trust Litig.*,
    258 F.R.D. 167, 173-74 (D.D.C. 2009) ........................................................*Passim*

*In re Sellers Antitrust Litig.*,
    No. C-07-1882 (N.D. Cal. Aug. 17, 2009) ...........................................................17

**CASES**                                                                           **PAGE**

*In re Verisign, Inc. Sec. Litig.,*
   C 02-02270 JW, 2005 U.S. Dist. LEXIS 10438, at *9-10 (N.D. Cal. Jan. 13, 2005)
   (Ware, J.) ....................................................................................................................11

*In re Xoma Corp. Sec. Lit.,*
   No. C-91-2252, 1992 U.S. Dist. LEXIS 10502, *4-5 (N.D. Cal. Jul. 10, 1992) .....................21

*Jacobs v. Sea-Land Serv.,*
   No. C-76-2772, 1980 U.S. Dist. LEXIS, 11707 (N.D. Cal. February 22, 2980) .....................23

*Putnam v. Eli Lilly and Co.,*
   508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) ......................................................................20

*United States v. Procter & Gamble Co.,*
   356 U.S. 677, 682 (1958) ...............................................................................................12

*Viacom Int'l, Inc. v. YouTube, Inc.,*
   No. C-08-80211, 2009 U.S. Dist. LEXIS 4220, at *14 (N.D. Cal. Jan. 14, 2009)
   (Trumbull, J.) ..............................................................................................................10


**STATUTES**

Cal. Bus. & Prof. Code § 17200, et seq. (the "UCL") ........................................................4


**OTHER AUTHORITIES**

Fed. R. Civ. P. 33(a)(2).....................................................................................................12

## I. **INTRODUCTION**

Plaintiffs filed this class action against eBay on behalf of members of eBay's auction website who, within the four years preceding the filing of this lawsuit (the "Class Period"), paid fees called "Final Value Fees," "Transaction Services Fees," or "Successful Listing Fees" in connection with the sale of automotive Parts and Accessories on eBay's distinct, separate website known as eBay Motors.  It is undisputed that there is a web page commonly referred to as the "eBay Motors Fee Schedule," which lists fees for sellers of Parts and Accessories.  Plaintiffs allege that the eBay Motors Fee Schedule sets forth the applicable fees under the parties' contract and/or contains eBay's advertised fees for eBay Motors Parts and Accessories.  Plaintiffs allege that eBay overcharged sellers by charging fees set out on a different web page, which is commonly referred to as the "eBay.com Fee Schedule."

On October 8, 2009, Plaintiffs served their First Requests for Production ("Requests"), and Scott and Alamo each served their First Set of Interrogatories ("Scott Interrogatories" and "Alamo Interrogatories," respectively) (collectively, "Discovery").   After seeking extensions, eBay responded in late November, objecting to every Discovery request.  eBay's primary objection is that the Discovery goes to the merits and is therefore barred by bifurcation under the Scheduling Order.  However, the fact that Discovery relates to both class and merits issues does not justify eBay's refusal to produce documents and disclose information.

For the reasons set forth below, Plaintiffs are entitled to the requested Discovery. Moreover, eBay's objections based on bifurcation raise unnecessary disputes over whether various requests are merits or class related inasmuch as class and merits discovery here are inextricably intertwined.  These disputes in turn will require ongoing court supervision over discovery and threaten to delay discovery and an expeditious decision on class certification.  Consequently, it is now clear that bifurcation between class and merits discovery is unworkable, inefficient, and should be discarded.

## II.  BACKGROUND

A.    **Plaintiffs' Allegations.**[1]

eBay operates several online auction websites, including eBay.com and eBay Motors. There is a web page (the "eBay.com Fee Schedule"), which sets out an "Insertion Fee" and a "Final Value Fee" for sales at eBay.com.  eBay Motors has a separate and independent web page (the "eBay Motors Fee Schedule"), which sets forth different sellers' fees: namely, an "Insertion Fee" and a "Transaction Services Fee" (or "Successful Listing Fee").  Plaintiffs allege eBay advertised and agreed to one set of fees via the eBay Motors Fee Schedule, yet charged the different set of fees from the eBay.com Fee Schedule.  There are two basic time windows in which eBay charged incorrect fees (1) April 2005 – September 2008, and (2) October 2008 – April 2009.

### 1.    2005-2008 Overcharges:  Transaction Services Fees.

From 2005 until approximately September 30, 2008, the eBay Motors Fee Schedule set out an "Insertion Fee" and "Transaction Services Fee" as follows:

**Insertion and Transaction Service Fee**

| Category | Insertion Fee | Transaction Services Fee |
|---|---|---|
| Passenger Vehicles | **$40.00** | **$40.00** |
| Motorcycles | **$30.00** | **$30.00** |
| Powersports | **$30.00** | **$30.00** |
| Powersports Vehicles Under 50cc | **$3.00** | **$3.00** |
| Other Vehicles | **$40.00** | **$40.00** |
| Parts and Accessories | Same as eBay.com Insertion Fees | Same as eBay.com Insertion Fees |

---

[1] Much of the following summary is taken from the Court's summary of Plaintiffs' allegations in the Order dated November 4, 2009.  [Docket no. 47.]

The Transaction Services Fee for sales of Parts and Accessories referred back to the eBay.com Insertion Fee, *i.e.*, "Same as Insertion Fee." Rather than charging the referenced Insertion Fee, eBay instead charged the eBay.com Final Value Fee.[2]

### 2. **2008-2009 Overcharges: Successful Listing Fees.**

Effective on or about September 30, 2008, eBay revised the eBay Motors Fee Schedule to provide different fees, depending upon whether the Parts and Accessories listing was "Auction Style" or "Fixed Price." This revised eBay Motors Fees Schedule provided for "Insertion Fees" and "Successful Listing Fees" as follows:

**Parts and Accessories: Insertion and Successful Listing Fees**

| Category | Insertion Fee | Successful Listing Fees | |
|---|---|---|---|
| Auction Style | Same as eBay.com Insertion Fees | Same as eBay.com Final Value Fees | |
| Fixed Price | Same as eBay.com Insertion Fees | $0.01 - $50.00 | 12.00% |
| | | $50.01 - $1,000.00 | 9.00% |
| | | $1,000.01 or more | 2.00% |

The calculation method for Fixed Price listings differed from the eBay.com Final Value Fees calculation method, which appear on the eBay.com Fee Schedule as follows:

| Closing Price | Final Value Fee |
|---|---|
| Item not sold | **No Fee** |
| $0.01 – 50.00 | **12.00%** of the closing value |
| $50.01 - $1,000.00 | **12%** of the initial $25.00 ($1.31), **plus 9.00%** of the remaining closing value balance ($25.01 to $1,000.00) |
| Over $1,000.01 | **12%** of the initial $25.00 ($1.31), **plus 9.00%** of the initial $25.00 - $1,000.00 ($26.81), **plus 2.00%** of the remaining closing value balance ($1,001.01 – closing value) |

---

[2] Documents produced reflect that eBay may have revised this table in February 2008 to reflect that the Transaction Services Fee was "Same as Final Value Fee," but no depositions have been completed to confirm whether the page was published.

eBay used the "stacked" Final Value Fee calculation method for Fixed Price listings of Parts and Accessories. This method resulted in a higher fee than the published method for calculating Successful Listing Fees on a Fixed Price listing of Parts and Accessories for $50.01 or more on eBay Motors. eBay improperly charged Final Value Fees, rather than Successful Listing Fees, for sales of Parts and Accessories on eBay Motors until approximately April 21, 2009.

**B.      Plaintiffs' Causes of Action.**

Plaintiffs' live claims include the following: breach of contract; violations of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. (the "UCL") for unfair and unlawful business practices; and unjust enrichment/restitution.

**C.      The Disputed Discovery.**

A copy of the Requests, Interrogatories, and eBay's responses are attached hereto as Exhibits "A"-"F". The Discovery Requests that are the subject of this motion fall within the following categories:

- **Class Certification Contentions** [Scott Interrogatory no. 5 (Exs. A, D)];

- **Web Page Related Documents:** Documents relating to evaluation, review, or approval of any change(s) to the User Agreement, eBay.com Fee Schedule, Motors Fee Schedule, Final Value Fee Page, Parts and Accessories Page, and Insertion Fee Page ("Applicable Web Pages"), related policies and procedures, and documents explaining or showing the structure and relationship among the Applicable Web Pages [Request nos. 7-12; 43-44 (Exs. C, F); Alamo Interrogatory no. 7 (Exs. B, E)];

- **Data Warehouse Materials:** Documents and answers regarding how eBay stores and analyzes its data for transactions in which it charged Class members fees for sales of Parts and Accessories on eBay Motors during the Class Period ("Transaction Data"), as well as documents for any proprietary software or reports used to extract or manipulate that data or how the data is structured and organized [Alamo Interrogatory 6 (Exs. B, E); Request nos. 52-53, 55 (Exs. C, F)];

- **Transaction Data:** Documents and answers regarding the number of Parts and Accessories sales transactions and amount of fees charged. [Request nos. 26-33, 38-41, 52-53 (Exs. C, F); Scott Interrogatory nos. 1-3 (Exs. A, D)]; and

- **Complaints** by eBay sellers regarding Parts and Accessories fees, and the system for logging such complaints [Request nos. 49-50 (Exs. C, F; *see also* Scott Interrogatory no. 7 (Exs. A, D)].

Plaintiffs have not moved to compel on every objection. Plaintiffs do not waive their right to do so. Plaintiffs bring this more limited-scope motion in order to hopefully minimize necessary court intervention in discovery.

**D.     eBay's Response.**

eBay objected to every one of the Discovery requests, including voluminous global objections. [*See* Exs. D-F.] Counsel have conferred verbally on multiple occasions for over four total hours, as well as multiple times via email exchanges. After conferring, eBay promised to supplement discovery in several ways; none of that supplementation has yet occurred. First, eBay did not produce documents in the manner in which they are kept in the ordinary course of business. Despite promising to identify which documents produced are responsive to which requests, eBay has not done so. Second, eBay has not withdrawn its objection to producing confidential documents, although there is a Protective Order in place. Third, eBay indicated it would provide some limited information about certain "tables" and "fields" of data it maintains in its "Data Warehouse," but has not yet produced any additional documents. To the extent eBay fails to address these issues, Plaintiffs move to compel.

Despite conferring, the parties remain at an impasse about several requested categories of documents and information, as well as whether the Court should abandon any attempt to bifurcate merits and class discovery.

## III.  ARGUMENT & AUTHORITIES

**A.     Bifurcation Between Class and Merits Discovery Should be Abandoned.**

An overarching issue here is the proper scope of pre-certification discovery. As interpreted by eBay, meaningful discovery under a bifurcated approach is unworkable. The Court should modify its Scheduling Order and abandon bifurcation for several reasons.

1.     **Class and Merits Discovery are Closely Enmeshed.**

By its nature, class action discovery is "closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) (citing Manual for Complex Litigation (Second) § 30.12 (1985)); *Barnhart v. Safeway Stores, Inc.*, No. S-92-0803, 1992 U.S. Dist. LEXIS 22572, at *8-11 (E.D. Cal. Dec. 11, 1992). *Gray* was a securities class action arising out of a real estate limited partnership by investors against the offeror and other related parties. *See Gray*, 133 F.R.D. at 39. The court noted that class and merits discovery were closely linked and therefore rejected bifurcation as "unworkable" and "impracticable." *Id.* The court also concluded that bifurcation would require court supervision of discovery and therefore also would be "inefficient." *Id.* The same problems exist here.

Here, while Plaintiffs do not have to prove their substantive claims at the class certification hearing, Plaintiffs do have to show how the merits of their claims raise common issues of law and fact, and how Plaintiffs' claims are typical of class members' claims. It is therefore unavoidable that some discovery of the merits of Plaintiffs' claims is necessary to explain how Plaintiffs will prove their case on a class-wide basis, what evidence exists (and how much of it there is), and whether eBay is a centralized source for that evidence. Some examples of this merits/class overlap may help illuminate the problem with bifurcation.

Take the Web Page Related Documents for example. These documents include eBay's policies, procedures, and reasons for evaluating, reviewing, revising and approving the web pages at issue (such as the fee schedules). These documents are relevant to class issues because they can be used to show commonality, typicality and predominance. For example, the documents may reveal that revisions were made in response to user complaints or confusion about applicable fees, reflecting class-wide confusion or complaints about fees and impact of charges on class. *See, e.g., In re Rail Freight Fuel Surcharge Anti-Trust Litig.*, 258 F.R.D. 167, 173-74 (D.D.C. 2009)(to

satisfy predominance, plaintiffs had to show how and why defendant adopted fuel charge program, as well as common impact, such that evidence of merits of conspiracy claim overlapped certification issue of common impact from conspiracy).  Plaintiffs therefore need discovery about the applicable web pages to demonstrate *how* they can put on class-wide proof of their breach of contract and unfair advertising claims.  *See id.*  A preview of the merits is an unavoidable consequence of this effort.

Another example is the underlying Transaction Data for fixed price sales, such as numbers of transactions and users in which the challenged fees were charged.  This information goes to numerosity, commonality, typicality and predominance.  Transaction Data will reveal numbers of class members, average numbers of transactions per class member, and transaction sizes.  This statistical information about the frequency with which transactions at certain price points occurred across the Class during the Class Period will reflect on typicality of Plaintiffs' transactions and the commonality among class members' transactions and fees.  *See, e.g., Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D. Cal. 2007)(commonality may be shown by statistical analysis); *see also In re Ins. Premium Local Tax Litigation*, Nos. 06-141-DLB, 2008 U.S. Dist. LEXIS 14516, at *20-27 (E.D. Ky. Feb. 25, 2008)(permitting discovery of policy and transaction information about putative class members' policies to assess, among other things, numerosity and commonality).  The number of transactions and users, as well as fees charged, is in fact relevant almost exclusively to class issues of class size, typical class member claim size, and other statistical matters.  *See, e.g., In re Plastics Additives Antitrust Litigation*, No. 03-2038, 2004 U.S. Dist. LEXIS 23989, at *7-8 (class and merits discovery were "sufficiently intermingled" where evidence needed to prove existence of conspiracy (merits) and the consequential damages to the class (certification) overlapped), *class cert. rev'd*, 2009 U.S. App. LEXIS 2177 (3rd Cir. Jan. 27, 2009)(overturning subsequent class certification decision).  While the Transaction Data might incidentally reveal potential damages, that is no reason to preclude all discovery of Transaction Data. Moreover, Plaintiffs also have

to show how they will prove damages on a class-wide basis and total fees charged the class is an unavoidable by-product.

Since the focus of the claims is largely on eBay's uniform conduct with respect to the class based on documents and information solely within eBay's control, virtually all potential discovery relates both to merits and class issues.   The Court should allow Plaintiffs full discovery in light of the substantial overlap between merits and class discovery. *See, e.g., In re Rail Freight Fuel Surcharge Anti-Trust Litig.*, 258 F.R.D. at 174 (merits and class issues were intertwined such that arbitrary insistence on distinguishing between the two would thwart informed judicial consideration of class certification issues).

### 2.    Merits and Fact Discovery are not Easily Distinguishable, Raising the Potential for Reversible Error and Weighing Against Bifurcation.

The problem with having to decide whether certain discovery is permitted as being related to class discovery, while barring other discovery as being merits discovery, is that incorrectly concluding that certain discovery is not class related can constitute reversible error in the Court's class certification decision. *See Barnhart*, 1992 U.S. Dist. LEXIS 22572, at *4-5 (quoting *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1312 (9thCir. 1977)).   A plaintiff seeking class certification should be allowed broad discovery in order to allow plaintiff to put on evidence at the class certification hearing.   The "necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, **especially when the information is in the sole possession of the defendant**." *Id*. at *5 (emphasis added).   Here, eBay possesses all the information on web page drafting, transaction data, and customer complaints; indeed every aspect of its operation of eBay Motors.   To prohibit meaningful discovery would also prevent Plaintiffs from developing evidence sufficient to fully inform the class certification decision.

Consequently, the fact that merits and class discovery are not easily distinguishable weighs against bifurcation. *See Gray*, 133 F.R.D. at 41; *see In re Plastics Additives Antitrust Lit.*, No.

2004 U.S. Dist. LEXIS 23989, at *9-10 (E.D. Pa. Nov. 29, 2004)(relying on *Gray* to reject bifurcation of class and merits discovery; *Barnhart v. Safeway Stores, Inc.*, No. S-92-0803, 1992 U.S. Dist. LEXIS 22572, at *7-8 (noting that class and merits discovery are often "inextricably bound up" together). This approach also comports with the notion that "[w]here relevance is in doubt … the court should be permissive." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006) citing *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1211-12 (Fed. Cir. 1987)).

### 3.   <u>Plaintiffs Get Much of the Discovery Anyway.</u>

Irrespective of class certification, Plaintiffs are entitled to prove their individual claims. For example, Plaintiffs allege that eBay unfairly drafted the web pages at issue. Discovery of the details regarding eBay's drafting and review of web pages is one category of discovery Plaintiffs are entitled to on their individual claims, regardless of class claims. Bifurcating discovery unnecessarily postpones Plaintiffs' discovery on the merits.

### 4.   <u>eBay Has Waived Any Right to Bifurcation.</u>

eBay has served written discovery on each Plaintiff and plans to depose them in January.[3] The written discovery requests ask for every communication with eBay, whether Plaintiffs reviewed eBay invoices, and how Plaintiffs discovered the incorrect fees. [*See* Ex. G, H.] This discovery goes entirely to the merits of Plaintiffs' individual claims. eBay should not be permitted to propound discovery it is not required to answer, especially since comparison of Plaintiffs' claims with those of the class is likely to be an issue an on class certification.

### 5.   <u>Bifurcation is Inefficient Because it Requires Court Supervision.</u>

Bifurcation also fails to promote judicial economy where it requires ongoing supervision of discovery. *See, e.g., Gray*, 133 F.R.D. at 41 (need for supervision weighs against bifurcated

approach).  Where certification and merits overlap, the Court "would likely have to resolve various needless disputes that would arise concerning the classification of each document as 'merits' or 'certification' discovery."  *In re Rail Freight Fuel Surcharge Anti-Trust Litig.*, 258 F.R.D. at 174. The need for such supervision destroys any efficiency the Scheduling Order's initial bifurcation could have hoped for.  Indeed, the need for continued supervision and an increased number of disputes will delay the "expeditious resolution of the lawsuit" to Plaintiffs' detriment.  *See id.*; *accord* Manual for Complex Litigation (Third) § 30.12, at 215 (1995).  Because certification and merits discovery overlap here, it would be inefficient to maintain bifurcation under the existing Scheduling Order.  Rather, it would be more efficient to allow for concurrent discovery of merits and class issues.  Manual for Complex Litigation (Fourth) § 11.213 (2004) ("Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties").

All told, the Court should modify the Scheduling Order to allow pre-certification discovery to proceed on the merits and class issues simultaneously.

**B.    eBay Must Produce Documents and Answer Interrogatories.**

**1.    Liberal Relevance Standard.**

Rule 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, "Rule 26 does not require that the information sought necessarily be directed at the ultimate fact in issue, only that the information sought be reasonably calculated to lead to admissible evidence in the underlying litigation."  *Viacom Int'l, Inc. v. YouTube, Inc.*, No. C-08-80211, 2009 U.S. Dist. LEXIS 4220, at *14 (N.D. Cal. Jan. 14, 2009) (Trumbull, J.) (quoting *Gonzales*, 234 F.R.D. at

---

[3]  Incidentally, eBay used in its discovery the very definitions of web pages to which they objected in their boilerplate objections.  [*Compare, e.g.*, Ex. D at 5 (objecting to definition of eBay Fee Schedule web page) *with* Ex. H at 1 (incorporating by reference Plaintiffs' definition of eBay Motors Fee Schedule web page).]

683). "Where relevance is in doubt … the court should be permissive." *Gonzales,* 234 F.R.D. at 681.

Even under bifurcation, Plaintiffs are entitled to discover evidence that relates to Rule 23 certification factors. *See In re Verisign, Inc. Sec. Litig.*, C 02-02270 JW, 2005 U.S. Dist. LEXIS 10438, at *9-10 (N.D. Cal. Jan. 13, 2005) (Ware, J.)(plaintiffs bear burden of establishing (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, (5) predominance, and (6) superiority). Such discovery is appropriate even if the evidence is also relevant to merits. *Ho v. Ernst & Young, LLP*, No. C05-04867, 2007 U.S. Dist. LEXIS 37700, *3 (N.D. Cal. May 9, 2007)("discovery can certainly be relevant both to class certification issues and to the merits."). Under the liberal discovery principles of the Federal Rules, those opposing discovery are required to carry a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429 (9th Cir. 1975).

## 2. **eBay Must Disclose its Class Certification Contentions.**

Plaintiffs asked eBay about its contentions regarding class certification, but eBay refused to provide any substantive response:

**Interrogatory No. 5:**

If You contend that the Class cannot be properly certified for any reason, please explain in general the legal and factual basis for Your contention. This interrogatory is not requesting, nor does it require, a full preview of Your briefing on class certification. On the other hand, mere recital of the elements of Fed. R. Civ. P. 23 is likewise insufficient.

**Response to Interrogatory No. 5:**

eBay specifically incorporates the General responses and General objections set forth above to the extent applicable to this interrogatory. eBay further objects to this interrogatory on the ground that it is premature at this stage of the litigation and seeks information that is protected by the attorney-client privilege and work product doctrine. eBay will brief its position with respect to class certification in any opposition it may file in response to Plaintiffs' anticipated motion for class certification.

[Ex. D (eBay Response to Scott Interrogatory no. 5).]

"An interrogatory is not objectionable merely because it asks for an opinion or

contention that relates to fact or the application of law to fact...." Fed. R. Civ. P. 33(a)(2). Moreover, discovery is intended to make trial "less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

eBay must disclose its contentions regarding its opposition to class certification because Plaintiffs are entitled to develop evidence during the discovery period in response. The Court should reject eBay's attempt to make class certification briefing a game of "blind man's bluff," overrule the objections, and order eBay to disclose its contentions.

### 3.   eBay Must Produce and Identify Web Page Related Documents.

The following web pages are central to the parties' respective contentions regarding the applicable fees for sales of parts and accessories on eBay Motors:  the User Agreement, the eBay.com Fee Schedule, eBay Motors Fee Schedule, Final Value Fee Page, Insertion Fee Page, and the Parts and Accessories Page. eBay produced operative versions of each of these[4] for the Class Period (albeit not in the format seen by the Class). However, Plaintiffs served several Requests seeking documents related to eBay's policies and procedures for reviewing, approving, and publishing those pages, as well as documentation of that process for each of the pages during the Class Period, of which the following Request is illustrative:

**Request for Production No. 9:**

All documents relating to the evaluation, review, revision, or approval of any change(s) made to the eBay Motors Fee Schedule during the Class Period.

**Response to Request for Production No. 9:**

eBay specifically incorporates the General Responses to General Objections set forth above to the extent applicable to this Request, and further objects to this Request on the ground that it exceeds the scope of class certification discovery and

---

[4] eBay indicated it was unable to locate a Parts and Accessories Page. However, at the outset of the litigation, Plaintiffs provided a version of that page as archived by archive.org to eBay's counsel to help with identification and production of all relevant documents. eBay indicated it would supplement its production with these pages, but has yet to do so.

is unduly burdensome and overbroad.  eBay also objects on the ground the Request sees production of documents or information protected by the attorney-client privilege and the work product doctrine.

[Ex. F.]  Plaintiffs included identical Requests for each of the web pages set out above, to which eBay responded in identical fashion.  [Ex. F, Request nos. 7-12.]  Similarly, Plaintiffs asked for documentation reflecting eBay's related policies and procedures:

**Request for Production No. 43:**

eBay's policies and procedures for the drafting, review, revision, approval, publication, and/or implementation of the User Agreement, eBay Motors Fee Schedule, eBay.com Fee Schedule, Final Value Fee Page, Insertion Fee Page, and Parts and Accessories Page during the Class Period.

**Response to Request for Production No. 43:**

eBay specifically incorporates the General responses and General objections set forth above to the extent applicable to this Request, and further objects to this Request on the ground that it exceeds the scope of class certification discovery and is unduly burdensome and overbroad.  eBay also objects on the ground that Request seeks production of documents or information protected by the attorney-client privilege and work product doctrine.

**Request for Production No. 44:**

eBay's policies and procedures for the drafting, review, revision, approval, and/or publication of its contract with users during the Class Period.

**Response to Request for Production No. 44:**

eBay specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this Request, and further objects to this Request on the ground that it is vague, ambiguous and unintelligible in its use of the phrase "its contract with users" in that eBay is unable to determine which contract Plaintiffs are referring to in the Request. eBay further objects on the grounds that his Request exceeds the scope of class certification discovery, is unduly burdensome and overbroad, and seeks production of documents or information protected by the attorney-client privilege and the work product doctrine.

Finally, Plaintiffs asked eBay to explain the relationship between the web pages:

**Interrogatory No. 7:**

Identify and describe all maps, flowcharts, logic diagrams, checklists, decision trees, or the like during the Class Period that describe the structure of and relationship between web pages that comprise the agreement between eBay and its users.

**Response to Interrogatory No. 7:**

eBay specifically incorporates the General responses and General objections set forth above to the extent applicable to this interrogatory, and further objects to this interrogatory on the grounds it exceeds the scope of class certification

discovery, is overbroad and unduly burdensome and not reasonably calculated to lead to admissible discovery. Subject to and without waiving such objections, eBay responds as follows:

See eBay's response to interrogatory no. 2.

[Ex. F; Ex. E (the answer to Interrogatory No. 2 simply identified the internet address of eBay's web pages).] This discovery is relevant to, among other things, commonality and predominance. For example, Plaintiffs seek evidence bearing on why eBay decided to organize its web pages the way it did. This evidence is relevant to whether, pursuant to eBay's policies and procedures for review of the web pages, eBay knew about problems with its User Agreement and fee pages, and thereafter acted uniformly with respect to the Class in making (or failing to make) various changes. *See, e.g., In re Rail Freight Fuel Surcharge Anti-Trust Litig.*, 258 F.R.D. at 173-74 (to satisfy predominance, plaintiffs had to show how and why defendant adopted fuel charge program, as well as common impact). The Discovery is also relevant to predominance because the documentation will allow Plaintiffs to show whether and how eBay's web pages and drafting thereof had a common impact on the Class by changing (or failing to change) the terms of the User Agreement. *Id*.

eBay's refusal to answer Alamo Interrogatory no. 7, save for a reference to its answer to Interrogatory no. 2, is even more frivolous. Interrogatory no. 2 merely lists the URL's for the few specific web pages listed above, but eBay has not identified documents showing how these web pages relate to one another. These documents bear on issues of commonality and predominance, namely with respect to the scope of eBay's contract with the Class and the applicable fees.

**4.** **Data Warehouse Materials.**

Plaintiffs will ultimately need to present information about how, on a class-wide basis, they plan to show whether eBay overcharged sellers by charging the wrong types of fees during the Class Period and if so, by how much. In order to do so, Plaintiffs need to know how eBay stores, accesses, and analyzes data for listing dates, listing prices, reserve prices, bid amounts and dates,

sellers' fees (including information on types and methods of calculation for each), listing types (i.e. fixed price vs. auction), listing duration, item description, and user identification, all of which is under eBay's exclusive control. Plaintiffs do not know how eBay stores or accesses this data, or what other related data that might be relevant to class issues eBay stores alongside the aforementioned types of information.

Exactly what data is available, how it is stored, accessed, and analyzed, and how the information relates to each other all relates to, among other things, how Plaintiffs will prove class-wide liability and damages in a way that makes the litigation manageable as a class action and more efficient than individual litigation. Without understanding what data is available and how it all relates to each other, it will be impossible to get the right data. Without the right data, Plaintiffs will not be able explain to the Court how the action can be managed as a class.

Plaintiffs approached the problem two ways. First, Plaintiffs asked eBay to describe how it stores data and to produce supporting documentation:

**Interrogatory No. 6:**

Please describe, throughout the Class Period, the schema, ontology, plan, template, map (or other descriptive term), hardware, and software used to store, access, maintain, manipulate, and interpret eBay's internal data, for listings and sales of Parts and Accessories on eBay Motors during the Class Period, which should include without limitation (1) listing date(s); (2) listing price(s); (3) reserve price; (4) bid amounts and dates; (5) sellers' fees (including the type and calculation method of each type of fee); (6) listing type (*e.g.*, fixed price or auction-style); (7) listing duration; and (8) item description; and (9) user identification.

**Response to Interrogatory No. 6:**

eBay specifically incorporates the General responses and General objections set forth above to the extent applicable to this interrogatory, and further objects to this interrogatory on the grounds that it exceeds the scope of class certification discovery, is overbroad and unduly burdensome and not reasonably calculated to lead to admissible discovery. Subject to and without waiving such objections, eBay responds as follows:

eBay's internal data on Parts and Accessories category listings and sales is maintained in, and hosted on, a Teradata Relational Database system that is internally referred to as the "Data Warehouse." eBay uses the Data Warehouse database platform for reporting and analytics purposes.

eBay stores various types of listing and user information in the Data Warehouse, including information on listing date(s), listing price(s), reserve

price, bid amounts, bid dates, listing fees, listing type, listing duration, and user identification. The data maintained in the Data Warehouse may be accessed using software capable of executing Structured Query Language (SQL) queries. eBay utilizes proprietary tools that utilize SQL queries to general reports from the Data Warehouse. The reports generated from the Data Warehouse are generally exports in an Excel file format.

**Request for Production No. 55:**

All schemas, ontologies, templates, maps, lexicons or other documents that describe the format and content of eBay's internal data relating to listings and sales of Parts and Accessories at eBay Motors. The intended scope of data should include without limitation, (1) listing date(s); (2) listing price(s); (3) reserve price; (4) bid amounts and dates; (5) sellers' fees (including the type and calculation method of each type of fee); (6) listing type (e.g., fixed price or auction-style); (7) listing duration; and (8) item description; and (9) user identification.

**Response to Request for Production No. 55:**

eBay specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this Request, and further objects that it exceeds the scope of class certification discovery and is unduly burdensome and overbroad. Subject to and without waiving such objections, eBay responds as follows:

eBay refers Plaintiff's to eBay's interrogatory responses regarding this issue.

[Exs. E, F.]   This is not nearly good enough. eBay's own "senior director of data warehouse development," who has intimate working knowledge of eBay's data, has explained in other litigation:

When I receive requests for data from eBay business units, I work with the business to better understand the requests. I refer to this as the concept phase. Because the data that eBay tracks and collects are extensive and complicated, it is important that I understand what the business unit is asking for.

[See Ex. I (Declaration of eBay employee Darren Bruntz).] If eBay's own business people have to work *with* eBay's data warehouse people, eBay should show some modicum of cooperation in discovery to produce data. eBay has since agreed to identify some tables and fields where the enumerated information resides, but has not yet done so. Moreover, the limited production may raise more questions than it answers, given the iterative process eBay uses with its own staff in accessing the data warehouse.

eBay should be ordered to explain: (1) the names and locations of the fields of data it has

for parts and accessories sales during the class period; (2) how that data is organized, including but not limited to names of fields, tables, databases and how each field, table, or database is related to one another; and (3) the source for the foregoing data, including supporting documents. eBay should also be ordered to produce supporting documentation.

Second, Plaintiffs asked eBay for the reports that already exist for business purposes, which would include pre-existing queries to generate these reports. [*See* Ex. I (Declaration of eBay employee Darren Bruntz explaining that eBay has a standard process for obtaining compilations of data kept and tracked by eBay for its business units).] These Requests are as follows:

**Request for Production No. 52:**

All summary financial reports and metrics that reflect the amount and types of fees charged for listings of Parts and Accessories on eBay Motors during the Class Period.

**Response to Request for Production No. 52:**

eBay specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this Request. eBay further objects to this Request on the ground that it exceeds the scope of class certification discovery and is unduly burdensome and overbroad in that it encompasses virtually every financial report created at the company during the Class Period.

**Request for Production No. 53:**

All summary financial reports and metrics that reflect the amount and types of fees charged for listings of Parts and Accessories on eBay.com during the Class Period

**Response to Request for Production No. 53:**

eBay specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this Request. eBay further objects to this Request on the grounds that it exceeds the scope of class certification discovery and is unduly burdensome and overbroad in that it encompasses virtually every financial report created at the company during the Class Period.

[Ex. E.] eBay undoubtedly has access to the Transaction Data through reports and queries developed for its business units, not litigation, but has not divulged them. Plaintiffs should be granted access to the same information. *See, e.g., In re Sellers Antitrust Litig.*, No. C-07-1882 (N.D. Cal. Aug. 17, 2009) (Docket No. 348 at 2). Among other things, the Requests are reasonably calculated to lead to the discovery of evidence relating commonality, typicality, and superiority.

In particular, Request no. 52 seeks reports that would provide evidence that eBay charged only Final Value Fees on eBay Motors during the Class period, confirming uniform proof that eBay's invoices have never used the moniker "Transaction Services Fee" or "Successful Listing Fee." For categories other than Parts and Accessories, these "Final Value Fees" were not calculated from the regular eBay.com Fee Schedule.   Thus eBay's defense that class members knowingly paid the incorrect fees can be disproven on a class-wide basis because eBay never relied on the moniker in its invoices to reflect the Fee Schedule from which fees were calculated.

In addition, Request no. 53 goes to typicality.  During briefing on eBay's motion to dismiss, eBay argued that sellers could list items simultaneously on eBay.com and eBay Motors and that a hidden link on the eBay Motors Fee Schedule described how those fees work.   Since eBay contends the Final Value Fees (located on the eBay.com Fee Schedule) apply to all sales of Parts and Accessories and that sellers could have discovered as much through this hidden link, the magnitude of any "multiple listing" activity, as reflected by reports showing the amount of fees charged for listings of parts and accessories on eBay.com (as opposed to eBay Motors) is directly relevant to at least commonality and typicality.[5]

### 5.   Transaction Data.

In general, Plaintiffs asked for documents sufficient to identify the number of transactions and amount of Final Value Fees, Transaction Services Fees, and Successful Listing Fees overall and by user. Each discovery request is exemplified by the following:[6]

---

[5] Notably, Plaintiffs asked for information about any ESI that eBay contends is not readily available, but eBay has provided no substantive response and identified no such data.  Since eBay has not disclosed any such data, in its disclosures or discovery responses, it cannot rely on any evidence that the requested information is not readily available, as provided by Rule 37(c). The Court may therefore presume such information is readily accessible.

[6] The Requests and Interrogatories are broken down by type of fee, time period, and for Successful Listing Fees, by price point of the sale.  Consequently, there are several separate Requests and Interrogatories, which are set forth in their entirety in Exhibit F.   [Request nos. 26-33, 38-41, 52-53; Scott Interrogatory no. 1-3.]

---

**Request for Production No. 26:**

Documents sufficient to determine the total number of Parts and Accessories listings on eBay Motors for which You charged "Final Value Fees," "Transaction Services Fees," and/or "Successful List Fees" during the Class Period.

**Response to Request for Production No. 26:**

eBay specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this Request, and further objects to this Request on the ground that it exceeds the scope of class certification discovery and is unduly burdensome and overbroad.

**Request for Production No. 29:**

Documents sufficient to determine the total number of "Fixed Price" listings of Parts and Accessories on eBay Motors for which the item price was $50.01 to $1,000.00, and for which You charged "Final Value Fees," "Transaction Services Fees," and/or Successful Listing Fees" at any time during the period between the Fixed Price Listing Date and the Revised Fixed Price Listing Date.

**Response to Request for Production No. 29:**

eBay specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this Request, and further objects to this Request on the ground that it exceeds the scope of class certification discovery and is unduly burdensome and overbroad.

**Request for Production No. 38:**

Documents sufficient to determine the total amount of "Final Value Fees," "Transaction Services Fees," and/or "Successful Listing Fees" charged for listings of Parts and Accessories on eBay Motors that were posted during the period from April 21, 2005, to the Fixed Price Listing Date.

**Response to Request for Production No. 38:**

eBay specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this Request, and further objects tot his Request on the ground that it exceeds the scope of class certification discovery and is unduly burdensome and overbroad.


**Interrogatory No. 1:**

State the total number of Parts and Accessories listings on eBay Motors for which You charged "Final Value Fees," "Transaction Services Fees," and/or "Successful Listing Fees" during the Class Period and, of those listings, provide the following information:

    (a)    the number of listings from April 21, 2005 to the Fixed Price Listing Date;

    (b)    the number of "Fixed Price" listings between the Fixed Price Listing Date and the Revised Fixed Price Listing Date, further broken down as follows:

        (i)    The number of Fixed Price Parts and Accessories listings for

which the item price was from $.01 to $50.00;

(ii)     The number of Fixed Price Parts and Accessories listings for which the item price was from $50.01 to $1000.00;

(iii)    The number of Fixed Price Parts and Accessories listings for which the item price was $1000.01 or greater;

**Response to Interrogatory No. 1:**

eBay specifically incorporates the General responses and General objections set forth above to the extent applicable to this interrogatory, and further objects to this interrogatory on the ground that it exceeds the scope of class certification discovery and is overbroad and unduly burdensome.

[*See* Exs. A, D.][7]

The Transaction Data is relevant to numerosity, commonality, typicality, predominance and superiority.  For example, Transaction Data will reveal the types, frequency, and characteristics of the transactions and fees eBay charged the Class – and each class member - under the various applicable fee schedules during the Class Period.  *See, e.g., Hill v. Eddie Bauer*, 242 F.R.D. 556, 560-62 (C.D. Cal. 2007) (discovery of putative class members' time worked and break information related to commonality and was discoverable pre-certification); *Barnhart v. Safeway Stores, Inc.*, No. S-92-0803, 1992 U.S. Dist. LEXIS 22572, at *11 (E.D. Cal. Dec. 11, 1992)(discovery of origin of defendant's policies and procedures potentially relevant to both class and merits discovery to assess commonality and typicality).

The Transaction Data will also reveal the number of transactions for which users were charged the fees in dispute, going to numerosity, and also indicate how often overcharges occurred, going to commonality, typicality and predominance.  *See, e.g., Ho v. Ernst & Young*, LLP, No. C05-04867-JF, 2007 U.S. Dist. LEXIS 37700, at *3 (N.D. Cal. May 9, 2007)(allowing discovery of names and addresses of putative class members, noting discovery can be relevant to both merits and class issues); *Putnam v. Eli Lilly and Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007)(allowing discovery of class members' contact information to assess whether common questions of law or

fact exist and plaintiff's claims were typical to other putative class members); *see also In re Ins. Premium Local Tax Litig.*, Nos. 06-141-DLB, 2008 U.S. Dist. LEXIS 14516 (E.D. Ky. Feb. 25, 2008) (following *Ho* to permit discovery of information about putative class member's policies to assess, among other things, commonality and numerosity).   Moreover, Plaintiffs need to know the number of transactions, users, and amount of fees to assess the statistical significance of any subset of data eBay may provide.

The Transaction Data is also relevant to the typical size of the overcharge, bearing on whether the class action mechanism is appropriate to afford access for resolution of individually small claims of class members.  *See* Manual for Complex Litigation (Fourth) § 21.142, 262 (2004) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (stating that "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights," internal quotations and citations omitted).

In addition, the Scheduling Order requires the parties to provide an "update on the parties' class certification discovery as well as any settlement offers" by January 24, 2010.   [Doc. 42.] Settlement discussions are impossible without basic information on the potential size of the class and total amount of fees in dispute.  *See, e.g., Acosta v. Trans Union LLC*, 240 F.R.D. 564, 582-83 (C.D. Cal. 2007) (process leading to class settlement was flawed, in part, because of insufficient discovery, and proposed settlement was therefore rejected*); In re Xoma Corp. Sec. Lit.*, No. C-91-2252, 1992 U.S. Dist. LEXIS 10502, *4-5 (N.D. Cal. Jul. 10, 1992) (factor in approving settlement is whether settlement product of good faith negotiation).

Plaintiffs offered several compromises on the requested information, including sampling of data coupled with some answers to the interrogatories about the aggregate number of users,

---

[7] Plaintiffs also sought the total amounts eBay charged for Insertion Fees and Final Value Fees, as well as the number of transactions, for each of the foregoing categories, to which eBay lodged the same objection.  [Ex. A, D (Scot

transactions and fees at issue.  eBay has expressed a willingness to provide sample data, but will not disclose the class size, so that statistical significance of the sample set is impossible to assess.

The Transaction Data is relevant and should be produced, at least in statistically significant samples.

6. **Complaints Regarding Parts and Accessories Fees.**

eBay answered this Discovery as follows:

**Request for Production No. 49:**

All complaints You received during the Class Period regarding the calculation of fees for listings of eBay Motors Parts and Accessories.

**Response to Request for Production No. 49:**

eBay specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this Request, and further objects to this Request on the ground that it is vague, ambiguous and unintelligible in its use of the term "complaints." eBay further objects on the grounds that this Request exceeds the scope of class certification discovery and is unduly burdensome and overbroad in that it seeks to require eBay to review and categorize all communications between eBay and its over 88 million active users over a period of four years.

**Request for Production No. 50:**

All complaints or other communications You received during the Class Period asserting that fees charged for listings of Parts and Accessories on eBay Motors did not comply with the eBay Motors Fee Schedule.

**Response to Request for Production No. 50:**

eBay specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this Request, and further objects to this Request on the ground that it is vague, ambiguous and unintelligible in its use of the term "complaints."  eBay further objects on the grounds that this Request exceeds the scope of class certification discovery and it unduly burdensome and overbroad in that it seeks to require eBay to review and categorize all communications between eBay and its over 88 million active users over a period of four years.

[Ex. F.]  Evidence of complaints by other sellers about how eBay charged fees for Parts and Accessories goes to commonality, typicality and numerosity.  *See, e.g., Babbit v. Albertson's,* No. C-92-1883 SBA, 1992 U.S. Dist. LEXIS 19091, at *15-17 (N.D. Cal. Dec. 1, 1992) (other

---

Interrogatory nos. 2-3.)]

employees' complaints discoverable in discrimination class action); *accord*, *Jacobs v. Sea-Land Serv.*, No. C-76-2772, 1980 U.S. Dist. LEXIS, 11707 (N.D. Cal. February 22, 2980); *see also B & B Advisory Servs, L.L.C. v. Bombadier Aerospace Corp.*, No. 02-2695, 2003 U.S. Dist. LEXIS 15269, *24-25 (E.D. La. Aug. 22, 2003)(complaints regarding rounding of time in jet time share class action discoverable); *Hill v. Shell Oil Co.*, No. 98-5766, 2002 U.S. Dist. Lexis 13396, at *3 (N.D. Ill. Mar. 28, 2002) (customer complaints relevant to commodity). eBay does not dispute relevance, but complains that it is too hard to sift through its sellers' complaints to find data relevant to Parts and Accessories fees. [*See* Ex. D, Answer to Scott Int. No. 7.] eBay's excuse is not credible. eBay still refuses to produce documents reflecting what data it stores pertaining to Parts and Accessories listings (potentially including searchable comment and/or complaint fields), and how that data is stored and accessed. Its assertion that it cannot search its data is also contrary to its public statements about its meticulous review and use of that sellers' feedback. In particular, John Donahoe, eBay's CEO, has repeatedly said that eBay collects and considers all of the feedback its changes, however "large or small," generate from sellers as part of making business decisions, in part because seller depend on eBay to make all or part of their living.[8] eBay's newfound inability to pull that data in litigation is too convenient.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court compel eBay to produce documents and answer interrogatories as set forth above and modify the Scheduling Order to allow merits and class discovery to proceed simultaneously.

Dated:  December 17, 2009

---

[8]   *See, e.g.,* http://www.youtube.com/watch?v=rS2iMqMWM5A (Donahoe acknowledges that, for changes big or small, eBay can expect a lot of feedback and its job is to sift through what is said to make business decisions for the collective good of eBay's seller community); *see also* http://www.youtube.com/watch?v=-ttMsYGDxzU (Donahoe discussing sustainability issues, and also stating that eBay seeks input from its community of millions of sellers to get their feedback); http://www.youtube.com/watch?v=2Go0W01Zlag (Donahoe acknowledging that millions of eBay sellers depend on eBay for part or all of their living and that eBay celebrates feedback).

Respectfully submitted,


By: /s/ Keith R. Verges
    Keith R. Verges

Keith R. Verges
Parker D. Young
Raymond E. Walker
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone (214) 939-2017
Facsimile (214) 939-2090
*ADMITTED PRO HAC VICE*

Shawn T. Leuthold
Law Office of Shawn T. Leuthold
1671 The Alameda #303
San Jose, California  95126
Telephone: (408) 924-0132
Facsimile: (408) 924-0134

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for Defendant on several occasions for over three hours, and, although some progress was made, this matter is presented to the Court, especially in light of the February 2010 discovery deadline.

/s/ Keith R. Verges
Keith R. Verges

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record will be served with a copy of this document via the Court's CM/ECF system pursuant to the local rules of this Court, on this 17th day of December 2009.

/s/ Keith R. Verges
Keith R. Verges