UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| BRICE YINGLING DBA ALAMO AUTOSPORTS, ET AL., | ) ) ) | Case No. C 09-01733 JW (PVT) |
| Plaintiffs, | ) ) | **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL** |
| v. | ) ) | |
| EBAY, INC., | ) ) | **[Docket No. 50]** |
| Defendant. | ) ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiffs Brice Yingling dba Alamo Autosports and Andy Scott move to compel further discovery. (collectively "plaintiffs"). Defendant eBay, Inc. opposes the motion. On January 19, 2010, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, plaintiffs' motion to compel is granted.[1]

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

**BACKGROUND**

Plaintiffs bring this action, individually and on behalf of all other persons similarly situated, who may have paid certain disputed seller fees for sales of automotive parts and accessories on eBay Motor's website.  eBay Motors is wholly owned and operated by defendant eBay, Inc.  In sum, plaintiffs allege that they were required to pay fees from a fee schedule other than the one listed on eBay Motor's website for the following two time periods: (1) April 2005-September 2008; and (2) October 2008-April 2009.  (eBay Motor's "Successful Listing Fee" schedule).  Instead, plaintiffs allege that they were improperly charged fees from an alternative fee schedule located on the general eBay website.  (eBay, Inc's "Final Value Fees" schedule).

On October 2, 2009, the district court issued a scheduling order which bifurcated discovery into two phases: (1) class certification discovery to close on February 22, 2010; and (2) merits discovery thereafter.  Scheduling Order Re Class Certification dated October 2, 2009.  ("October 2, 2009 Scheduling Order").  Based on the parties' Joint Case Management Statement, the parties had agreed to bifurcate discovery in the above-captioned action.  Joint Case Management Statement filed September 18, 2009.  ("Joint CMC Statement").  *See* Docket No. 40.  However, plaintiffs "reserve[d] the right to seek discovery relief if the agreement in concept to bifurcation became problematic in practice."  Joint CMC Statement at 4.

On October 8, 2009, plaintiffs (together) served defendant eBay with document requests.  *See* Plaintiffs' Notice of Motion and Motion to Compel and to Modify Scheduling Order, Exh. C.  ("Mot.").  Additionally, each plaintiff served its (and his) own interrogatories on defendant eBay.  Mot., Exhs A and B.  Plaintiffs contend that defendant eBay improperly objected, at length, to the various discovery requests stating that the discovery sought is related to the merits of the action (and not to class certification), and therefore, was precluded by the October 2, 2009 Scheduling Order.  Plaintiffs contend that the two discovery issues are intertwined, and as a result, bifurcation into two phases is "unworkable" and inefficient here.

Defendant eBay opposes the motion in its entirety.  It asserts that the discovery sought by plaintiffs relates to the merits of the case, and not to class certification.  Specifically, plaintiffs seek discovery regarding "total class-wide damages, comprehensive data on the transactions of the putative class, and substantive communications between eBay and individual class

members." Opp. at 1.  As such, the discovery sought by plaintiffs runs afoul of the October 2, 2009 Scheduling Order.

## LEGAL STANDARD

Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  Indeed, "[a] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder.  Where relevance is in doubt . . .  The court should be permissive." *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 681 (N.D. Ca. 2006)(citing *Truswal Sys. Corp. v. Hydro-Air Engineering, Inc.,* 813 F.2d 1207, 1211-1212 (Fed. Cir. 1987).  Notwithstanding the above, discovery is subject to certain limitations and is not without "ultimate and necessary boundaries." *Id.* at 680 (citing *Pacific Gas and Elec., Co. v. Lynch,* 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002).

Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of the following:

(i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)   the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)  the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

"One or more members of a class may sue or be sued as representative parties on behalf of all members, only if:

(1)    the class is so numerous that joinder of all members is impracticable;

(2)    there are questions of law or fact common to the class;

(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class."

Fed. R. Civ. P. 23(a).  Certification of the class occurs after the court determines by order "whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A).  "An order that certifies a class action must define the class and the class claims, issues, or defenses, . . . ."  Fed. R. Civ. P. 23(c)(1)(B).

## DISCUSSION

### I.     Specific Discovery Sought By Plaintiffs

#### A.     Class Certification Contentions

Plaintiffs state that the discovery sought in this category includes Scott Interrogatory No. 5.  Specifically, Scott Interrogatory No. 5 is a contention interrogatory that seeks the legal and factual basis for defendant eBay's contention that "the Class cannot be properly certified for any reason."  Mot. at 11, Exh. A.  Plaintiffs argue that a response to the interrogatory is necessary to prepare for their motion for class certification.

Defendant eBay objects to the interrogatory on the grounds that it prematurely provides plaintiffs with an advance preview of its opposition to the expected motion for class certification.  Opp. at 10.  In support of its objection, defendant eBay cites *In re Priceline.com, Inc. Sec. Litig.,* 233 F.R.D. 82, 87 (D. Conn. 2005), which ruled that "[a] court may delay answers to any such opinion or contention interrogatories until 'after designated discovery has been completed or until a pre-trial conference or other later time.'"

In defendant eBay's answer, it denies, *inter alia,* in ¶¶ 23, 25 and 26 that the action can be maintained as a class action.  Defendant eBay, Inc's Answer to Plaintiffs' First Amended Class Action Complaint at 5.  *See* Docket No. 53.  Additionally, defendant eBay's sixth affirmative defense states that "[t]his action is not suitable for class action treatment under Federal Rule of Civil Procedure 23."  *Id.* at 10.  Here, the discovery sought relates to class certification.  And the contention interrogatory is proper.  Indeed, *In re Priceline.com, Inc. Sec. Litig.,* the court acknowledged that an interrogatory is not "necessarily objectionable" because it "involves an opinion or contention that relates to fact or the application of law to fact."  *Id.*

Accordingly, the information sought by the interrogatory no. 5 is proper and defendant eBay

ORDER, *page 4*

shall further respond to Scott Interrogatory No. 5.

To the extent that defendant eBay responds that it is unable to respond to the interrogatory because of ongoing discovery and investigation in the above-captioned action, it may so state.  *See, e.g.,* Fed. R. Civ. P. 33(a)(2)("[t]he court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

### B.    Web-Page Related Documents

Plaintiffs state that the discovery in this category includes document request nos. 7-12, 43-44 and Alamo Interrogatory No. 7.

Plaintiffs contend that documents relating to "eBay's policies and procedures [for] reviewing, approving, and publishing [web-page related documents, including the User Agreement, eBay Motors Fee Schedule, eBay.com Fee Schedule, Final Value Fee Page, Insertion Fee Page and Part and Accessories Page], as well as documentation of that process for each of the pages during the Class Period" pertain to class discovery issues such as commonality and predominance.  Mot. at 14.

In its responses to the document requests set forth above, defendant eBay objects, *inter alia,* on the grounds that the discovery sought exceeds the scope of class certification.  Mot. at 13.  Defendant eBay further points out that it has "produced current and historical versions of the web pages and fee schedules at issue in this case, spanning the entire class period."  Opp. at 4.  Additionally, defendant eBay has agreed to produce a Rule 30(b)(6) witness to testify regarding "procedures for evaluating, approving, and implementing changes to [] web pages" and has agreed to produce "responsive documents that set forth these procedures."  *Id.*

As a general matter, the discovery sought in this category may be relevant to issues of commonality and predominance.  And the discovery sought relates to the merits of the action.  Other courts have noted that "discovery can certainly be relevant both to class certification issues and to the merits."  *Ho v. Ernst & Young, LLP,* 2007 WL 1394007(N.D. Cal.).  *See also, Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 41 (N.D. Cal. 1990)("Discovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation.").  Accordingly, defendant eBay

1   shall produce documents responsive to the above-specified document requests and shall further

2   respond to Alamo Interrogatory No. 7.

3       **C.      Data Warehouse Materials**

4       Plaintiffs state that the discovery in this category includes document request nos. 52-53,

5   55 and Alamo Interrogatory No. 6.

6       At the hearing, plaintiffs withdrew the discovery requests in this category.  Plaintiffs state

7   that the parties have agreed to a further meet and confer on the discovery requests in this

8   category and expect a resolution amongst themselves.

9       **D.      Transaction Data**

10      Plaintiffs state that the discovery in this category includes document request nos. 26-33,

11  38-41, 52-53 and Scott Interrogatory Nos. 1-3.  Discovery in this category involves documents

12  and information relating to "the number of transactions and amount of Final Value Fees,

13  Transaction Services Fees, and Successful Listing Fees overall and by user."  Mot. at 18.

14      Plaintiffs contend that the discovery sought in this category are relevant to class

15  certification issues, including commonality, typicality, predominance and superiority.  Indeed,

16  plaintiffs state that the discovery is "critical" to their Rule 23 presentation.  Reply at 10.

17  Specifically, plaintiffs argue that the discovery sought is relevant to their superiority analysis,

18  which involves "assessing 'the class members' interests in controlling the prosecution or defense

19  of separate actions.'"  *Id.*  Plaintiffs also argue that the discovery sought is relevant in

20  determining "evidence of types, number and frequency of overcharges."  Reply at 11.  Finally,

21  plaintiffs note that "the average transaction size and number of transactions per user [is] relevant

22  to typicality."  *Id.*

23      For its part, defendant eBay asserts that discovery reflecting the total size and class-wide

24  damage calculations of the putative class is not relevant whatsoever to class certification.

25  Defendant eBay states that it has agreed to stipulate to numerosity and that plaintiffs' constant

26  reference to it as a justification for production of the documents is merely a "diversionary tactic."

27  Defendant eBay further states that it has offered to provide an additional sample of transactional

28  data, which plaintiffs have refused to discuss indicating that their true motive is "to get an

improper preview of the potential damages of the putative class, even before any class has been

certified."  Opp. at 8.

Here, the discovery sought includes overlap between the two categories of discovery. Because the discovery sought does relate to class certification, defendant eBay shall produce further documents responsive to these document requests.  The parties may meet and confer regarding the size of a proposed sample to assess typicality, commonality, superiority, manageability and predominance.

Defendant eBay shall further respond to Scott Interrogatory Nos. 1-3.

### E.     Complaints

Plaintiffs state that the discovery in this category includes document request nos. 49-50 and Scott Interrogatory No. 7.  These discovery requests relate to any complaints made by sellers to eBay regarding the calculation of fees and/or fees charged by eBay Motors for sales of parts and accessories.  Plaintiffs contend that the discovery sought relates class certification issues, including commonality, typicality and numerosity.

Defendant eBay asserts that the document requests are overly burdensome in that "[they] seek[] to require eBay to review and categorize all communications between eBay and its over 88 million active users over a period of four years."  Specifically, defendant eBay notes that "[t]he complaint data that plaintiffs seek resides within hundreds of millions of records related to user queries . . . . [and] eBay uses multiple proprietary systems to receive and store user inquiries (complaints or otherwise).  Opp. at 9.  Indeed, "[a] separate system for handling inquiries specific to eBay Motors or part and accessories listings does not exist."  *Id.*  Finally, defendant eBay states that it has agreed to produce a witness pursuant to Rule 30(b)(6) to testify about the "general categories of complaints that eBay has received from sellers over the course of the alleged class period."  Opp. at 8.

Here, the discovery sought is relevant and does relate to class certification.  And defendant eBay disputes neither.  Rather, defendant eBay contends that retrieval of such discovery is unduly burdensome.  In a declaration filed in support of eBay's opposition to the motion to compel, Matthew Donald Thomas, Senior Manager of eBay Motors Customer Support, confirms that "[a] separate system for handling inquiries specific to eBay Motors or parts and accessories listing does not exist."  Declaration of Matthew Donald Thomas, ¶ 4.

1  ("Thomas Decl.").  Mr. Thomas states that "[t]he user inquiry data that eBay received through
2  its proprietary systems during the purported class period encompasses hundred of millions of
3  records."  Thomas Decl., ¶ 7.  He further states that "[t]he data for each system is accessible by
4  customer support personnel on a user-specific basis through various proprietary eBay tools and
5  is stored within the Data Warehouse in various tables and fields."  Thomas Decl., ¶ 5.

6        Based on Mr. Thomas' declaration, the potential cache of responsive documents may be
7  significant.  However, Mr. Thomas neglects to state whether it is possible for eBay to formulate
8  search queries to search its multiple proprietary systems, thus narrowing the scope of responsive
9  documents.  Or whether proprietary eBay tools allow it to locate responsive documents.
10  Accordingly, defendant eBay has not met its burden.  *See* Fed. R. Civ. P. 26(b)(2)(B)("On
11  motion to compel discovery or for a protective order, the party from whom discovery is sought
12  must show that the information is not reasonably accessible because of undue burden or cost.").
13  The parties shall further meet and confer on defendant eBay's capabilities (or lack thereof) to
14  respond to the two document requests set forth above.  The parties shall meet and confer to
15  determine whether production of a sampling of responsive documents is appropriate.

16        Following the additional meet and confer by the parties, plaintiffs shall endeavor to
17  undertake the Rule 30(b)(6) deposition.  Plaintiffs' motion to compel document requests in this
18  category is granted subject to the requirements discussed above.

19        Defendant eBay shall further respond to Scott Interrogatory No. 7.

20  **II.    Modification of the October 2, 2009 Scheduling Order**

21        Plaintiffs further move to modify the October 2, 2009 Scheduling Order on the grounds
22  that bifurcation of discovery into two phases, including class certification and merits discovery,
23  is unworkable and inefficient.

24        The district court issued the October 2, 2009 Scheduling Order.  Accordingly, any
25  request for modification of that order should be made to the district court.[2]

26
27
28        [2]    On January 22, 2010, the parties filed a stipulation regarding briefing on plaintiffs'
   request for clarification or modification of the scheduling order re class certification.  *See* Docket
   No. 61.

1

**CONCLUSION**

2          For the foregoing reasons, plaintiffs' motion to compel is granted.  Defendant eBay shall

3   produce further documents and serve further interrogatory responses no later than February 10,

4   2010.

5          Any request to modify the October 2, 2009 Scheduling Order shall be made to the district

6   court.

7          IT IS SO ORDERED.

8   Dated:    January 29, 2010

9   _____
    PATRICIA V. TRUMBULL
10  United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28