UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRICE YINGLING DBA ALAMO AUTOSPORTS, ET AL.,<br><br>  Plaintiffs,<br>  v.<br><br>EBAY, INC.,<br><br>  Defendant. | Case No. C 09-01733 JW (PVT)<br><br>**ORDER GRANTING PLAINTIFFS' SECOND MOTION TO COMPEL**<br><br>[Docket No. 76] |

Plaintiffs Brice Yingling dba Alamo Autosports and Andy Scott move to compel further discovery. (collectively "plaintiffs"). Additionally, plaintiffs move for sanctions. Defendant eBay, Inc. opposes the motion. On March 2, 2010, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that plaintiffs' second motion to compel is granted.[1]

In plaintiffs' first motion to compel, they had sought discovery, *inter alia,* related to eBay's electronic Data Warehouse. *See* Plaintiffs' Notice of Motion and Motion to Compel and to Modify Scheduling Order filed on December 17, 2009. (Docket No. 50). At the January 19, 2010 hearing, however, the parties agreed to further meet and confer on the issue and the specific

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

discovery requests related thereon were withdrawn from the court's consideration. The parties' efforts to resolve their discovery disputes have proven unsuccessful. And plaintiffs now complain that defendant eBay "has not yet provided a sufficient description of its Data Warehouse or a sample of data [] [and] . . . eBay has continued its strategy of objecting to every single discovery request. Plaintiffs' Second Motion to Compel at 2. ("Mot."). This second motion to compel follows.[2] (Docket No. 76).

Plaintiffs' discovery requests relate to (1) how eBay stores and analyzes its data for transactions wherein class members were charged fees for sales of parts and accessories on eBay Motors during the class period; (2) any software or reports used to extract or manipulate that data; and (3) the data itself (though plaintiffs state that a sample may be satisfactory). Plaintiffs state that the discovery sought relates to class certification issues such as commonality, typicality, manageability, predominance and superiority.

Defendant eBay counters that, contrary to plaintiffs' accusations and penchant for hyperbole, it has produced significant and responsive discovery. *See, e.g.,* eBay, Inc.'s Opposition to Plaintiffs' Second Motion to Compel at 3. ("Opp.")(responsive discovery produced to date). Defendant eBay states that plaintiffs have "ample data-related materials for Plaintiffs to evaluate any necessary class certification issues." Opp. at 7. Specifically, defendant eBay notes that plaintiffs have a "sample of transactional data [which] spans the entire class period and is more than sufficient to show Plaintiffs what sort of information would be available for them to identify class members and calculate fees in the event a class is certified." *Id.*

Defendant eBay states that plaintiffs' requests for an additional sample of transactional data and eBay's proprietary "DDL" (Data Definition Language) source codes for the tables within eBay's Data Warehouse is not warranted. Nevertheless, defendant eBay states that it is willing to produce "an additional data sample to assess the average size and frequency of transactions for the proposed class members, in order to evaluate the typicality requirement of Rule 23." Opp. at 8.

---

[2] At the March 2, 2010 hearing, the parties advised that the remaining discovery issues in plaintiffs' second motion to compel have been resolved by the parties.

1  Notwithstanding the above, defendant eBay objects to production of its "DDL" source
2 codes for the tables.  First, defendant eBay has provided plaintiffs with data dictionaries.
3 Second, plaintiffs' request for the "DDL" source codes in order to "write a database query to
4 extract data to identify class members and determine the amount of fees at issue" relates to
5 merits discovery and has no bearing on class certification discovery.  *Id.*

6  The court finds that the discovery sought by plaintiffs is relevant to the class certification
7 issues discussed above.  The parties shall meet and confer on the scope of a sample of
8 transactional data which would be responsive to plaintiffs' discovery requests.  Additionally, the
9 parties shall meet and confer to determine whether production of the DDL source code is
10 necessary to further respond to plaintiffs' discovery requests.  In the event, the parties are unable
11 to agree on the scope of a responsive sample and production of the DDL source code, plaintiffs
12 may renew their motion as to these discovery requests.

13  IT IS FURTHER ORDERED that Plaintiffs' motion for sanctions is denied without
14 prejudice to a renewed motion.

15  Any motion for sanctions must be separately filed.  *See* Civ. L.R. 7-8.

16  IT IS SO ORDERED.

Dated:   March 10, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 3*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28