UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRICE YINGLING DBA ALAMO AUTOSPORTS, ET AL.,<br><br>            Plaintiffs,<br><br>    v.<br><br>EBAY, INC.,<br><br>            Defendants. | Case No.: C 09-01733 JW (PVT)<br><br>**ORDER DENYING AS MOOT PLAINTIFFS' MOTION TO EXCLUDE; ORDER DENYING PLAINTIFFS' MOTION TO COMPEL; AND ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS**<br><br>**[Docket No. 147]** |

      Plaintiffs Brice Yingling doing business as Alamo Autosports and Andy Scott move to exclude, compel, and for sanctions. (collectively "plaintiffs"). Defendant eBay, Inc. opposes the motion. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on June 15, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

      IT IS HEREBY ORDERED that plaintiffs' motion to exclude is denied as moot.[1]

      Plaintiffs move to exclude the following: (1) declarations of five putative class members

---

[1] The holdings of this court are limited to the facts and particular circumstances underlying the present motion.


proffered by defendant eBay in support of its opposition to plaintiffs' motion for class certification; and (2) certain electronic data relied upon by defendant eBay's expert named Famous Rhodes to formulate his conclusions. The motion for class certification is now pending before the district court, and plaintiffs have filed objections to the above-specified evidence. *See* Objections to Evidence in Support of Opposition to Plaintiffs' Motion for Class Certification. (Docket No. 150). A hearing on the motion is scheduled to be held on July 12, 2010. Unless the district court refers plaintiffs' objections to the above-specified evidence to this court, any determination as to the admissibility of certain evidence presented in support of, or in opposition to, a pending motion for class certification is properly before the district court. Accordingly, plaintiffs' motion to exclude is denied as moot.

IT IS FURTHER ORDERED that plaintiffs' motion to compel additional data-related discovery is denied.

Rule 16 states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The court considers the following factors:

> (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*citing Bleek v. Supervalu, Inc.,* 95 F.Supp.2d 1118, 1120 (D. Mont. 2000), *citing U.S. ex rel. Schumer v. Hughes Aircraft Co.,* 63 F.3d 1512, 1526 (9th Cir. 1995), *cert. granted in part,* 519 U.S. 926, *judgment vacated on other grounds,* 520 U.S. 939 (1997), *citing Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987). "Whether to reopen discovery rests in the court's sound discretion." *Id.* (*citing Bleek,* 95 F.Supp.2d at 1120, *citing U.S. ex rel. Schumer,* 63 F.3d at 1526).

Here, the district court bifurcated discovery into class certification and merits discovery. As noted above, the motion for class certification is pending before the district court and discovery related to class certification has closed. Therefore, plaintiffs must show good cause to re-open discovery.

Plaintiffs complain that defendant eBay's expert named Famous Rhodes reached certain conclusions based on electronic data that had not been previously provided to plaintiffs. Plaintiffs

allege that the electronic data relates to class certification issues, including typicality, adequacy, manageability, and superiority. Mot. at 1.

Defendant eBay counters that "Mr. Rhodes is a *percipient witness* who provided basic factual background for eBay's class certification opposition." Opp. at 16. (emphasis in original). "The supposed 'expert' opinions that Plaintiffs are complaining about consist of three sentences that simply identify two businesses that sell significant quantities of items on eBay." *Id.* Defendant eBay further states that various transactional data samples were provided to plaintiffs and they never claimed such samples were insufficient. *Id.*

Aside from noting that the electronic data used by Mr. Rhodes had not been previously provided to them, plaintiffs do not state whether such discovery had been requested prior to the discovery cut-off. Alternatively, it appears that plaintiffs instead move to exclude the electronic data relied upon by Mr. Rhodes in reaching his conclusions. Mot. at 1. Based on the above, plaintiffs have not shown good cause to re-open discovery on class certification. Accordingly, plaintiffs' motion to compel is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for sanctions is denied.[2]

Plaintiffs allege that defendant eBay misled certain putative class members regarding the nature of the above-captioned action and the specific claims in dispute. Mot. at 1. As a result, plaintiffs move to restrict defendant eBay's contacts with putative class members and require its counsel to obtain leave in advance of any further contact with putative class members. Alternatively, plaintiffs suggest that defendant eBay communicate with putative class members in writing and copy plaintiffs' counsel on any further correspondence.

Defendant eBay disputes that any conduct by its counsel was improper. It states that defendant "eBay and its counsel's communications with the declarants were entirely appropriate in all respects." Opp. at 11. Specifically, defendant eBay states as follows:

---

[2] Although certain sanctions, including exclusion of proffered evidence, is properly before the district court, plaintiffs' have also moved to admonish defense counsel that any further contact with putative class members be limited to written correspondence and copied to plaintiffs' counsel in order for them to monitor their communications with putative class members. Plaintiffs have styled this request as a sanctions motion. These issues have not been raised in plaintiffs' aforementioned objections pending before the district court and are addressed by this order.

> eBay first contacted the declarants through existing customer service representatives, who asked whether the sellers would be willing to discuss their experiences selling parts and accessories with eBay's counsel in connection with an ongoing litigation. In all cases, eBay advised the sellers they had no obligation to speak with counsel about the litigation and they would neither be prejudiced for declining or offered any benefits for agreeing to talk with counsel. In each case, the sellers expressly agreed to have further discussions with counsel about the case.
>
> During [eBay's counsel's] initial contacts with the declarants, [eBay's counsel] advised all sellers: (i) [eBay's counsel] represented eBay and no other parties in the case; (ii) [eBay's counsel] was contacting the sellers in connection with a class action lawsuit involving allegations eBay mischarged fees to sellers of parts and accessories (like the declarants); and (iii) the sellers had no obligation to discuss the case further. Moreover, counsel informed all sellers that their declarations would be used in connection with eBay's defense of litigation, and confirmed with each declarant that every word of their declarations was accurate before obtaining their final signatures.

*Id. See also,* Declarations of Whitty Somvichian, Bill Revene, Lissa Riggs, Steve Adams, and Benjamin F. Chapman.

None of the declarations by the five putative class members suggest any specific wrongdoing by defendant eBay or its counsel. *See, e.g., Gulf Oil Co., et al. v. Wesley P. Bernard,* 452 U.S. 89, 101 S. Ct. 2193 (1981)(clear record and specific findings reflecting a weighing of the need for a limitation and the potential interference with the parties needed); *Castaneda v. Burger King Corp., et al.,* 2009 WL 2382688 *5 (N.D. Cal.)(precertification ex parte contacts with putative plaintiffs permissible absent specific findings of deception, coercion or abuse). Moreover, defendant eBay has represented that its contacts with the declarants were proper, including identifying itself and counsel, the basis for the contact with the declarants, informing declarants that they were not required to speak with defendant eBay and its counsel, and providing information regarding the general nature of the action. Accordingly, plaintiffs' motion for sanctions is denied.

IT IS SO ORDERED.

Dated:   June 10, 2010

*(signature)*
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge