United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Bruce Yingling, et al., | NO. C 09-01733 JW |
| Plaintiffs, | **ORDER RE: STIPULATION REQUESTING CLARIFICATION OF SEALING ORDER, REQUEST TO EXTEND FILING DEADLINE** |
| v. | |
| eBay, Inc., | |
| Defendant. | |

Presently before the Court is the parties' Stipulation Requesting Clarification of the Court's May 28, 2010 Order re: Administrative Motion re: Filing Documents Under Seal.[1] The parties request clarification of whether the Court's May 28, 2010 Order (Docket Item No. 164) denied sealability of particular information and exhibits referenced in Plaintiffs' Motion for Class Certification. (Stipulation at 1.) The parties have filed a separate document detailing the information at issue.[2]

Pursuant to Civil Local Rule 79-5, no document may be filed under seal unless it is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. To constitute a trade secret, a document must contain some information that, if known, would allow a competitor an unfair advantage. B. Braun Med., Inc. v. Rogers, 163 Fed. App'x. 500, 505 (9th Cir. 2006). Moreover, a trade secret must be described with sufficient particularity to distinguish it from

---

[1] (hereafter, "Stipulation," Docket Item No. 170.)

[2] (See Joint Statement of Sealing Order Issues for Clarification, hereafter, "Statement," Docket Item No. 178.)

matters of general knowledge of those skilled in the trade.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

The Court finds that its May 28, 2010 Order did not specifically address the information at issue in the parties' Stipulation.  The information at issue is (1) Defendant's internal, proprietary data metrics for its Parts and Accessories category listings, (2) confidential seller survey responses, and (3) a detailed description of the tables and data fields used in Defendant's data warehouse, including definitions, data lexicons, and data field relationships used by the tables.  (Statement at 2-3.)  The Court finds that unlike the categories of information addressed in its May 28, 2010 Order, this information, if publicly disclosed, could give Defendant's competitors an unfair advantage and insight into Defendant's internal data metrics, data storage systems, and customer information. Thus, the Court finds that the information at issue is sealable.

Accordingly, the Court GRANTS the parties Stipulation and finds that the information at issue is sealable. In particular, as set forth in the parties' Statement, the following are sealable to the extent that they reference such information:

(1)  Page 5 of Plaintiffs' Motion for Class Certification.

(2)  Exhibits A6, A8, A9, C, and I to Plaintiffs' Appendix to their Motion for Class Certification.

On or before **July 6, 2010**, Plaintiffs shall file a revised redacted version of their Motion for Class Certification and their Appendix in support of the Motion.

Dated:  June 30, 2010

*James Ware*
JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Benjamin F Chapman bchapman@cooley.com
James M. Penning jpenning@cooley.com
Keith R Verges kverges@figdav.com
Michael Graham Rhodes rhodesmg@cooley.com
Parker D Young parker.young@figdav.com
Raymond Earl Walker ray.walker@figdav.com
Shawn Tenzing Leuthold leuthold@aol.com
Whitty Somvichian wsomvichian@cooley.com

**Dated:  June 30, 2010**               **Richard W. Wieking, Clerk**

                                        **By:    /s/ JW Chambers**
                                        **Elizabeth Garcia**
                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California