UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*IT IS SO ORDERED*
*Judge James Ware*

| | |
|---|---|
| BRICE YINGLING D/B/A ALAMO, | No. C 09 01733 JW (PVT) |
| Plaintiff, | **ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT** |
| v. | |
| AUTOSPORTS AND ANDY SCOTT, | |
| Defendant. | |

**ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT**

Upon review and consideration of the Joint Motion for Preliminary Approval and all exhibits and other evidence submitted in support thereof, including the Settlement Agreement dated December 10, 2010, executed by Plaintiffs, individually and on behalf of the Class (as defined therein), and on behalf of Defendant eBay Inc. ("Defendant" or "eBay"), it is hereby **ORDERED** as follows:

**PRELIMINARY APPROVAL OF SETTLEMENT**

1.  The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Final Fairness Hearing provided for below. The Court finds that the terms of the Settlement Agreement are sufficiently within the range of reasonableness such that notice of the proposed settlement should be given as provided in paragraph 2 of this Order.

2.  By January 14, 2011, the initial dissemination of e-mail notice shall be made to the Class in accordance with the Settlement Agreement and the notice program shall thereafter be executed as set forth in the Settlement Agreement.

3.  Non-substantive changes may be made to the E-Mail Notice by agreement of the Parties, without further order of this Court.

4. Prior to the Final Fairness Hearing, Class Counsel shall serve and file a sworn statement attesting to compliance with the provisions of paragraph 2 of this order.

5. The actions set forth in paragraph 2 of this Order are hereby found to be reasonably calculated to provide direct notice to Class Members and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Final Fairness Hearing to the persons affected by and/or entitled to participate in the settlement, in full compliance with all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

6. The Court approves the use of A.B. Data, Ltd. (the "Administrator") to act as the third-party administrator under the Settlement Agreement.

**MOTIONS FOR FINAL APPROVAL AND FOR APPROVAL OF PROPOSED PLAN OF ALLOCATION AND APPLICATION FOR ATTORNEYS' FEES**

7. No later than February 21, 2011, Class Counsel shall file a motion for final approval of the Settlement, which shall include their proposed plan of allocation of net settlement proceeds to the Class ("Distribution Plan").

8. No later than February 4, 2011, Class Counsel shall file their application for attorneys' fees and expenses and request for incentive awards to the Class Representatives ("Fee Application").

**THE FINAL FAIRNESS HEARING**

9. A hearing on final settlement approval (the "Final Fairness Hearing") is hereby scheduled to be held before the undersigned on March 28, 2011 at 9:00 a.m. in Courtroom 8, 4th Floor, at the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95133, to consider: (a) the fairness, reasonableness and adequacy of the proposed Settlement; (b) the dismissal of this Litigation with prejudice as to Defendant and the entry of final Judgment in the Litigation; (c) whether the Distribution Plan should be approved; (d) whether an award of attorneys' fees, costs and expenses should be made

to Class Counsel; and (e) whether an award of incentive fees should be made to the Class Representatives.

10. The Court directs that any person or entity who is a member of the Class and who wishes to exclude himself, herself, itself, or themselves from the Class shall, in writing, by letter postmarked on or before February 14, 2011, submit to the Administrator a signed request for exclusion that sets forth: **(a)** the name, current postal address, current telephone number, current email address and each eBay user I.D. utilized by the Class Member during the Class Period; and **(b)** a clear and unambiguous statement that such person or entity wishes to be excluded from the Class. Any person or entity who fails to timely and/or properly seek exclusion from the Class as provided herein, shall be deemed members of the Class for all purposes and shall be henceforth bound by all orders and/or judgments of this Court.

11. Any Class Member may appear at the Final Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the proposed settlement and the dismissal of the Litigation with prejudice as to Defendant and the entry of Judgment; provided, however, that no person shall be heard in opposition to such settlement, dismissal and/or entry of Judgment, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before February 14, 2011, such person: (a) files with the Clerk of the Court a notice of such person's intention to appear, with or without counsel, which contains the name, current postal address, current telephone number, current email address, and each eBay user I.D. utilized by the Class Member during the Class Period, as well as a statement that indicates the basis for such person's opposition (including but not limited to all arguments, citations, and evidence supporting the opposition) to the proposed settlement, the dismissal of claims and/or the entry of Judgment, and any documentation in support of such opposition, and (b) serves copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court upon both of the following counsel:

| | |
|---|---|
| Keith R. Verges<br>Figari & Davenport, LLP<br>901 Main St., Suite 3400<br>Dallas, Texas 75202 | Michael G. Rhodes<br>Cooley LLP<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800 |
| Class Counsel | Counsel for eBay Inc. |

12. Any opposition or objection to the Fee Application must be filed with the Court by no later than March 7, 2011. The objection must include the name, current postal address, current telephone number, current email address, and each eBay user I.D. utilized by the Class Member during the Class Period, as well as a statement that indicates the basis for such person's opposition (including but not limited to all arguments, citations, and evidence supporting the opposition) to the Fee Application, and any documentation in support of such opposition. The objection must also be served on Class Counsel and Counsel for eBay at the addresses set forth above.

13. It shall be the objector's responsibility to ensure receipt of any objection by the Court and either Class Counsel and/or Defendant's Counsel.

14. Responses to any objection or opposition to the proposed settlement shall be filed no later than March 7, 2011. Responses to any objection or opposition to the Fee Application shall be filed no later than March 11, 2011.

15. The date and time of the Final Fairness Hearing shall be set forth in the E-Mail Notice and Settlement Website, but shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court or on the Court's website at www.cand.uscourts.gov/.

**OTHER PROVISIONS**

16. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

17. The Court retains continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration, consummation and enforcement of this Agreement.

18. The Administrator shall administer the settlement so as to facilitate

administrative matters and the distribution of payments to the Class Members and cy pres recipients in accordance with the terms and conditions of the Settlement Agreement.

19. It shall be Defendant's responsibility to prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Class members reside, as specified in 28 U.S.C. § 1715. Class Counsel shall cooperate in the drafting of such notices and shall provide Defendant with any and all information in their possession necessary for the preparation of these notices.

20. In the event that the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of the Defendant and the Class Members.

21. All proceedings in the Litigation against the Defendant are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters Judgment as provided in the Settlement Agreement.

22. Plaintiffs and all members of the Class and any other person, representative, or entity acting on behalf of any members of the Class are, until the Fairness Hearing, barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as members of a class action or otherwise), any claim, lawsuit, arbitration, administrative, regulatory or other proceeding arising out of the Released Claims against any of the Released Persons. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the Litigation and to protect and effectuate the Court's review of the Settlement.

23. Nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant for any fault, wrongdoing, breach or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Class that their claims lack merit or that the relief

1 | requested in the operative Complaint in this Litigation is inappropriate, improper, or unavailable,
2 | or as a waiver by any party of any defenses or claims he, she, or it may have; nor shall this Order
3 | be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of
4 | any claim asserted in the Litigation or the defense to any Claim asserted in the Litigation.

IT IS SO ORDERED.

Dated: December 21, 2010

_____
JAMES WARE
United States District Judge