UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRICE YINGLING D/B/A ALAMO AUTOSPORTS and ANDY SCOTT,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY INC.,<br><br>Defendant. | No. C 09 01733 JW (PVT)<br><br>**FINAL ORDER AND JUDGMENT** |

This matter came before the Court for a Fairness Hearing on March 28, 2011, on the motion ("Motion") of Class Representatives Brice Yingling d/b/a Alamo Autosports and Andy Scott on behalf of the class certified by this Court on July 27, 2010 (Docket No. 185), for approval of the settlement ("Settlement") set forth in the settlement agreement dated December 10, 2010 (the "Settlement Agreement") (filed as part of Docket No. 202). Due and adequate notice having been given to the class, and the Court having considered all papers filed and proceedings had herein and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. As used in this Order the capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Class Members, and to consider and enter this Order.

3. The notice given to Class Members of the Settlement and related matters constitutes the best notice practicable under the circumstances and complies in all respects with the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

4. The Court has been advised of any objections to the Settlement and has given fair consideration to any such objections.

5. Class Representatives and Class Counsel on the one hand and Defense Counsel and Defendant on the other have conducted arm's length negotiations in good faith, which resulted in the proposed Settlement reflected in the Settlement Agreement.

6. The parties have submitted evidence demonstrating, and the Court finds, that Defendant has provided the notices as required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), and specified in 28 U.S.C. § 1715.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Settlement Agreement, finds that said Settlement is, in all respects, fair, reasonable, and adequate with respect to the Class, and directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Settlement Agreement. The Settlement Agreement is hereby incorporated by reference.

8. Each Plaintiff and each Class Member, and any other Person claiming (now or in the future), through or on behalf of any Plaintiff or Class Member, regardless of whether any such Plaintiff or Class Member ever seeks or obtains by any means any distribution from the Net Settlement Fund established pursuant to the Settlement Agreement, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims (including unknown claims) against the Releasees. Each Plaintiff and each Class Member also shall be deemed to have covenanted not to sue the Releasees with respect to all Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any Released Claim against the Releasees.

9. Those persons appearing on the list annexed hereto as Exhibit A have properly and timely requested exclusion from the Class, pursuant to the terms of this Court's Hearing Order, and are excluded from the Class, shall not be bound by this Final Order and Judgment, nor receive any benefit thereunder.

10. The Settlement shall not be deemed to constitute an admission or finding of liability or wrongdoing on the part of Defendant, or any of the Plaintiffs, Class Members, or Releasees.

11. The Distribution Plan described in the Settlement Agreement, the Motion, exhibits to the Motion, and related documents is adjudged to be fair, reasonable and adequate and is hereby approved. Except as required under the Settlement Agreement or unless this Judgment is stayed by a subsequent order of the Court, the pendency of any appeal from this Judgment shall not affect the completion of the Distribution Plan. Class Counsel and the Settlement Administrator are therefore directed to proceed with the Distribution Plan as soon as reasonably practicable after the date when this Judgment becomes Final as defined in the Settlement Agreement.

12. Class Counsel are hereby awarded (*i*) attorneys' fees in the amount of $7,500,000.00, and (*ii*) reimbursement of their reasonable documented expenses incurred in an amount not to exceed $160,000.00. Such amounts are to be paid to Class Counsel from the Settlement Fund within five (5) business days after the Effective Date, and in accordance with Paragraphs 3.15 – 3.17 of the Settlement Agreement. In the event of an appeal, the Settlement Administrator shall reserve an additional $25,000.00 in settlement funds to insure a source of repayment for out-of-pocket appellate expenses incurred by Class Counsel.

13. In making its award of attorneys' fees and reimbursement of expenses, in the amounts described in paragraph 12, above, the Court has considered and finds as follows:

    **a.** The Settlement has provided significant relief to the Class.

    **b.** The Settlement Notice was published to at least 2,524,469 putative Settlement Class members. Only 2 objections were filed against the terms of the proposed Settlement.

    **c.** Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy on behalf of Plaintiffs and the Class as a whole.

    **d.**    The Litigation involves complex factual and legal issues and, in the absence of Settlement, would involve further lengthy proceedings and uncertain resolution of such issues.

    **e.**    Had Settlement not been achieved, there would remain a significant risk that the Class may have recovered less or nothing from Defendants, and that any recovery would have been significantly delayed.

    **f.**    The amount of attorneys' fees and reimbursable expenses awarded to Class Counsel is fair and reasonable, given the number of attorney hours expended to achieve the Settlement on behalf of Plaintiffs and the Class as a whole, the associated litigation and financial risks involved, and the estimated value of the settlement benefits obtained for the Class, and the amount awarded is consistent with awards for similar work in similar cases.

**14.**    An incentive payment of $15,000.00, is hereby awarded to each of the Class Representatives in the Litigation: Brice Yingling d/b/a Alamo Autosports and Andy Scott. The Settlement Administrator shall pay $15,000.00 from the Settlement Fund to each of the specified individuals, in care of Class Counsel, within five (5) days after the Effective Date, and in accordance with Paragraph 3.19 of the Settlement Agreement.

**15.**    Subject to Court approval, any balance remaining in the Net Settlement Fund at the end of the Distribution Plan (whether by reason of uncashed checks or otherwise) shall be disbursed pro rata to Stanford Law School, Southern Methodist Law School, the University of Texas Law School, the National Consumer Law Center, and Archive.org.

**16.**    Defendant and the Releasees shall not be liable for any additional fees or expenses for Class Counsel or counsel of any Plaintiff or Class Member in connection with the Litigation, beyond those expressly provided in the Settlement Agreement.

**17.**    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

**18.**    Jurisdiction is reserved, without affecting the finality of this Final Order and Judgment, over:

  **a.** Effectuating the Settlement and the terms of the Settlement Agreement, including the payment of Class Counsel's attorneys' fees and reimbursement of expenses, including any interest accrued thereon;

  **b.** Supervising all aspects of the administration of the Settlement;

  **c.** Determining whether, in the event an appeal is taken from any aspect of this Final Order and Judgment, notice should be given at the appellant's expense to some or all Class Members apprising them of the pendency of the appeal and such other matters as the Court may order;

  **d.** Enforcing and administering the Settlement Agreement and the Settlement including any releases executed in connection therewith, and the provisions of this Final Order and Judgment;

  **e.** Adjudicating any disputes that arise under the Settlement Agreement; and

  **f.** Any other matters related or ancillary to the foregoing.

  19. This Judgment is a final judgment in the Litigation as to all claims among Defendant, on the one hand, and the Plaintiffs and all Class Members, on the other. By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order and Judgment shall be deemed a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Clerk shall close this file.

**Dated**: San Jose, California
    March 31, 2011

SO ORDERED, ADJUDGED AND DECREED

_____
THE HONORABLE JAMES WARE
UNITED STATES DISTRICT CHIEF JUDGE

# EXHIBIT A

## EXHIBIT A – List of Excluded Class Members

| | Name | eBay Customer Number |
|---|---|---|
| 1. | Robin Andre-Thomas | 91031732 |
| 2. | Ray Andrus | 3256956 |
| 3. | Albert H. Attee | 46511758 |
| 4. | Bryan Belcher | 6169544 |
| 5. | Bryan Belcher | 22673421 |
| 6. | Barbara J. Black / Schoolroom Collectibles | 71779234 |
| 7. | Benita Borton | 33024927 |
| 8. | Sara Burrington | 173202248 |
| 9. | Myron & Carol Clauzel | 97125953 |
| 10. | Josh Dahl | 97785570 |
| 11. | Jonathan Dinges | 16856423 |
| 12. | Sean Ervin | 139562457 |
| 13. | Justin Faggart | 43510739 |
| 14. | Matthew R. Farrington | 221222140 |
| 15. | David Ferrit | 220103034 |
| 16. | Teresa Gough | 79207775 |
| 17. | Joseph L Gugliotta Jr | 95326658 |
| 18. | Jasmin Guillen | 779360838 |
| 19. | Imogene S. Horsfield | 16980114 |
| 20. | Thomas P. Karnowka | 3232719 |
| 21. | Jay C. Keaton | 203809177 |

| | | |
|---|---|---|
| 22. | Brian Lent | 285703140 |
| 23. | Daniel R. Locke | 77086799 |
| 24. | David McQuality | 8892230 |
| 25. | Richard Mercure | 40274570 |
| 26. | Ryan Montague | 292048969 |
| 27. | Catherine J.S. Nadeau | 78834087 |
| 28. | Annette L. Neff | 16603583 |
| 29. | Charles R. Nichols | 889550049 |
| 30. | Ruth A. Norris | 47826430 |
| 31. | Timothy John Parkhurst | 35520498 |
| 32. | Greg M. Phillips | 56162762 |
| 33. | Brian J. Queiser | 37166309 |
| 34. | Mike Robinson / Crown Jewelry & Loan | 31016439 |
| 35. | Todd Schroder | 441812 |
| 36. | Tom Sharman | 14368350 |
| 37. | Barton L. Small | 54976013 |
| 38. | Kenny Tate | 162331309 |
| 39. | Kenny Tate | 531562 |
| 40. | Robert C. Westphall | 699627955 |
| 41. | M. Young | 85177821 |