Keith R. Verges
Parker D. Young
Raymond E. Walker
FIGARI & DAVENPORT, L.L.P.
901 Main Street, Suite 3400
Dallas, Texas 75202
TEL: (214) 939-2000
FAX: (214) 939-2090
*Admitted Pro Hac Vice*

Shawn T. Leuthold
LAW OFFICE OF SHAWN T. LEUTHOLD
1671 The Alameda #303
San Jose, California 95126
Telephone: (408) 924-0132
Facsimile: (408) 924-0134

Attorneys for Plaintiffs Brice Yingling
d/b/a Alamo Autosports and Andy Scott

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRICE YINGLING D/B/A ALAMO AUTOSPORTS AND ANDY SCOTT,<br><br>Plaintiffs,<br><br>V.<br><br>EBAY INC.,<br><br>Defendant. | Case No. C 09-01733-JW (PVT)<br><br>**NOTICE OF MOTION AND MOTION FOR APPEAL BOND PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 7**<br><br>Date: July 11, 2011<br>Time: 9:00 a.m.<br>Judge: Honorable James Ware |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Please take notice that on July 11, 2011, at 9:00 a.m., or on such other date as the Court directs[1], in Courtroom 5, 17th Floor of the United States District Court, Northern District of California, San Francisco Division, before the Honorable James Ware, Plaintiffs Brice Yingling d/b/a Alamo Autosports ("Alamo") and Andy Scott ("Scott") (collectively "Plaintiffs" or "Class Representatives"), on behalf of themselves and all those similarly situated, will move this Court for an Order requiring Objector Joseph Balla ("Balla") to post an appeal bond in the amount of $5,000 pursuant to Rule 7 of the Federal Rules of Appellate Procedure and the District Court's inherent power.

Plaintiffs make this motion based on the attached Memorandum of Points and Authorities in support of the Motion; the Court's file in this action; and such other argument or evidence as may be presented at or prior to the hearing on the Motion.

---

[1] Contemporaneously with this motion, Plaintiffs are filing an administrative motion requesting that the Court set an earlier date on which to consider Plaintiffs' motion for imposition of an appeal bond.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Federal Rule of Appellate Procedure 7, Plaintiffs and Class Counsel seek an Order requiring Balla and his counsel to post an appeal bond in the amount of $5,000 to protect the Plaintiffs and the Class from the risk that they will fail to pay the costs associated with an unsuccessful appeal. Justice will be served through the assessment of the requested bond because the bond will provide a reliable source from which the Settlement Class may efficiently and effectively recoup the expenses incurred due to this appeal.

### II. BACKGROUND

On March 31, 2011, the Court overruled Balla's objection and proceeded to enter its Final Judgment approving all aspects of the parties' settlement in this case and granting Class Counsel's request for attorney's fees, costs, and incentive awards to Plaintiffs. The Final Judgment was entered only after the Court held preliminary approval and final fairness hearings, in which all parties and objectors were given the opportunity to appear and address the Court.

Notably, neither Balla nor his counsel appeared at the final fairness hearing to present argument regarding Balla's objection, despite the fact that they filed a notice of intention to appear. Instead, Balla's counsel followed his typical strategy as a serial objector to class action settlements: file a "canned" objection to the settlement, ignore the final fairness hearing, and then immediately file a notice of appeal in a continuing effort to leverage a settlement from Class Counsel.[2] While there is little the Court or the parties can do at this stage to prevent Balla from pursuing his frivolous appeal, by requiring Balla to post an appropriate bond, the Court can at least insure that the Class

---

[2] Balla and his counsel are obviously unwilling to incur the significant financial liability that would arise from trying to supersede or stay the Court's final judgment. Accordingly, in accordance with the terms of the judgment and the Settlement Agreement, Class Counsel and the Settlement Administrator are proceeding with the distribution of the Settlement Fund despite Balla's attempted appeal. This motion therefore seeks a bond only with respect to the more limited costs of appeal recoverable under FED. R. APP. P. 39.

will have the ability to easily and quickly recoup the recoverable appellate costs that will be incurred as a result of the appeal.

### III. GOVERNING RULES AND STANDARD OF REVIEW

A district court "may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." FED. R. APP. P. 7. The purpose of an appeal bond is "to provide an appellee security for the payment of such costs as may be awarded to him in the event that the appellant is unsuccessful in his appeal." *Fleury v. Richemont North America, Inc.*, 2008 U.S. Dist. LEXIS 88166, at *18 (N.D. Cal. Oct. 21, 2008) (internal citations omitted).

While Federal Rule of Appellate Procedure 7 does not expressly provide a list of factors to consider in determining whether to require a bond, other Courts, including the United States District Court for the Northern District of California, have relied upon certain well accepted factors such as: (1) the appellant's financial ability to post a bond; (2) the merits of the appeal; and, (3) the risk that the appellant would not pay the appellee's costs if the appeal is unsuccessful. *Id.* at 19.

The Ninth Circuit has held that the "costs" referred to in Federal Rule of Appellate Procedure 7 include those costs identified in Federal Rule of Appellate Procedure 39(e): the preparation and transmission of the record; the reporter's transcript, if needed to determine the appeal; premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and, the fee for filing the notice of appeal. FED. R. APP. P. 39(e); *see Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). However, the Ninth Circuit held that the costs identified in Rule 39(e) are not necessarily the only costs available on appeal. *Azizian*, 499 F.3d at 958.

The questions of whether an appeal bond is necessary, and what amount of bond is appropriate, are left to the sound discretion of the court. *See* FED. R. APP. P. 7, 1979 advisory committee notes; *see also Fleury*, 2008 U.S. Dist. LEXIS 88166, at *18. The District Court's

findings and rulings on the amount of any appeal bond are subject to an abuse of discretion standard of review. *Azizian*, 499 F.3d at 955.

## IV. THE IMPOSITION OF AN APPEAL BOND IS WARRANTED

All three of the factors to be considered in determining whether to require a bond favor the imposition of an appeal bond.

### A. Balla Has Not Submitted Any Financial Information to Demonstrate He is Financially Unable to Post Bond

Nothing in the record before the Court suggests that the first factor -- the appellant's or his counsel's financial ability to post a bond -- poses an obstacle to the requested assessment of a bond. In *Fleury*, the District Court held this first factor weighs in favor of a bond if "there is no indication that [the objector] is financially unable to post bond." *See Fleury*, 2008 U.S. Dist. LEXIS 88166, at *22 (quoting *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, 2008 U.S. Dist. LEXIS 45726 (E.D. Mich. June 12, 2008)). To date, Objector Balla has submitted no financial information to demonstrate that he is financially unable to post a bond. To the contrary, while conferring about this motion, Balla's counsel verbally indicated that Balla has substantial net worth. Thus, this factor weighs in favor of the bond's imposition. *Id.*

### B. Objector Balla is Not Likely to Succeed on the Merits of his Appeal

The second factor, the appeal's lack of merit, also weighs in favor of imposition of a bond. As evidenced by the Court's findings in support of the Final Approval of the Class Action Settlement and Motion for Fees, the Objector's appeal is entirely without merit. A bond should be imposed if, after the Court has considered each of the objections, it finds them meritless and not likely to succeed on appeal. *See id.* at *23.

To now prevail on appeal, Balla would have to prove that the Court's decision constituted an abuse of discretion. *See, e.g., Azizian*, 499 F.3d at 955. The Court's thorough consideration of the issues raised by the objection demonstrates that there was no such abuse of discretion. The award

of attorneys' fees was approved by this Court only after lengthy and careful review. Furthermore, while Balla offered no new factual or legal arguments through the objections he raised [Balla Objection, Dkt. 212], the Court made findings that effectively addressed and overruled each of the concerns raised. [Final Approval Order, Dkt. 218, at 2-4.]

After careful analysis and review of the required factors, this Court finally approved the requested attorneys' fees and found them fair and reasonable. [Final Approval Order, Dkt. 218, at 4.] While Balla's objection (and, hence, his appeal) is premised on the argument that it is unreasonable to award attorneys' fees based on a percentage of the common fund recovered, the Ninth Circuit strongly supports the use of the common fund approach to Settlement. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989); *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). Furthermore, a percentage of the recovery calculation is the predominant method for determining attorneys' fees in the Ninth Circuit. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376-77 (9th Cir. 1993); *Paul, Johnson*, 886 F.2d at 272; *Six Mexican Farm Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Finally, the 25% awarded to Class Counsel comports with the "benchmark" percentage employed in the Ninth Circuit in cases of this type.

Simply put, there is absolutely no evidence that this Court's determination of the fee award in this case was arbitrary, capricious, or in any way an abuse of discretion. Because Balla's appeal is legally and factually unsupportable, it is highly improbable that the Ninth Circuit will grant any relief to Balla[3] as a result of the appeal. It is therefore appropriate for the Court to impose the reasonable bond requested.

---

[3] Indeed, assuming Balla continues to prosecute the appeal, Plaintiffs intend to seek relief from Balla and his counsel for a frivolous appeal.

**MOTION FOR APPEAL BOND**      PAGE 6
**CASE NO. C 09-01733-JW (PVT)**

### C. The Risk of Non-Payment

The third factor under Rule 7 is the risk that Balla will not pay Appellees' costs if the appeal is unsuccessful. Courts have found such a risk of non-payment in a variety of situations, including, for instance, where the objectors have failed to guarantee payment of costs that might be assessed against them. *See, e.g., Fleury*, 2008 U.S. Dist. LEXIS 88166, at *22 (imposing cost bond where objector resides outside the Ninth Circuit); *In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. LEXIS 27605, at *5 (S.D.N.Y. Mar. 5, 2010).

Balla, of course, has failed to offer any guarantee that he will pay any costs assessed against him due to the appeal, nor is there any evidence in the record of his true financial capabilities. Under the circumstances, there is at least some risk that Balla will not readily pay the appellate costs taxed against him after his appeal fails. Accordingly, Plaintiffs respectfully request that an appropriate bond securing payment of those costs be imposed.

## V. THE AMOUNT OF THE REQUESTED BOND IS APPROPRIATE

Plaintiffs respectfully request that this Court require Balla to post an appeal bond in the amount of $5,000 to ensure the Class's ability to recoup the costs of appeal. Plaintiffs expect the costs associated with the appellate record, court reporter transcriptions, and printing to be approximately $4,000 - $6,000. Moreover, in one of his other class action objections, Balla's counsel (after being paid off to withdraw his objection), requested that any further objectors be required to post a $40,000 appeal bond – an amount that dwarfs the bond sought from Balla in this case. *See* Exhibit A, attached hereto. Plaintiffs therefore request that the court set the amount of the appeal bond at the midpoint of the estimated appellate costs, *i.e.*, $5,000.

## VI. CONCLUSION

For the reasons set forth herein, the imposition of the requested appeals bond is justified and appropriate. Plaintiffs respectfully request that the Court exercise its complete discretion to impose a bond against Objector Balla in the amount of $5,000. Plaintiffs also seek such other and

further relief as this Court deems just, proper and equitable.

Dated: April 25, 2011.

Respectfully submitted,

By: /s/ Keith R. Verges
    Keith R. Verges

Keith R. Verges
Parker D. Young
Raymond E. Walker
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone: (214) 939-2017
Facsimile: (214) 939-2090
*ADMITTED PRO HAC VICE*

Shawn T. Leuthold
Law Office of Shawn T. Leuthold
1671 The Alameda #303
San Jose, California 95126
Telephone: (408) 924-0132
Facsimile: (408) 924-0134

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have properly registered with the court's electronic filing system will be served with a copy of this document via the Court's CM/ECF system pursuant to the local rules of this Court, on this 25th day of April 2011.

/s/ Keith R. Verges
Keith R. Verges