Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Janine R. Menhennet (SBN 163501)
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objector Joseph Balla

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| BRICE YINGLING D/B/A ALAMO AUTOSPORTS AND ANDY SCOTT,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY INC.,<br><br>Defendant. | Case No. 09-CV-01733-JW<br><br>**OPPOSITION OF OBJECTOR JOSEPH BALLA TO REQUEST FOR APPELLATE BOND**<br><br>Judge: Honorable James Ware |

Comes here now, Objector Joseph Balla in opposition to Class Counsel's Motion for Appeal Bond. Class Counsel claim that the requested amount is justified to cover the costs of their appeals but Objector asserts the amount requested, $5,000.00, is excessive and unsupported.

**INTRODUCTION**

Class Counsel's request for an appellate bond of $5,000.00 is inappropriate here because Class Counsel provide no factual support for their request, the relevant Ninth Circuit factors do not support the imposition of a bond, and, even if this Court chooses to impose an appeal bond, the costs will certainly not be $5,000.00. Class counsel base their request on an unverified assertion that this will be the value, but provides no support for this estimate. Counsel also assert that Appellant Mr. Balla is pursuing his

appeal on a frivolous basis. Contrarily, Mr. Balla's appeal is based on meritorious, properly appealable arguments, further discussed below.

Regardless of the foregoing arguments regarding the substance of Class Counsel's request, Mr. Balla is amenable to depositing $2,500.00 in class counsel's trust account to cover any potential costs incurred in the event the objector's appeal is not successful.

## I. IMPOSITION OF AN APPEAL BOND IS NOT MANDATORY UNDER FED. R. APP. P. 7.

Federal Rule of Appellate Procedure 7 states that the district court "may" grant an appeal bond at its own discretion in an amount to cover appellate costs. The language of the statute and case law indicate that the appropriateness of imposing an appeal bond on an Appellant in any dollar amount is within the sound discretion of the Court. Class Counsel cite to the *Fleury v. Richemont North America Inc.*, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008) to support their position that the Court should impose the requested Appeal Bond based on (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal. *Id.* at *7. The *Fleury* Court held that the purpose behind F.R.A.P. 7 is only to protect the amount of costs the appellee stands to have reimbursed, not to impose an independent penalty on the appellant. *Id.* at *6. (citing *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 960, 961 (9th Cir. 2007.) The Ninth Circuit has confirmed, in *Azizian*, that Rule 7 "authorizes a bond only to cover "costs' on appeal as expressly defined by rule or statute…The Ninth Circuit held the express language of Rule 7 which encompasses only "costs" must be given literal effect." (Citations omitted.) *Fleury*, 2008 WL 4680033 at *8.

In the instance the Court determines an appeal bond is warranted at all, the bond must be limited to expected costs on appeal, pursuant to Fed. R. App. P. 39(e). These costs are specifically limited to: the preparation and transmission of the record, the reporter's transcript, if needed to determine the

appeal, premiums paid for a supersedes bond or other bond to preserve rights pending appeal and the fee for filing the notice of appeal. The costs that are likely to be incurred will not include the premium paid for any bond and, thus, the only costs will pertain to preparation and transmission of the record, the reporter's transcript and the fee for filing the notice of appeal. Assuming arguendo that Appellant is not successful, these costs will certainly amount to less than the $2,500.00 Mr. Balla has agreed to offer.

**A. THE FLEURY FACTORS INDICATE AN APPEAL BOND IN UNNECESSARY IN THIS INSTANCE.**

**i. <u>The Financial Ability of the Appellant is a Neutral Factor.</u>**

The financial ability of the appellant is the first factor the Court may use to determine whether to impose an appeal bond. Generally speaking, an appellant's ability to pay an appeal bond weighs in favor of imposing one. The *Fleury* Court discussed this first factor and determined that circumstances of that appellant's financial status weighed neither positively nor negatively in its determination of whether to impose an appeal bond. The Court determined this based on the fact that there was no indication that the Appellant was unable to post a bond in the $1,000.00 to $5,000.00 dollar range.

The same is true in this matter. Appellant Joseph Balla is CEO of a highly respected commercial real estate brokerage firm in San Diego. He has been a recognized successful leader in San Diego's commercial real estate business for years. Thus, his financial ability to pay appeal costs should not be in question. Class counsel have offered no contrary evidence in this regard. Because Mr. Balla has the ability to pay the appeal bond, this factor is a neutral one according to the *Fleury* Court. *Fleury* 2008 WL 4680033, at *7.

**ii. <u>The Risk of Non-Payment is Nil.</u>**

The risk that an appellant will shirk his duty to pay costs after an unsuccessful appeal is also a factor that weighs in favor of the imposition of an appeal bond. The *Fleury* Court noted that, while there was no indication that the Appellant before it would not pay the appeal costs,

Appellant was also not a resident of California or of any state within the Ninth Circuit and that these factors weighed in favor of imposition of an appeal bond. *Id.* at *7.

These accompanying risk factors are not present in this instance. As stated previously, Appellant Balla is a highly respected and financially viable business-person in the San Diego area. Appellant is a long time resident of San Diego, California and is well-known as a commercial real estate broker in the area. There is literally no risk of non-payment and, thus, this factor should weigh against imposition of an appeal bond.

**iii. <u>This Appeal is Meritorious</u>.**

An appeal is frivolous "if the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad Co.,* 719 F.2d 1448, 1451 (9th Cir. 1983). The fact that there is a body of federal jurisprudence regarding attorney's fees shows reasonable persons may have differing opinions on this issue of reasonable attorney's fee awards. Even though the outcome of the Court's Order reflected the Court's inclination to agree with Class Counsel in their request for fees, Appellant's Objection is still well taken.

As an initial matter, Class counsel misquotes Appellant's objection in their moving papers. Certainly Appellant admits now, and admitted in his objection, that it is within the Court's discretion to utilize either the percentage of the fund or lodestar/multiplier method. (See Objection, Doc. 212, p. 3.) In fact, Appellant's Objection was based upon the fact that, given a review of the relevant factors of this case, the multiplier of 6.46 for Class Counsels' lodestar appears to be excessive, particularly given a detailed review of Counsels' billing records and expense report. The Objection was detailed and lengthy, and supported by factual details derived from Class Counsels' Motion for Fees and supporting documents. Because Appellant is pursuing this Appeal on legitimate, well-founded bases, this appeal is not frivolous and this prong also weighs against imposition of an appeal bond.

## II. EXHIBIT "A" TO THE MOVING PAPERS IS INADMISSIBLE AND IRRELEVANT.

Class Counsel's inclusion of an Order from a previous Objection by Mr. Palmer is wholly irrelevant to the determination of the matter before this Court. This Court can have no understanding of the facts supporting the outcome of the case cited to in Exhibit "A," and, frankly, that case is neither binding nor dispositive in the determination of this appeal bond motion. Thus, this Exhibit should be stricken from inclusion in the determination of this matter.[1]

This slanderous portrayal is completely irrelevant to the resolution of the issue before this Court. Fed. R. Evid. 403 articulates that evidence which is otherwise relevant is not be admissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The committee notes to this rule confirm that there are reasons why such information is not admissible as "[t]hese circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme. Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission. *Slough, Relevancy Unraveled*, 5 Kan. L. Rev. 1, 12-15 (1956); Trautman, *Logical or Legal Relevancy--A Conflict in Theory*, 5 Van. L. Rev. 385, 392 (1952); McCormick § 152, pp. 319-321." (1975 Committee Notes to Rule 403.)

This Exhibit may also have been offered in order to paint a negative picture of Counsel for Balla as one who has made such an appeal before. In that case, Fed. R. Evid. 404 also prohibits the

---

[1] Appellant Joseph Balla respectfully refers this Court to his **Exhibit "1,"** which is a summary of his evidentiary objections to Plaintiff's Exhibit "A" to their Motion (at Doc. 220) and a proposed order for the Court. Notably, the outcome of the case cited to by Plaintiff's counsel resulted in hundreds of thousands of dollars returned to the Class Members as a direct result of Mr. Palmer and his client, Ms. Munoz's involvement. Regardless, any reference to this case is irrelevant and meant only to confuse the issues in the specific matter before this Court. See Generally, *Stephen Yeagley v. Wells Fargo Company & Wells Fargo Bank, N.A.* 05-CV-03403.

introduction of this information to the extent that it is impermissible evidence of Mr. Palmer's character. This attempt to make a lawyer into a witness is absurd. Character evidence is almost never admitted within the realm of civil trials and certainly is misplaced with regard to Mr. Balla.

Committee notes to Rule 404 state "[t]he circumstantial use of character evidence is generally discouraged because it carries serious risks of prejudice, confusion and delay. See *Michelson v. United States*, 335 U.S. 469, 476 (1948)("The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice."). (2006 Committee Notes to Rule 404.) (*See Generally, U.S. v. DeMarco,* 407 F.Supp. 107 (C.D.Ca. 1975) where Judge did not permit testimony against credibility of opposing counsel.)

Slandering your opponent's lawyer may be some sort of gunslinger tactic used in Texas, but should have no place in this court; particularly where the target has worked diligently as objector's counsel and has won relief to class members in numerous cases with total value in excess of $100,000,000.00, sometimes to the chagrin of the class counsel who had long abandoned their true duty to their clients.

Thus, because this exhibit is unhelpful, irrelevant and potentially constitutes impermissible character evidence, it should not be considered in the Court's determination of the matter before it.

## III. CLASS COUNSEL PROVIDE NO SUPPORT FOR THE AMOUNT REQUESTED FOR ITS APPEAL BOND.

The foregoing factors, discussed in Section I.A, indicate that an appeal bond is unnecessary in this particular matter. However, even if the Court were to decide that an appeal bond should be imposed against Appellant Balla, Class Counsel has provided no support whatsoever to indicate that $5,000.00 is an appropriate value.

The Ninth Circuit decision in *Azizian* states that the costs recoverable under F.R.A.P. 7 shall be restricted to only those costs expressly provided for by statute. *Azizian* 499 F.3d at 958. That Court further held that the express language of Rule, which encompasses only "costs" must be given literal effect. *Id*. at 959. In their moving papers, Class Counsel state that they are only seeking a bond with respect to the "more limited costs of appeal recoverable under FED. R. APP. P. 39." (Motion for Appeal Bond, Doc. 220, p. 3, fn. 2.) These costs include only the preparation and transmission of the record, the reporter's transcript, if needed to determine the appeal, and the fee for filing the notice of appeal. Certainly, these costs will not exceed $2,500.00 in the event that this appeal is unsuccessful. Thus, to the extent this Court determines an appeal bond is necessary, it should only impose a bond for this amount.

## IV. CONCLUSION

Based on the foregoing and any such other arguments provided by Counsel at the hearing for this Motion, Appellant respectfully requests that the Court deny Class Counsels' Motion for an Appeal Bond in its entirety or, in the alternative, limit the bond to a reasonable sum of $2,500.00

Dated: May 23, 2011

LAW OFFICES OF DARRELL PALMER

By: _/s/ Darrell Palmer___________________
Darrell Palmer
Attorney for Objector Joseph Balla

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2011, I electronically filed the foregoing OPPOSITION OF OBJECTOR JOSEPH BALLA TO REQUEST FOR APPELLATE BOND with the Clerk of the Court of the United States District Court for the Southern District of California by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system, to wit:

Benjamin F Chapman bchapman@cooley.com, smiyajima@cooley.com

James M. Penning jpenning@cooley.com

Keith R Verges kverges@figdav.com, kknight@figdav.com

Michael Graham Rhodes rhodesmg@cooley.com, lopezre@cooley.com, moyespe@cooley.com

Parker D Young parker.young@figdav.com, kknight@figdav.com

Raymond Earl Walker ray.walker@figdav.com, diana.lawrence@figdav.com

Shawn Tenzing Leuthold leuthold@aol.com

Whitty Somvichian wsomvichian@cooley.com, kcooke@cooley.com, mpetersen@cooley.com, swarren@cooley.com

___/s/ Darrell Palmer____
Darrell Palmer
Attorney for Objector Joseph Balla