IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Bryce Yingling, et al., | NO. C 09-01733 JW |
|         Plaintiffs,<br>  v.<br>eBay, Inc.,<br>        Defendant. | **ORDER GRANTING MOTION FOR APPEAL BOND** |

Presently before the Court is Plaintiffs' Motion for Appeal Bond.[1] The Court finds it appropriate to take the Motion under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Plaintiffs' Motion.

**A.** **Background**

A detailed description of the background of this case can be found in the Court's previous Orders.[2] The Court reviews the procedural history as relevant to the present Motion.

On November 15, 2010, the parties informed the Court that they had reached an agreement in principle to settle this case. (See Docket Item No. 200.) On December 21, 2010, the Court issued an Order Preliminarily Approving the Class Settlement. (See Docket Item No. 210.) On February 4,

---

[1] (Notice of Motion and Motion for Appeal Bond Pursuant to Federal Rule of Appellate Procedure 7, hereafter, "Motion," Docket Item No. 220.)

[2] (See Order Granting in part and Denying in part Defendant's Motion to Dismiss, Docket Item No. 47; Order Granting Plaintiffs' Motion for Class Certification, Docket Item No. 185.)

2011, Plaintiffs filed their Motion for Attorney Fees.[3] On February 14, 2011, Objector Joseph Balla ("Objector Balla") filed an Objection to the Proposed Settlement.[4] On February 21, 2011, Plaintiffs filed their Motion for Final Approval of Class Settlement.[5] On March 28, 2011, the Court held a Final Fairness Hearing to consider Plaintiffs' Motion for Final Approval of Class Settlement and Plaintiffs' Motion for Attorney Fees. (See Docket Item No. 217.) On March 31, 2011, the Court issued an Order approving the Class Settlement and awarding Plaintiffs attorney fees.[6] On April 4, 2011, Objector Balla filed a Notice of Appeal of the Court's Final Order and Judgment. (See Docket Item No. 219.)

Presently before the Court is Plaintiffs' Motion for Appeal Bond.

**B.** **Standards**

Fed. R. App. P. 7 provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Azizian v. Federated Dept. Stores, Inc., 499 F.3d 950, 954-55 (9th. Cir. 2007) (citing Fed. R. App. P. 7). The purpose of the rule is to "protect[] . . . an appellee against the risk of nonpayment by an unsuccessful appellant." Fleury v. Richemont N. Am., Inc., No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (citations omitted). "[T]he question of the need for a bond, as well as its amount, are left in the discretion of the trial court." Id. (citing Fed. R. App. P. 7, 1979 advisory committee notes). When considering whether to require an appeal bond, district courts should take the following three factors into account: "(1) the appellant's financial ability to post a

---

[3] (See Notice of Motion and Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Class Representative Incentive Compensation Awards, and Memorandum of Points and Authorities in Support Thereof, Docket Item No. 211.)

[4] (See Objection of Joseph Balla to Proposed Settlement and Notice of Intent to Appear, Docket Item No. 212.)

[5] (See Notice of Motion and Motion for Order Finally Approving Class Action Settlement and Memorandum of Points and Authorities, Docket Item No. 213.)

[6] (See Final Order and Judgment, hereafter, "March 31 Order," Docket Item No. 218.)

2

1  bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; [and] (3)
2  the merits of the appeal." Id.

3  **C.  Discussion**

4  Plaintiffs move the Court to order Objector Balla to post an appeal bond in the amount of
5  $5,000, on the grounds that: (1) Objector Balla has not demonstrated that he is financially unable to
6  post a bond in that amount; (2) Objector Balla is not likely to succeed on the merits of his appeal;
7  and (3) there is some risk that Objector Balla will not pay the costs of the appeal if the appeal is
8  unsuccessful. (Motion at 5-7.) Objector Balla responds that: (1) he "has the ability to pay the
9  appeal bond"; (2) his appeal is meritorious; and (3) there is "literally no risk" that he will not pay for
10 the appeal, as he is a "highly respected and financially viable business-person [sic] in the San Diego
11 area."[7]

12 Here, the Court finds that Objector Balla should be required to post an appeal bond. First,
13 Objector Balla contends that he is the "CEO of a highly respected commercial real estate brokerage
14 firm in San Diego" and that he "has the ability to pay the appeal bond." (Opp'n at 3.) Thus, there is
15 no indication that Objector Balla is unable to post the appeal bond.[8] Second, in its March 31 Order,
16 the Court stated that it had "given fair consideration" to objections to Plaintiffs' fee application.
17 (March 31 Order at 2.) Because the Court has already considered Objector Balla's objections and
18 found them to be meritless,[9] the Court finds that Objector Balla is unlikely to succeed on the merits
19 of his appeal.[10]

---

[7] (Opposition of Objector Joseph Balla to Request for Appellate Bond at 3-4, hereafter, "Opp'n," Docket Item No. 225.)

[8] Where there is "no indication that [a] plaintiff is financially unable to post bond . . . this factor weighs in favor of a bond." Fleury, 2008 WL 4680033, at *6 (citation omitted).

[9] If an appellant's appeal lacks merit, this factor weighs in favor of a bond. Fleury, 2008 WL 4680033, at *8.

[10] In arriving at this conclusion about the merits of the appeal, the Court does not reach the question of whether Objector Balla's appeal is frivolous. See Azizian, 499 F.3d at 961 (explaining that it is the "prerogative" of the court of appeals to "make its own frivolousness determination") (citation omitted).

3

Accordingly, the Court GRANTS Plaintiffs' Motion for Appeal Bond.[11]

**D.    Conclusion**

The Court GRANTS Plaintiffs' Motion for Appeal Bond.  Objector Balla shall post a bond in the amount of $5,000 in order to proceed with his appeal.[12]

On or before **July 25, 2011**, Objector Balla shall post an appeal bond in the amount of $5,000.

Dated:  July 5, 2011

JAMES WARE
United States District Chief Judge

---

[11] The Court does not evaluate the third Fleury factor because neither party has presented evidence that there is any risk that Objector Balla will not pay for the costs of the appeal if it is unsuccessful. See Fleury, 2008 WL 4680033, at *7 (stating that if there is risk that an appellant will not pay an appellee's costs if the appellant loses his appeal, this factor weighs in favor of a bond).

[12] Plaintiffs contend that they expect the costs associated with the appeal "to be approximately $4,000 - $6,000." (Motion at 7.)  The Court finds an appeal bond in the amount of $5,000 to be appropriate. See, e.g., Fleury, 2008 WL 4680033, at *10 (requiring an appeal bond in the amount of $5,000).

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Benjamin F Chapman bchapman@cooley.com
James M. Penning jpenning@cooley.com
Joseph Darrell Palmer darrell.palmer@palmerlegalteam.com
Keith R Verges kverges@figdav.com
Michael Graham Rhodes rhodesmg@cooley.com
Parker D Young parker.young@figdav.com
Raymond Earl Walker ray.walker@figdav.com
Shawn Tenzing Leuthold leuthold@aol.com
Whitty Somvichian wsomvichian@cooley.com

**Dated: July 5, 2011**             **Richard W. Wieking, Clerk**

                                    **By:     /s/ JW Chambers
                                         Susan Imbriani
                                         Courtroom Deputy**